# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPH IMAD YAMMINE, Plaintiff. | § § § § | CASE NO. **4-23CV-1235-P** |
| v. | § § | |
| MICHAEL FERGUSON, ANSON FINANCIAL, INC., S&F FUNDING, LLC, and CHANY DEVELOPMENT, INC., Defendants | § § § § § § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE:

COMES NOW Joseph Yammine, Individually and d/b/a JW Construction, the Plaintiff in the above-styled and numbered case ("Plaintiff") and files this his *Complaint* (the "Complaint"), and in support thereof respectfully states as follows:

### PARTIES, DISCLOSURE, VENUE, AND JURISDICTION

1.      Plaintiff JOSEPH YAMMINE is an individual and resident of the State of Texas. Mr. Yammine is the 100% owner of JW CONSTRUCTION, an unincorporated Texas entity, and any equity in its properties after payment of its debts belongs to him as the owner of the company.

2.      Defendant Michael Ferguson is an individual who resides in Tarrant County, Texas.

3.      Defendant ANSON FINANCIAL, INC. is Texas corporation.

4.      Defendant S&F FUNDING, LLC is a Texas corporation.

5.      Defendant CHANY DEVELOPMENT, INC. is a Texas corporation.

6.     Plaintiff intends to conduct discovery under Level 2 of Texas Rules of Civil Procedure.

7.     Venue is appropriate in this Court pursuant to Texas Civil Practice & Remedies Code 15.035(b).

8.     The amount in controversy is in excess of $150,000.

## FACTUAL BACKGROUND

### Weaver Loan

9.     On or about September 21, 2010, JW Construction entered into a loan transaction with R.W. Weaver, Inc. ("Weaver") whereby JW Construction was supposed to borrow $150,000.00 from Weaver (the "Weaver Note"). The Weaver Note for that principal amount was secured by a Deed of Trust against several properties located in Fort Worth, Texas, including: 2621 and 2625 Prospect Avenue, 2704 Hanna Avenue, 2704 Holland, and 1301 Lagonda Avenue.

10.     On or about November 3, 2010, that Deed of Trust was recorded in the Real Property Records of Tarrant County, Texas as Instrument No. D210273210 and indicates Plaintiff's ownership of the aforementioned properties. A copy of that Deed of Trust is attached hereto and incorporated by reference as **Exhibit "A."**

11.     On or about July 1, 2014, JW Construction and Weaver entered into a Modification and Extension Agreement as evidenced by Instrument No. D215018185 recorded on January 28, 2015, in the Real Property Records of Tarrant County, Texas, and attached hereto and incorporated by reference as **Exhibit "B."**

12.     On or about September 30, 2015, Weaver assigned the Weaver Note as modified and Deed of Trust to Defendant Anson Financial, Inc. ("Anson") through a Transfer of Lien

2

recorded on October 1, 2015, in the Real Property Records of Tarrant County, Texas as Instrument No. D215222337. A copy of that Transfer of Lien is attached hereto and incorporated by reference as **Exhibit "C."**

<div align="center">

**Anson Loan**
</div>

13.     In a separate loan transaction, Plaintiff was borrowing funds from Defendant Anson on May 23, 2014 in the original principal amount of $129,155.91 (the "Anson Loan").

14.     That same day, on May 23, 2014, Anson assigned the Anson Loan and associated Deed of Trust to S&F Funding, LLC through a Transfer of Lien and an Amended Transfer of Lien recorded in the Real Property Records of Tarrant County, Texas as Instrument Nos. D218117474 and D218129923.

15.     Despite being dated May 23, 2014, these instruments were not recorded until May 31, 2018 and June 14, 2018, respectively. Copies of those instruments are attached hereto and incorporated by reference as Exhibit "D" and Exhibit "E." Notably, under this loan agreement, Defendant Anson, through its principal Michael Ferguson, was to have paid property taxes to the Tarrant County Tax Assessor in the loaned amount of $129,155.91 on behalf of Plaintiff. Upon information and belief, only $59,187.23 was actually paid.

<div align="center">

**S&F Loan**
</div>

16.     On or about May 23, 2014, a separate loan transaction between Plaintiff and Defendant S&F Funding, LLC ("S&F") was executed. Plaintiff was to borrow the original principal amount of $122,150.54 as evidenced by the Promissory Note (the "S&F Note"), and granted Defendant S&F a Deed of Trust on the property identified as 1701 Grand Avenue, Fort Worth Texas 76164. Copies of those instruments are attached hereto and incorporated by reference as **Exhibit "F"** and **Exhibit "G."**

**Foreclosure Sales**

17.    On or about February 9, 2021, Yammine received service of a foreclosure posting concerning the properties made subject of this suit. Defendant Anson allegedly foreclosed on those properties by Trustee's Deed dated March 2, 2021, recorded in the Real Property Records of Tarrant County, Texas as Instrument Nos. D221098529, D221098525, and D221098533. Defendants S&F Funding, Inc. and/or Chany Development, Inc., both of which are companies owned by Michael Ferguson, purchased the properties in question at the sales. Michael Ferguson appears as the Trustee on all relevant Deeds of Trust. Copies of those instruments are attached hereto and incorporated by reference as **Exhibit "H," Exhibit "I,"** and **Exhibit "J."**

18.    The Trustee's Deed, attached as **Exhibit "H"**, relates to the S&F Note and covers the property at 1701 Grand Avenue, Fort Worth, Texas 76164.

19.    The Notice of Acceleration included in **Exhibit "H"** and dated January 11, 2021, provided notice that the foreclosure sale was to occur on February 2, 2021. The Notice of Trustee's Sale for the Grand Avenue property dated January 11, 2021, stated the sale date was February 2, 2021. In fact, the sale did not occur until March 2, 2021. The Buyer of said property was S&F Funding, LLC.

20.    The Deed of Trust issued by Plaintiff on May 23, 2014 relating to the Grand Avenue property (entered in the Tarrant County Property Records as Instrument No. D214117543) specifically required that the Trustee will "give notice of the foreclosure sale as required by the Texas Property Code as then in effect." A copy of that Deed of Trust is attached hereto and incorporated by reference as **Exhibit "K."** Tex. Prop. Code § 51.002(c) requires a sale to "begin at the time stated in the notice of sale or not later than three hours after that time."

Here, the sale occurred one month after the noticed date in violation of the Texas Property Code, and of the Plaintiff's Deed of Trust.

21.    Tex. Prop. Code § 51.002(c) also applies to the properties that are the subject of **Exhibit "I"** (i.e. 1617 Clinton Avenue, Fort Worth, Texas 76164) and **Exhibit "J"** (i.e. 2621 Prospect Avenue, 2625 Prospect Avenue, 2704 Hanna Avenue, and 2704 Holland Avenue, Fort Worth, Texas 76164).

22.    Upon information and belief, each of the foreclosure sales was for an amount far less than the actual value of the properties being sold. The values of those properties is as follows:

    a.      1617 Clinton Avenue, Fort Worth, Texas 76164 – $230,700.00

    b.      1701 Grand Avenue, Fort Worth, Texas 76164 - $269,600.00

    c.      2621 Prospect Avenue, Fort Worth, Texas 76164 – $145,100.00

    d.      2625 Prospect Avenue, Fort Worth, Texas 76164 - $194,200.00

    e.      2704 Hanna Avenue, Fort Worth, Texas 76164 - $168,100.00

    f.      2704 Holland Avenue, Fort Worth, Texas 76164 - $154,600.00

**<u>Eviction Proceedings</u>**

23.    After the month-late foreclosure sales occurred on March 2, 2022, a Notice to Vacate was sent out on or about April 22, 2021. The buyers (i.e. Mike Ferguson's Defendant companies) tried to take possession of the properties. The only thing preventing such actions was this suit.

24.    Defendant Chany Development, Inc. is trying to evict Joseph Yammine from the properties that are the subject of this Adversary Proceeding. However, as explained infra, the sales are all invalid, fraudulent and for far less than the properties are worth.

25.     Further, on June 25, 2021, Anson filed the Chapter 11 bankruptcy case underlying the instant Adversary Proceedings. The Chapter 11 filings have failed to make it clear whether or not the subject properties or the related loans at issue belong to Anson. Also, the transfers described herein are not disclosed in the bankruptcy filings. The related entities trying to claim ownership of the properties are Mike Ferguson-owned Defendant entities and the value of the properties should have been part of the debtor's case – but is not. These transfers were all done to allow related non-debtor entities to keep the properties and their value away from the debtor's creditors in this case.

26.     Even though Michael Ferguson ("Ferguson") is the individual behind each of the Defendant companies, it is unclear what has happened to title to these properties. However, upon information and belief, Ferguson may have moved title from lender to lender through companies he owns which is evidenced by the various loans made by one company, then later foreclosed on by another company, and then later transferred to yet another company in connection with eviction proceedings against Plaintiff.

27.     Yammine and JW Construction claim that the Notices of Sale are defective on their face. Upon information and belief, the Notices of Sale provide dates that fail to correspond to the dates of the sales themselves. As such, Yammine and or JW Construction were the owners of the properties that are the subject of this case at the time the foreclosure sales occurred, and remain so to this day, as a result of the defective notices of sale. Additionally, the transfers of the properties between and among Ferguson and his various business entities in which he holds interests is troubling. Further, the loan amounts are not as stated because upon information and belief the amounts actually loaned are less than the face amounts of the notes. These foreclosure sales are believed to be for amounts far below the actual values of the properties being sold.

### Oral Agreement Regarding Forbearance

28.     Further, Ferguson on behalf of Anson and the other related Defendants and Yammine entered into an oral agreement that if Yammine tendered certain monies to Ferguson, Ferguson would cancel the foreclosure sales on the properties that are the subject of this case.

29.     On the morning of March 2, 2021, Yammine traveled to Ferguson's office prior to the commencement of the foreclosure sales and paid $5,000.00 to Ferguson, who accepted the payment. Despite this, Ferguson violated the oral agreement and proceeded with the foreclosure sales anyway with the purpose of wresting ownership from Yammine in several valuable properties. After commencement of the foreclosure sales, Ferguson then returned the payment tendered by Plaintiff.

30.     Upon Plaintiff's review of Anson Financial, Inc.'s balance sheet filed in its Chapter 11 bankruptcy case before this Court at Dkt. No. 20, Plaintiff noticed that it appears to claim equity in a loan related to one of the Plaintiff's properties located at 1617 Clinton Avenue, Fort Worth, Texas 76164 in the amount of $113,887.59 that it sold to Jentex Financial, Inc.. Upon information and belief, Plaintiff never executed any loan document in any such amount in relation to that property. Additionally, Plaintiff never received funds in any such amount, and is unsure as to why such amount appears on the Defendant Anson Financial, Inc.'s balance sheet in its bankruptcy case.

31.     The facts set forth herein are further supported by **Exhibits "O" through "T"** attached hereto and incorporated herein by this reference.

### CAUSES OF ACTION

### Breach of Contract

32.     The facts set forth above are incorporated herein for all purposes.

33.     Elements of breach of contract under Texas law are "(1) the existence of a valid contract; (2) performance or tendered performance by the Plaintiff; (3) breach of the contract by the Defendant; and (4) damages sustained by the Plaintiff because of the breach."[1] Here, Defendants breached several different contracts between and among them with the Plaintiff.

**Anson Loan and S&F Loan**

34.     First, the Plaintiff and Defendants had valid contracts through their recorded Deeds of Trust. A copy of the Deeds of Trust related to the Anson Loan and S&F Loan are attached hereto as **Exhibit "K"** and **Exhibit "M."**[1]

35.     Second, the Plaintiff performed his contractual obligations by tendering payments on the Notes to Defendants Anson and S&F through their principal, Michael Ferguson.

36.     Third, Defendants breached the Deeds of Trust. The Deeds of Trust, attached as **Exhibit "K,"** and **Exhibit "M"** specifically state that the Trustee is required to "give notice of the foreclosure sale as required by the Texas Property Code as then in effect" before any foreclosure may proceed. Tex. Prop. Code § 51.002(c) requires a sale to "begin at the time stated in the notice of sale or not later than three hours after that time." Trustee's Notices of Sale for the aforementioned properties indicate that the Trustee's Sale was to occur on February 2, 2021 at 10:00 a.m. or within three hours of this time. However, the Trustee waited one month, until March 2, 2021, to proceed with the sales of said properties in violation of the terms of the Deeds of Trust and the Texas Property Code as referenced supra. By failing to adhere to such terms, Defendants breached the Deeds of Trust as to all referenced properties identified as:

    a.     1701 Grand Avenue, Fort Worth, Texas 76164;

    b.     1617 Clinton Avenue, Fort Worth, Texas 76164;

---

[1] *Cunningham v. Dickey's Barbecue Rest., Inc. (In re Levenson Grp., Inc.)*, Nos. 18-34105-mvl7, 20-03027, 2022 Bankr. LEXIS 1142, at *16 (Bankr. N.D. Tex. 2022).

     c.     2621 Prospect Avenue, Fort Worth, Texas 76164;

     d.     2625 Prospect Avenue, Fort Worth, Texas 76164;

     e.     2704 Hanna Avenue, Fort Worth, Texas 76164;

     f.     2704 Holland Avenue, Fort Worth, Texas 76164.

37.     Defendant Anson further breached the agreement by failing to pay the property taxes asserted to be due and owing by Plaintiff to the Tarrant County Tax Assessor's Office on properties owned by Plaintiff. Records indicate that only $59,187.23 was actually tendered to the Tarrant County Tax Assessor for payment of property taxes. Copies of that Property Tax Loan and associated tax payment records are attached hereto as **Exhibit "L."** Plaintiff never received the balance of the amount borrowed, i.e. $69,968.68. By Defendant Anson agreeing to provide the full amount of the funds under the Anson Loan agreement, failing to do so (or to provide Plaintiff with the benefit thereof), then making demand for the full amount that was not tendered thereby causing actual damage to the Plaintiff, Defendant Anson breached the loan agreement.

38.     Finally, by the Defendants failing to adhere to the terms of the Deeds of Trust related to the Anson Loan and S&F Loan, and by failing to tender the actual amount borrowed by Plaintiff under the Anson Loan, Plaintiff suffered actual damages as a result of Defendants actions. Those damages amount to the aggregate value of the six (6) referenced properties (i..e. $1,162,300.00), the amount of monies not received under the Anson Loan (i.e. $69,968.68), and legal fees incurred to recover said properties in at least the amount of $25,000.00. These damages stem from the Plaintiff's loss of the referenced properties and the value of such properties, not receiving and being forced to pay monies on loan monies not received, and having to expend monies to recover said properties.

     a.     Further, on May 15, 2023, Mike Ferguson accepted payment to reinstate the note on behalf of Chany, S&F Funding, and Anson Financial. See **Exhibit U**.

     b.     Furthermore, the property located at 1617 Clinton was sold to Jentex before foreclosure. This is listed in Anson's bankruptcy filings. See **Exhibit Q**.

<div align="center"><b><u>Oral Contract</u></b></div>

39.     The facts set forth above are incorporated herein for all purposes.

40.     "[T]he elements of a valid contract are (1) an offer, (2) an acceptance, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of a contract with the intent that it be mutual and binding."[2] To determine whether an oral contract exists, "the court looks to the communications between the parties and to the acts and circumstances surrounding those communications."[3]

41.     As mentioned supra, Michael Ferguson, acting on behalf of Defendants, accepted Plaintiff's offer to forego all subject foreclosure sales in exchange for payment of $5,000.00 to be tendered by Plaintiff on the morning of March 2, 2021 prior to the commencement of the foreclosure sales. Both the Plaintiff and Defendants (through their principal, Michael Ferguson), had a meeting of the minds as to what was expected of each to carry out the terms of the agreement (i.e. payment in exchange for foregoing foreclosure sales), and both expressed an indication that such agreement was to be mutually binding. Plaintiff tendered the aforementioned payment. Michael Ferguson, on behalf of the Defendants, ostensibly accepted such payment. Then, with Plaintiff sitting in his office, Michael Ferguson, acting on behalf of the Defendants, proceeded with the foreclosure sales. After they had begun, Ferguson then returned the $5,000.00

---

[2] *Ali v. Merch. (In re Ali)*, Nos. 13-50724-CAG, 13-05083-CAG, 2015 Bankr. LEXIS 2443, at *96 (Bankr. W.D. Tex. 2015)
[3] *Id.*

payment to Plaintiff with no explanation, stated that he would not accept the payment, and told him that the foreclosure sales were already underway,

42.    Such actions constitute a breach of the oral agreement between Plaintiff and Michael Ferguson, principal of the Defendants. Such breach resulted in damages to the Plaintiff in the amount equal to the aggregate value of the foreclosed properties that are the subject of this complaint (i.e. $1,162,300.00).

43.    Due to Defendant Anson's failure to tender all funds owed under the aforementioned Property Tax Loan, Michael Ferguson's failure to cancel foreclosure sales of the reference property despite the oral agreement to do so and Plaintiff's tender of funds in consideration of said agreement, and by failing to adhere to foreclosure notice requirements articulated in Deeds of Trust on the referenced properties (as further stated in the Texas Property Code), Plaintiff has been injured by each of these individual breaches.

44.    As discussed above Plaintiff has been damaged by the sale of the properties at below market values.

45.    For the reasons of these numerous breaches and for failure to adhere to the provisions of Tex. Prop. Code § 51.002(c), the foreclosure sales should be set aside.

46.    Plaintiff has suffered damages for the foregoing breaches and such damages are for at least the following: Those damages amount to the aggregate value of the six (6) referenced properties (i..e. $1,162,300.00), the amount of monies not received under the Anson Loan (i.e. $69,968.68), and legal fees incurred to recover said properties in at least the amount of $25,000.00. These damages stem from the Plaintiff's loss of the referenced properties, not receiving and being forced to pay monies on loan monies not received, and having to expend monies to recover said properties.

11

**Conversion**

47.    The facts set forth above are incorporated herein for all purposes. "Under Texas law, conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another which is to the exclusion of, or inconsistent with, the owner's rights."[4]

48.    "To succeed on a conversion claim under Texas law, the plaintiff must prove that '(1) he legally possessed the property or was entitled to it; (2) the defendant wrongfully exercised dominion and control over the property, excluding the plaintiff; (3) the plaintiff demanded the property's return; and (4) the defendant refused.'"[5]

49.    First, Plaintiff legally possessed the property shown by the Trustee's Deeds recorded in the Tarrant County Property Records as Instrument Nos. D221098529, D221098525, and D221098533 (as seen in Exhibits "H," "I," and "J," respectively) issued by Michael Ferguson as Trustee. The conducted foreclosures show that Plaintiff was the "Grantor" (i.e. mortgagor) of these Deeds of Trust which indicated his ownership of said properties at the time such were granted. Defendants' current assertion that they were somehow owned by M&J Family Trust or Simona Barron by virtue of her bankruptcy schedules is unavailing and of no consequence. Further, it would make no sense for AFI Mortgage, S&F Funding, LLC, and Anson Financial, Inc. (the "Mortgagees" under all three referenced Deeds of Trust) to loan funds collateralized by property that they did not believe was owned by the Plaintiff, and which they now assert is or was owned by a different entity or person.

---

[4] *S & S Food Corp. v. Sherali (In re Sherali)*, 490 B.R. 104, 120 (Bankr. N.D. Tex. 2013) (citing *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 446 (Tex. 1971)).
[5] *In re Krisu Hosp., LLC*, No. 19-20347-rlj11, 2021 Bankr. LEXIS 788, at *17-18 (Bankr. N.D. Tex. 2021) (citing *U.S. v. Boardwalk Motor Sports, Ltd.*, 692 F.3d 378, 381 (5th Cir. 2012)).

50. Second, Defendants wrongfully converted to their own use and enjoyment by wrongfully taking title to same and excluding the Plaintiff. The properties at issue are described as follows:

    a.    1701 Grand Avenue, Fort Worth, Texas 76164;

    b.    1617 Clinton Avenue, Fort Worth, Texas 76164;

    c.    2621 Prospect Avenue, Fort Worth, Texas 76164;

    d.    2625 Prospect Avenue, Fort Worth, Texas 76164;

    e.    2704 Hanna Avenue, Fort Worth, Texas 76164;

    f.    2704 Holland Avenue, Fort Worth, Texas 76164.

51. After executing an oral agreement under which the Plaintiff tendered certain funds to cause Michael Ferguson, principal of the Defendants, to cancel the foreclosure sales, Ferguson proceeded with the foreclosure sales of said properties anyway despite the agreement and payment. By foreclosing on the referenced properties, Ferguson, and by extension the Defendants which transferred and/or assigned the properties between and among themselves, improperly exercised dominion and control over said properties.

    a.    Michael Ferguson never issued releases on properties after being paid in full through a title company. Specifically, on 2705 Holland Avenue, Ferguson sold the note to another lender even though the note had been paid in full.

52. The Plaintiff demanded the property's return by demanding rescission of the foreclosure sales, but Defendants through their principal, Michael Ferguson have refused to do so which satisfy the third and fourth elements herein.

53.     It is apparent that Defendants intend to keep properties (or sales proceeds thereof) with an aggregate value considerably higher than any funds that Plaintiff might owe Defendants, if any. As such, all the elements of conversion have been met.

54.     By their conduct, Defendants have directly and proximately caused Plaintiff to sustain actual damages, including the deprivation of the ownership of his properties. To the extent that Defendants, all under the direction of Michael Ferguson, have sold or accepted monetary payment for the real properties, Defendants have been unjustly enriched thereby.

55.     Those damages amount to the aggregate value of the six (6) referenced properties (i..e. $1,162,300.00), the amount of monies not received under the Anson Loan (i.e. $69,968.68), and legal fees incurred to recover said properties in at least the amount of $25,000.00. These damages stem from the Plaintiff's loss of the referenced properties, not receiving and being forced to pay monies on loan monies not received, and having to expend monies to recover said properties.

**Grand Avenue Property and Claims**

56.     Additionally, the property located at 1701 Grand Avenue, Fort Worth, Texas 76164, which the Plaintiff had uses as his personal residence, was damaged by fire on October 4, 2021. Plaintiff had made certain payments to Defendant Anson Financial, Inc. that were applied to escrow (i.e. taxes and insurance) on that property. Using those escrow payments, Defendant Anson had maintained an insurance policy on that property (Policy No. H115 21 016304 0000) in both its name and the name of the Plaintiff. Defendant Anson filed a claim for the damage (Claim No. CULL 21 0848). The amount of damage estimated by the Lloyds of London claims representative Kirby McCartney indicates that damages amounted to $25,166.47. A copy of the claim summary is attached hereto as Exhibit "N." According to Mr. McCartney, a

check made payable to both Anson Financial, Inc. and Borrower Joseph Yammine was tendered to Defendant Anson. Upon information and belief, Defendant Anson has deposited and kept all such funds for its own benefit, and has failed to provide any of the insurance proceeds to Plaintiff, who has made repairs to the property out of his own pocket. Despite Plaintiff's demands for reimbursement from the insurance proceeds received by Defendant Anson for repairs made at Plaintiff's expense, Defendant Anson has refused to respond to such demands and has failed to tender any of the insurance proceeds to Plaintiff.

57.    Defendant has breached his contract with Plaintiff on this property by failing to remit the insurance funds as agreed to, converting same to their own use and retaining same.

58.    Plaintiff has suffered damages in the amount of the wrongfully retained insurance proceeds. Further Plaintiff is entitled to his reasonable and necessary attorneys fees for recovering on this claim.

**<u>Wrongful Foreclosure Sales</u>**

59.    The facts set forth above are incorporated herein for all purposes.

60.    Defendants wrongfully foreclosed on the properties owned by Plaintiff described as follows:

a.    1701 Grand Avenue, Fort Worth, Texas 76164;

b.    1617 Clinton Avenue, Fort Worth, Texas 76164;

c.    2621 Prospect Avenue , Fort Worth, Texas 76164;

d.    2625 Prospect Avenue, Fort Worth, Texas 76164;

e.    2704 Hanna Avenue, Fort Worth, Texas 76164;

f.    2704 Holland Avenue, Fort Worth, Texas 76164.

61.    The elements of wrongful foreclosure claim in the State of Texas are "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price."[6]

62.    First, as mentioned heretofore, the Deeds of Trust relating to the foreclosure sales of the subject properties required that notice of any foreclosure sale was required to conform to the provisions of the Texas Property Code as then in effect. Tex. Prop. Code § 51.002(c) applies hereto and requires a sale to "begin at the time stated in the notice of sale or not later than three hours after that time." The Plaintiff received notice that the foreclosure sales were to occur on February 2, 2021. Instead, they occurred one month after the noticed date, on March 2, 2021, in violation of both the Texas Property Code, and of the Plaintiff's Deed of Trust.

63.    Second, upon information and belief, the subject properties were sold to Defendants at prices significantly below their aggregate value of $1,162,300.00.

64.    Third, because the foreclosure sales were improperly noticed, other parties that may have intended to bid on the subject properties, including the Plaintiff, had no opportunity to appear to tender such bids. Instead, the Defendants, who were aware of the actual date of the foreclosures, appeared to tender their bids, which unsurprisingly were successful. Upon information and belief, only the Defendants appeared to tender their bids which are further believed to have been well below the values of the properties.

65.    Given the foregoing, all three elements of a wrongful foreclosure were met.

66.    In addition to the foregoing, as mentioned supra, Plaintiff and Mike Ferguson, principal of the Defendants, entered into an oral agreement to forego the foreclosure sales upon Plaintiff's payment of monies in the amount of $5,000.00 on the morning of March 2, 2021 prior to commencement of the foreclosure sales. Despite Plaintiff's payment of the sum in question,

---

[6] *Charter Nat'l Bank-Houston v. Stevens,* 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989).

Ferguson proceeded with the foreclosure sales and caused one or more Defendants to foreclose on the aforementioned properties anyway. Due to the payment made, the foreclosure sales should never have proceeded. Only after the foreclosure sales had begun did Ferguson return the payment tendered by the Plaintiff.

67.    Additionally, to foreclose on any of the aforementioned properties, Defendants were required to adhere to the provisions of Tex. Prop. Code § 51.002(c) which requires a sale to "begin at the time stated in the notice of sale or not later than three hours after that time." As previously mentioned, Trustee's Notices of Sale relating to all of the aforementioned properties indicate that the Trustee's Sale of said properties was to occur on February 2, 2021, at 10:00 a.m. or within three hours of this time. However, the Trustee waited one month, until March 2, 2021, to proceed with the sales of said properties in violation of the terms requiring adherence to the provisions of the Texas Property Code as referenced supra. By failing to adhere to such terms, Defendants' foreclosure on said properties, as directed by Michael Ferguson, principal of all Defendants, was improperly performed.

68.    Furthermore, Defendants, as an assignee or assignees that assumed a note under a defective transfer document, have no legal authority to foreclose on the properties.

69.    The damages to the Plaintiff for the wrongful foreclosure are the aggregate amount of the value of the subject properties, i.e. $1,162,300.00, and legal fees incurred to recover said properties in at least the amount of $25,000.00.

**Texas Theft Liability Act Claims**

70.    Additionally, Defendants wrongful foreclosure against properties owned by the Plaintiff by unlawful appropriation of same constitutes a "theft" as that term is defined under the Texas Theft Liability Act ("TTLA") at Tex. Civ. Prac. & Rem Code § 134.002(2), and under Tex.

Penal Code § 31.03. "A person who commits theft is liable for the damages resulting from the theft." Tex. Civ. Prac. & Rem Code § 134.003(a). Recovery under the TTLA by one who has sustained damages may amount to the actual damages found by the trier of fact, and an additional amount not to $1,000.00 plus court costs and necessary reasonable attorney's fees. Tex. Civ. Prac. & Rem Code § 134.005.

71.    Defendants appropriated Plaintiff's properties with the intent to deprive the Plaintiff of them. Defendants did so without the Plaintiff's consent, and have refused to return the properties after Plaintiff demanded that they do so.

72.    Plaintiff has sustained damages as a direct and proximate result of Defendants' conduct described herein. As such, the Court should find the foreclosures on the subject properties to be wrongful.

73.    Those damages amount to the aggregate value of the six (6) referenced properties (i..e. $1,162,300.00), the amount of monies not received under the Anson Loan (i.e. $69,968.68), and legal fees incurred to recover said properties in at least the amount of $25,000.00. These damages stem from the Plaintiff's loss of the referenced properties, not receiving and being forced to pay monies on loan monies not received, and having to expend monies to recover said properties.

**Declaratory Judgment**

74.    In relation to Plaintiff's review of Anson Financial, Inc.'s balance sheet filed in its Chapter 11 bankruptcy case before this Court at Dkt. No. 20, Plaintiff has discovered that Anson appears to claim equity in a loan related to one of the Plaintiff's properties located at 1617 Clinton Avenue, Fort Worth, Texas 76164 in the amount of $113,887.59 that it supposedly sold to Jentex Financial, Inc. Upon information and belief, Plaintiff never executed any loan

document in any exact or similar amount in relation to that property. Additionally, Plaintiff never received funds in any such amount, and is unsure as to why such amount appears on the Defendant Anson Financial, Inc.'s balance sheet in its bankruptcy case. Finally, Defendant Anson has never produced documentation to Plaintiff of any such loan in that exact or any similar amount.

75.     Since it never executed a loan for any such amount, Plaintiff asserts that the Court should issue a Declaratory Judgment that Plaintiff should take the referenced property free and clear of any lien asserted on same.

## USURY

76.     A lender commits usury if it contracts for, charges, or receives interest greater than the maximum amount allowed by law.

77.     Defendant charged interest greater than the maximum amount allowed by law.

## CONCLUSION

78.     The original loan with R.W. Weaver was in the original principal amount of $150,000.00. See **Exhibit "C."** The Property Tax Loan from Defendant Anson to Plaintiff was in the amount of $129,155.91, but Plaintiff never received all of these funds, or the benefit therefrom, as indicated in Anson's payment of property taxes on various properties. See **Exhibit "L."** Plaintiff executed a third loan with S&F Funding in the original principal amount of $122,150.54. See **Exhibit "H."** These three notes in the aggregate original principal amount of $401,306.45 constitute the loans under which Defendants are foreclosing on all aforementioned properties owned by Plaintiff having an aggregate approximate value of $1,162,300.00 as determined by online searches of realty. Defendants or their principal, Michael Ferguson, has never provided Plaintiff with an accounting or payment history of monies tendered, and the dates

of such payments, so Plaintiff is unable to calculate the exact amount of monies owed to Defendant, if any.

79.    Defendant Anson Financial, Inc. has never turned over funds received for the insurance claim made on one of the properties damaged by fire (namely 1701 Grand Avenue, Fort Worth, Texas 76164) to ensure repairs on said property despite insurance payments being tendered to the order of both Defendant Anson and Plaintiff.

80.    By the Defendants' actions and those of their principal, Michael Ferguson, they worked to appropriate real property owned by the Plaintiff for their own benefit, (the value of which vastly exceeds the amounts owed, if any, on notes secured by said property), to deprive the Plaintiff of insurance payments intended to repair the aforementioned Plaintiff's residence, and to deprive the Plaintiff of funds borrowed but never received.

81.    Given the foregoing, and the previously presented facts of this case, the Court should find that the Plaintiff is the continuing owner of the six (6) identified properties due to the fact that the Defendants breached one or more contractual agreements (i.e. notes, deeds of trust, oral agreement to rescind foreclosure), converted said properties to their individual and/or collective benefit, and wrongfully foreclosed on said properties. As the owners of said property, the Court should find that the Plaintiff has standing to bring the aforementioned causes of action asserted, thus giving the Court subject matter jurisdiction to hear this case. Court should also find that the actions of the Defendants resulted in actual, concrete and particularized injury to damages to the Plaintiff.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court find:

- that Plaintiff has standing to bring this Complaint;

- that Plaintiff has demonstrated that it has endured actual, concrete, and particularized injuries resulting from the actions of the Defendants,

- that Defendants should be cited and appear herein for trial, and upon trial, that

  - Plaintiff be awarded a judgment for

    - All statutory and compensatory damages to which Plaintiff is entitled;

    - Recovery of the properties that are the subject of this Complaint to the extent that Plaintiff demonstrates that Defendants improperly foreclosed on same;

    - Recovery of the insurance proceeds intended for the repair of fire damage to the referenced property

    - All attorneys' fees, costs, and expenses of litigation;

    - All injunctive relief as may be allowed by law;

    - Declaratory judgment stating that Plaintiff should recover the property located at 1617 Clinton Avenue, Fort Worth, Texas 76164 free and clear of any lien that may exist as a result of Defendant Anson Financial, Inc.'s sale to Jentex Financial, Inc. of purported equity in a note in the amount $113,887.59;

    - Pre-judgment and post-judgment interest at the maximum rate allowed by law;

    - All such other and further relief, in law or equity, to which the Plaintiff may show himself justly entitled.

Dated: _____

Respectfully Submitted,

_____

Joseph Imad Yaminne
2705 Holland
Fort Worth, TX 76164
817-905-3422

**Electronically Recorded**      Tarrant County Texas
Official Public Records     11/3/2010 12:58 PM    D210273210

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY
REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY
INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR
RECORD IN THE PUBLIC RECORDS:  YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S
LICENSE NUMBER

## DEED OF TRUST

September 21, 2010

Grantor: JW Construction
Mailing Address: P.O. Box 4496, Fort Worth, Tarrant County, Texas, 76164

Beneficiary: R.W. Weaver, Inc., a Texas Corporation
Mailing Address: 6001 Wisen Avenue, Fort Worth, Tarrant County, Texas, 76133

Trustee: Glenn Weaver
Trustee's Mailing Address: 6001 Wisen Avenue, Fort Worth, Tarrant County, Texas, 76133

Note(s)
     Date:  September 21, 2010

     Amount: $150,000.00
     Maker: JW Construction
     Payee: R.W. Weaver, Inc., a Texas Corporation
     Final Maturity Date: September 21, 2030

     Terms of Payment (optional): as stated in Note.

Property (including any improvements):  See Exhibit "A"

Prior Lien(s) (including recording information): NONE

Other Exceptions to Conveyance and Warranty:

This conveyance is given and accepted subject to any and all restrictions, reservations, covenants, conditions,
rights-of-way, easements, municipal and other governmental zoning laws, regulations and ordinances, if any, of record in
said County, affecting the herein described property, taxes for the current year, which are assumed by Grantee.

For value received and to secure payment of the note, Grantor conveys the property to Trustee in trust.  Grantor
warrants and agrees to defend the title to the property.  If Grantor performs all the covenants and pays the note according
to its terms, this deed of trust shall have no further effect, and Beneficiary shall release it at Grantor's expense.

**Grantor's Obligations**

Grantor agrees to:
1. keep the property in good repair and condition;
2. pay all taxes and assessments on the property when due;
3. preserve the lien's priority as it is established in this deed of trust;
4. maintain, in a form acceptable to Beneficiary, an insurance policy that:
   a. covers all improvements for their full insurable value as determined when the
   policy is issued and renewed, unless Beneficiary approves a smaller amount in
   writing;
   b. contains an 80% coinsurance clause;
   c. provides fire and extended coverage, including windstorm coverage;
   d. protects Beneficiary with a standard mortgage clause;
   e. provides flood insurance at any time the property is in a flood hazard area; and
   f. contains such other coverage as Beneficiary may reasonably require;
5. comply at all times with the requirements of the 80% coinsurance clause;
6. deliver the insurance policy to Beneficiary and deliver renewals to Beneficiary at least
   ten days before expiration;
7. keep any buildings occupied as required by the insurance policy; and
8. if this is not a first lien, pay all prior lien notes that Grantor is personally liable to pay
   and abide by all prior lien instruments.

**Beneficiary's Rights**

1. Beneficiary may appoint in writing a substitute or successor trustee, succeeding to all rights and
   responsibilities of Trustee.
2. If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to
   all of the rights and liens of the holders of any debt so paid.



EXHIBIT "A"

3.   Beneficiary may apply any proceeds received under the insurance policy either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy.

4.   If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand at the place where the note is payable for any sums so paid, including attorney's fees, plus interest on those sums from the dates of payment at the rate stated in the note for matured, unpaid amounts. The sum to be reimbursed shall be secured by this deed of trust.

5.   If Grantor defaults on the note or fails to perform any of Grantor's obligations or if default occurs on a prior lien note or other instrument, and the default continues after Beneficiary gives Grantor notice of the default and the time within which it must be cured, as may be required by law or by written agreement, then Beneficiary may:

a.   declare the unpaid principal balance and earned interest on the note immediately due;

b.   request Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended; and

c.   purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

## Trustee's Duties

If requested by Beneficiary to foreclose this lien, Trustee shall:

1.   either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then amended;

2.   sell and convey all or part of the property to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to other exceptions to conveyance and warranty; and

3.   from the proceeds of the sale, pay, in this order:

a.   expenses of foreclosure, including a commission to Trustee of 5% of the bid;

b.   to Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

c.   any amounts required by law to be paid before payment to Grantor; and

d.   to Grantor, any balance.

## General Provisions

1.   If any of the property is sold under this deed of trust, Grantor shall immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2.   Recitals in any Trustee's deed conveying the property will be presumed to be true.

3.   Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4.   This lien shall remain superior to liens later created even if the time of payment of all or part of the note is extended or part of the property is released.

5.   If any portion of the note cannot be lawfully secured by this deed of trust, payments shall be applied first to discharge that portion.

6.   Grantor assigns to Beneficiary all sums payable to or received by Grantor from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property. After deducting any expenses incurred, including attorney's fees, Beneficiary may release any remaining sums to Grantor to apply such sums to reduce the note. Beneficiary shall not be liable for failure to collect or to exercise diligence in collecting any such sums.

7.   Grantor assigns to Beneficiary absolutely, not only as collateral, all present and future rent and other income and receipts from the property. Leases are not assigned. Grantor warrants the validity and enforceability of the assignment. Grantor may as Beneficiary's licensee collect rent and other income and receipts as long as Grantor is not in default under the note or this deed of trust. Grantor will apply all rent and other income and receipts to payment of the note and performance of this deed of trust, but if the rent and other income and receipts exceed the amount due under the note and deed of trust, Grantor may retain the excess. If Grantor defaults in payment of the note or performance of this deed of trust, Beneficiary may terminate Grantor's license to collect and then as Grantor's agent may rent the property if it is vacant and collect all rent and other income and receipts. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary shall apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Beneficiary's rights and remedies and then to Grantor's obligations under the note and this deed of trust in the order determined by Beneficiary. Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies. If Grantor becomes a voluntary or involuntary bankrupt, Beneficiary's filing a proof of claim in bankruptcy will be tantamount to the appointment of a receiver under Texas law.

8.   Interest on the debt secured by this deed of trust shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be cancelled

D215018185   1/28/2015 9:00 AM   PGS 4      Fee: $28.00      Submitter: SIMPLIFILE
Electronically Recorded by Tarrant County Clerk in Official Public Records *Mary Louise Garcia* Mary Louise Garcia

J. Michael Ferguson, P.C.
1210 Hall Johnson Road, Suite 100
Colleyville, Texas  76034
Phone (817)267-1008

**Notice of confidentiality rights: If you are a natural person, you may remove or strike any of the following information from this instrument before it is filed for record in the public records: your Social Security number or your driver's license number.**

## Modification and Extension Agreement

**Date:**                          July 1, 2014

**Holder of Note and Lien:**       R. W. Weaver, Inc.

**Holder's Mailing Address:**  6001 Wisen Ave., Fort Worth, Tx 76133
                               Tarrant County, Texas

**Obligor:**                       JW Construction

**Obligor's Mailing Address:** P.O. Box 4496, Fort Worth, Texas 76164

**Note**

   **Date:**                       September 21, 2010

   **Original principal amount:**   $150,000.00

   **Borrower:**                    JW Construction

   **Lender:**                      R. W. Weaver, Inc.,

**Unpaid Principal and Interest on Note:**   Current balance owed on the Note including
accrued interest and fees is $160,000.00

**Lien Documents:** [include recording information]
   One certain Deed of Trust dated September 21, 2010 in the original amount of $150,000.00 executed by JW Construction in favor of R. W. Weaver, Inc. and being recorded under Instrument No./Volume D210273210, Page (if any) , Deed Records, Tarrant County, Texas.

**Property** (including any improvements):
   See Exhibit A

**Partial Release of Lien:** Holder agrees to give a partial release anytime Obligor pays $30,000.00 to Holder.  Holder shall apply the $30,000.00 to the principal of the note on day received.

# EXHIBIT "B"

Modification and Extension Agreement                           Page 1 of 3

**Modified Terms:**

| | |
|---|---|
| Current Balance: | $160,000.00 |
| Principal & Interest: | $2,493.79 |
| **Total Monthly Payment:** | **$2,493.79** |
| **Next Payment Due:** | **8/1/2014** |
| Interest Rate: | 8.000% |
| Maturity Date: | 7/1/2021 |

The Note is secured by liens against the Property. Whether Obligor is primarily liable on the Note or not, Obligor nevertheless agrees to pay the Note and comply with the obligations expressed in the Lien Documents.

For value received, Obligor renews the Note and promises to pay to the order of Holder of Note and Lien, according to the Modified Terms, the Unpaid Principal and Interest on Note. All unpaid amounts are due by the Extended Maturity Date of Note. Obligor also extends the liens described in the Lien Documents.

The Note and the Lien Documents continue as written, except as provided in this agreement.

Obligor warrants to Holder of Note and Lien that the Note and the Lien Documents, as modified, are valid and enforceable and represents that they are not subject to rights of offset, rescission, or other claims.

When the context requires, singular nouns and pronouns include the plural.

JW Construction

By: _____
Joseph Yammine, President

Page 1 of 4

D215222337  10/1/2015 8:18 AM  PGS 4      Fee: $28.00      Submitter: SIMPLIFILE
Electronically Recorded by Tarrant County Clerk in Official Public Records  *Mary Louise Garcia* Mary Louise Garcia

**Notice of confidentiality rights: If you are a natural person, you may remove or strike any of the following information from this instrument before it is filed for record in the public records: your Social Security number or your driver's license number.**

### Transfer of Lien

Date:  9/30/2015

Holder of Note and Lien:      R. W. Weaver, Inc.

Holder's Mailing Address:      6001 Wlsen Ave.
                               Fort Worth, Texas 76133
                               Tarrant County, Texas

Transferee:          Anson Financial, Inc.

Transferee's Mailing Address:      1210 Hall Johnson Rd., Ste 100
                                   Colleyville, Tx 76034
                                   Tarrant County, Texas

Note

        Date:                    September 21, 2010
        Original principal amount:  $150,000.00
        Borrower(s):              J W Construction
        Lender:                  R. W. Weaver, Inc.

Note and Lien Are Described in the Following Documents:

        A Note and Deed of Trust dated September 21, 2010 and being recorded under
        Instrument Number D210273210, Deed of Trust Records, Tarrant County, Texas.

Property (including any improvements):

        See Exhibit "A"

Prior Lien(s):        Property Tax Liens

        For value received, Holder of Note and Lien transfers them to Transferee, warrants that
the Lien is valid against the Property.

        This transfer is without recourse on Holder of Note and Lien.

        Holder of Note and Lien expressly waives and releases all present and future rights to
establish or enforce the liens described in this instrument as security for payment of any future or
other indebtedness.

# EXHIBIT "C"

Transfer of Lien - Page 1 of 2

When the context requires, singular nouns and pronouns include the plural.

R. W. Weaver, Inc.

By _____
Glenn Weaver, Vice President

STATE OF TEXAS      §
                       §
COUNTY OF COLLIN    §

Sworn to on or before me on 9-30-2015 by Glenn Weaver, Vice President of R. W. Weaver, Inc., a Texas Corporation.



_____
Notary Public, State of Texas

After Recording, Return to:

Anson Financial, Inc.
1210 Hall Johnson Rd., Suite 100
Colleyville, Texas 76034

STATE OF TEXAS          §
                        §
COUNTY OF TARRANT       §

      Sworn to on or before me on July 1, 2014 by Joseph Yammine, President of JW Construction.



        JESSICA DORSETT
         Notary Public
        STATE OF TEXAS
    My Comm. Exp. April 15, 2015

Notary Public, State of Texas

After Recording, Return to:

J. Michael Ferguson, P.C.
Attorney at Law
1210 Hall Johnson Road, Suite 100
Colleyville, Texas  76034

Unofficial Copy

EXHIBIT "A"

Lots 2 and 3, Block 47, of Pruitt Subdivision of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 106, Page 90, of the Plat Records of Tarrant County, Texas; Commonly known as 2621 and 2625 Prospect Avenue

Lot 14, Block 43, of Rosen Heights, First Filing, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 106, Page 56, of the Plat Records of Tarrant County, Texas; Commonly known as 2704 Hanna Avenue

Being the West ½ of Lot 6, Block 46, of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 18, and Volume 308-D, Page 19, of the Plat Records of Tarrant County, Texas, Commonly known as 2704 Holland Street

Being the East ½ of Lot 6, Block 46, of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 18, and Volume 308-D, Page 19, of the Plat Records of Tarrant County, Texas; Commonly known as 2705 Holland Street

Lot 8, Block 37, of Factory Place Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 204-A, Page 100, of the Plat Records of Tarrant County, Texas; Commonly known as 3816 Valentine Street

Lot 1, Block 70, of North Fort Worth Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 149, of the Plat Records of Tarrant County, Texas; Commonly known as 1301 Lagonda Avenue

## ALLONGE TO NOTE

Pay to the Order of Anson Financial, Inc. without recourse.

Note:
>   **Date:** 09/21/2010
>   **Original Principal Amount:** $150,000.00
>   **Borrower:** J W Construction
>   **Lender:** R W Weaver, Inc.

R. W. Weaver, Inc.

By: _____

Glenn Weaver, Vice President

Dated: 9-30-2015

EXHIBIT "A"

Lots 2 and 3, Block 47, of Pruitt Subdivision of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 106, Page 90, of the Plat Records of Tarrant County, Texas; Commonly known as 2621 and 2625 Prospect Avenue

Lot 14, Block 43, of Rosen Heights, First Filing, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 106, Page 56, of the Plat Records of Tarrant County, Texas; Commonly known as 2704 Hanna Avenue

Being the West ½ of Lot 6, Block 46, of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 18, and Volume 308-D, Page 19, of the Plat Records of Tarrant County, Texas, Commonly known as 2704 Holland Street

Being the East ½ of Lot 6, Block 46, of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 18, and Volume 308-D, Page 19, of the Plat Records of Tarrant County, Texas, Commonly known as 2705 Holland Street

Lot 8, Block 37, of Factory Place Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 204-A, Page 100, of the Plat Records of Tarrant County; Texas; Commonly known as 3816 Valentine Street

Lot 1, Block 70, of North Fort Worth Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 149, of the Plat Records of Tarrant County, Texas; Commonly known as 1301 Lagonda Avenue

D218117474  5/31/2018 2:57 PM     PGS 4     Fee: $28.00     Submitter: SIMPLIFILE
Electronically Recorded by Tarrant County Clerk in Official Public Records     *Mary Louise Garcia* Mary Louise Garcia

**Notice of confidentiality rights: If you are a natural person, you may remove or strike any of the following information from this instrument before it is filed for record in the public records: your Social Security number or your driver's license number.**

### Transfer of Lien

Date:   05/23/2014

Holder of Note and Lien:     Anson Financial, Inc.; NMLS #281151

Holder's Mailing Address:   1210 Hall Johnson Rd., Suite 100, Colleyville, TX 76034

Transferee:     S & F Funding, LLC

Transferee's Mailing Address:  1210 HallJohnson Rd., Suite 100, Colleyville, TX 76034Note

> Date:     May 23, 2014
> Original principal amount:   $129,155.91
> Borrower(s):   Joseph Yammine, individually; Joseph Yammine d/b/a JW Construction; Wahid Yammine, individually, by Wally Yammine, POA.; Wahid Yammine d/b/a New Frontier Financial, by Wally Yammine, POA
> Lender:     Anson Financial, Inc.

Note and Lien Are Described in the Following Documents:

> A Note and Deed of Trust dated May 23, 2014 and being recorded under Deed of Trust Records, Tarrant County, Texas.

> Property (including any improvements): See Exhibit "A"

Prior Lien(s):     Property Tax Liens

For value received, Holder of Note and Lien transfers them to Transferee, warrants that the Lien is valid against the Property.

This transfer is without recourse on Holder of Note and Lien.

Holder of Note and Lien expressly waives and releases all present and future rights to establish or enforce the liens described in this instrument as security for payment of any future or other indebtedness.

# EXHIBIT "D"

Transfer of Lien - Page 1 of 2

When the context requires, singular nouns and pronouns include the plural.



Anson Financial, Inc.

By: _____
J. Michael Ferguson, President

STATE OF TEXAS §
§
COUNTY OF TARRANT §

    Sworn to on or before me on 05/23/2014 by J. Michael Ferguson, President of Anson Financial, Inc.,

JESSICA DORSETT
Notary Public
STATE OF TEXAS
My Comm. Exp. April 15, 2015

_____
Notary Public, State of Texas

After Recording, Return to:

Anson Financial, Inc.
1210 Hall Johnson Rd., Suite 100
Colleyville, Texas 76034

Exhibit "A"

| | Property Tax Account No. | Property Owner | Property Address | Property City | TAD Value | Taxes Paid To TCTAC | Tax Liens Refinanced |
|---|---|---|---|---|---|---|---|
| Tract 1 | 1080970 | Yammine, Imad | 1720 Me Curdy St. | Fort Worth | $1,000.00 | $4,224.12 | |
| | | | Legal Description: | Tract Three, BLOCK 5, LOTS 25 and 26, GRAHAM PARK ADDITION, Situated in the City of Fort Worth, Tarrant County, Texas, as shown by a deed of record in Volume 6099, Page 996, of the Deed Records of Tarrant County, Texas. | | | | |
| Tract 2 | 842982 | Yammine, Joseph | 1220 N Houston St. | Fort Worth | $9,000.00 | $3,324.46 | |
| | | | Legal Description: | BLK 103; LOT 14; MG ELLIS, an Addition to the City of Fort Worth, Tarrant County, Texas | | | | |
| Tract 3 | 833886 | Yammine, W Joseph | 729 NW 28th St. | Fort Worth | $88,276.00 | $12,326.72 | |
| | | | Legal Description: | MG Ellis Addition; Block 47; So PT 15-16 TR1 17 known as 729 NW 28th St., Fort Worth, Tarrant County, Texas | | | | |
| Tract 4 | 2269082 | JW Construction | 2625 Prospect Ave. | Fort Worth | $36,500.00 | $2,788.21 | $8,500.00 |
| | | | Legal Description: | Lot 3, Block 47, of Pruitt Subdivision of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 106, Page 90, of the Plat Records of Tarrant County, Texas. | | | | |
| Tract 5 | 2269074 | New Frontier Financial | 2621 Prospect Ave. | Fort Worth | $43,300.00 | $3,608.08 | $10,500.00 |
| | | | Legal Description: | Lot 2, Block 47, of Pruitt Subdivision of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 106, Page 90, of the Plat Records of Tarrant County, Texas | | | | |
| Tract 6 | 2853426 | Yammine, Wahid | 1017 8th Ave. | Fort Worth | $120,000.00 | $9,196.38 | |
| | | | Legal Description: | Lot 1, in Block 10, Southland Subdivision Field Welch Addition, an addition to the City of Fort Worth, Tarrant County, Texas; also known as 1017 8th Avenue, Fort Worth, Tarrant County, Texas. | | | | |
| Tract 7 | 4666127 | Yammine, Wahid | 811 NW 28th St. | Fort Worth | $2,439.00 | $1,175.27 | |
| | | | Legal Description: | Lot 11 and part lots 11 & 12, in Block 48, MG Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas; also known as 811 NW 28th Street, Fort Worth, Tarrant County, Texas. | | | | |
| Tract 8 | 833770 | New Frontier Financial | 2704 Holland St. | Fort Worth | $28,500.00 | $5,379.72 | |
| | | | Legal Description: | Lot 6 W 1/2 6; in Block 46; MG Ellis Addition an addition to the City of Fort Worth, Tarrant County Texas, also known as 2704 Holland Street, Fort Worth, Tarrant County, Texas | | | | |
| Tract 9 | 1904264 | New Frontier Financial | 1301 Luwanda Ave. | Fort Worth | $34,984.00 | $3,784.02 | $8,000.00 |
| | | | Legal Description: | Lot 1, Block 70, of North Fort Worth Addition, an addition the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 149, of the Plat Records of Tarrant county, Texas | | | | |
| Tract 10 | 832834 | Yammine, Joseph | 410 Cliff St. | Fort Worth | $47,800.00 | $5,953.51 | $4,081.49 |
| | | | Legal Description | BEING THE MIDDLE OF LOTS 13-15, BLOCK 37, OF M.G. ELLIS ADDITION, AN ADDITION TO THE CITY OF FORT WORTH, TARRANT COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 63, PAGE 18, OF THE PLAT RECORDS OF TARRANT COUNTY, TEXAS | | | | |

Joseph S. Yammine IABM
Wahid Yammine by Wally Yammine, POA IABM

Page 3 of 3

Exhibit "A"

| Tract 11 | 1897280 | New Frontier Financial | | 701 N. Main St. | Fort Worth | $82,570.00 | | $7,000.00 |

Legal Description.  Lots 43 through 48, of Block 27, in North Fort Worth Addition, an addition to the City of Fort Worth, Tarrant county, Texas, according to the plat thereof recorded in Volume 63, Page 149, Deed Records, Tarrant County, Texas.

| Tract 12 | 1897650 | New Frontier Financial | | 717 N. Main St. | Fort Worth | $82,741.00 | $2,348.93 | $10,902.17 |

Legal Description.  The North 15 Feet of Lot 9, All of Lots 10, 11, 38, and 39, Block 27, of North Forth Worth Addition, an Addition to the City of Fort Worth, Tarrant County, Texas, according to the Plat recorded in Vol. 63, Page 149, of the Plat Records of Tarrant County, Texas; and together with all of the alley abutting said lots in the center of Block 27, heretofore closed, vacated and abandoned.

| Tract 13 | 62046950 | Yammine, Joseph | | MEACHAM S UT #D 30I1 | Fort Worth | $400.00 | $11.01 |
| Tract 14 | 62191632 | Yammine, Joseph | | JACKSBORO # 1H FW_FWC | Fort Worth | $280.00 | $20.89 |
| Tract 15 | 62191640 | Yammine, Joseph | | JACKSBORO # 1H LW_FWC | Fort Worth | $10.80 | $0.73 |
| Tract 16 | 62327267 | Yammine, Joseph | | PAPPAJOHN # 2H FW_FWC | Fort Worth | $140.00 | $11.33 |
| Tract 17 | 62327275 | Yammine, Joseph | | PAPPAJOHN # 1H FW_FWC | Fort Worth | $140.00 | $11.72 |
| Tract 18 | 62327283 | Yammine, Joseph | | PAPPAJOHN # 2H CASFWC | Fort Worth | $40.00 | $3.81 |
| Tract 19 | 62327291 | Yammine, Joseph | | PAPPAJOHN # 1H CASFWC | Fort Worth | $40.00 | $3.81 |
| Tract 20 | 62956159 | Yammine, Joseph | | MEACHAM S UT #B 28I1 | Fort Worth | $220.00 | $7.05 |
| Tract 21 | 62956167 | Yammine, Joseph | | MEACHAM S UT #B 29I1 | Fort Worth | $410.00 | $13.14 |

| | Total Proposed TAD Value | Total Taxes Paid | Total Property Tax Lenders Paid |
|---|---|---|---|
| Total Debt Paid/Refinanced | $605,460.00 | $59,107.23 | $49,586.66 |
| | | 410 Cliff Purchase Price: | $13,000.00 |
| | | Total Loan Disbursement: | $121,773.89 |

In Addition, the following Tax Liens are being refinanced as part of this transaction and all liens set out below are being renewed and extended as follows:

1  Tax Lien dated December 27, 2011, in favor of Propel Financial Services, LLC, and being recorded under Instrument Number D212000647, Deed of Trust Records, Tarrant County, Texas

2  The Tax Lien dated April 30, 2011, in the original amount of $3,226.18 in favor of PropTax Answer, LLC, and being recorded under Instrument Number D211111173, Deed of Trust Records, Tarrant County, Texas.

Lastly, the Note and Deed of Trust represent $13,000.00 in cash advanced to Merle Yazbek for the purchase of 410 Cliff, Fort Worth, Texas.

Joseph P. Yammine Initial: _____
Wahid Yammine by Wally Yammine, POA Initial:  _____

Page 2 of 2

D218129923  6/14/2018 1:58 PM     PGS 4     Fee: $28.00     Submitter: SIMPLIFILE
Electronically Recorded by Tarrant County Clerk in Official Public Records     *Mary Louise Garcia*, Mary Louise Garcia

\*This document is being refiled to include the Instrument Number of the Deed of Trust and a more complete description of debt that was refinanced/renewed and extended.

## Amended
## Transfer of Lien

**Notice of confidentiality rights: If you are a natural person, you may remove or strike any or all of the following information from any instrument that transfers an interest in real property before it is filed for record in the public records: your Social Security number or your driver's license number.**

Date: Effective 5/23/2014

Holder of Note and Lien: Anson Financial, Inc.; NMLS #281151

Holder's Mailing Address: 62 Main Street, Suite 300, Colleyville, Texas 76034

Transferee:  S & F Funding, LLC

Transferee's Mailing Address:  62 Main Street, Suite 310, Colleyville, Texas 76034

Note

    Date: December:  May 23, 2014
    Original principal amount: $129,155.9?
    Borrower:  Joseph Yammine, Individually, Joseph Yammine d/b/a JW Construction,
            Wahid Yammine, Individually by Wally Yammine, POA, Wahid Yammine
            d/b/a New Frontier Financial by Wally Yammine, POA for Wahid Yammine.
    Lender: Anson Financial, Inc.

Note and Lien Are Described in the Following Documents: Deed of Trust filed of record under Instrument No. D214117546, Real Property Records of Tarrant County, Texas.

Property (including any improvements):

           See Exhibit "A"

Prior Lien(s):  None

    For value received, Holder of Note and Lien transfers them to Transferee, warrants that the lien is valid against the Property in the priority indicated, and represents that the unpaid principal and interest on the Note are correctly stated.

    This transfer is without recourse on Holder of Note and Lien.

    Holder of Note and Lien expressly waives and releases all present and future rights to establish or enforce the liens described in this instrument as security for payment of any future or other indebtedness.

    When the context requires, singular nouns and pronouns include the plural.

# EXHIBIT "E"

Anson Financial, Inc.

By: _____
J. Michael Ferguson, President

STATE OF TEXAS                    )

COUNTY OF TARRANT                 )

     This Instrument was acknowledged before me on June 7, 2018 by J. Michael Ferguson, President of Anson Financial, Inc., a Texas Corporation on behalf of and in capacity as set out herein.

```
┌──────────────────────────────────┐
│       AARON G. VRANA              │
│  Notary Public, State of Texas    │
│   Comm. Expires 02-07-2022        │
│      Notary ID 131441297          │
└──────────────────────────────────┘
```

Notary Public, State of Texas

AFTER RECORDING RETURN TO:

Anson Financial, Inc.
62 Main Street, Suite 310
Colleyville, Texas 76034

Unofficial Copy

Exhibit "A"

| | Property Tax Account No. | Property Owner | Property Address | Property City | TAD Value | Taxes Paid To TCTAC | Tax Lien Refinanced |
|---|---|---|---|---|---|---|---|
| Tract 1: | 1080970 | Yammine, Imad | 1720 Mc Curdy St. | Fort Worth | $1,000.00 | $4,724.12 | |
| | | Legal Description: | Tract Three, BLOCK 5, LOTS 25 and 26, GRAHAM PARK ADDITION, Situated in the City of Fort Worth, Tarrant County, Texas, as shown by a deed of record in Volume 6009, Page 996, of the Deed Records of Tarrant County, Texas. | | | | |
| Tract 2: | 842982 | Yammine, Joseph | 3720 N Houston St. | Fort Worth | $9,990.00 | $7,724.44 | |
| | | Legal Description: | BLK 103; LOT 11; MG ELLIS, an Addition to the City of Fort Worth, Tarrant County, Texas. | | | | |
| Tract 3: | 833886 | Yammine, W Joseph | 729 NW 28th St | Fort Worth | $88,276.00 | $12,536.72 Not Paid | |
| | | Legal Description: | MG Ellis Addition; Block 47, So PT 15-16 TR 17 known as 729 NW 28th St., Fort Worth, Tarrant County, Texas. | | | | |
| | Tax Payment Refunded by Tarrant County Tax Office due to Bankruptcy $12,536.72 | | | Refunded | | | |
| Tract 4: | 1269082 | JW Construction | 2625 Prospect Ave. | Fort Worth | $58,300.00 | $3,784.31 | $8,500.00 |
| | | Legal Description: | Lot 3, Block 47, of Prain Subdivision of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in under Volume 106, Page 90, of the Plat Records of Tarrant County, Texas. | | | | |
| | Renewal and Extension of prior lien included as follows for this Property: | | $8,500.00 was advanced to Propel Financial Services, LLC as the remaining balance then due for the property located at 2625 Prospect Ave. under Tax Account Number 1269082. Propel Financial Services, LLC Tax Lien Contract was executed by Joseph Yammine, Individually, Joseph Yammine, dba JW Construction & Demolition in favor of Propel Financial Services, LLC on December 27, 2011 and the Tax Lien Agreement was filed of record under Instrument No. D211000647, Real Property Records of Tarrant County, Texas. | | | | |
| Tract 5: | 1269074 | New Frontier Financial | 2621 Prospect Ave. | Fort Worth | $43,100.00 | $3,608.68 Not Paid | $10,500.00 |
| | | Legal Description: | Lot 2, Block 47, of Prain Subdivision of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in under Volume 106, Page 90, of the Plat Records of Tarrant County, Texas. | | | | |
| | Renewal and Extension of prior lien included as follows for this Property: | | $10,500.00 was advanced to Propel Financial Services, LLC as the remaining balance then due for the property located at 2621 Prospect Ave. under Tax Account Number 1269074. Propel Financial Services, LLC Tax Lien Contract was executed by Joseph Yammine, Individually, Joseph Yammine, dba JW Construction & Demolition in favor of Propel Financial Services, LLC on December 27, 2011 and the Tax Lien Agreement was filed of record under Instrument No. D211000647, Real Property Records of Tarrant County, Texas. | | | | |
| | Tax Payment Refunded by Tarrant County Tax Office due to Bankruptcy $3,608.68 | | | Refunded | | | |
| Tract 6: | 2033476 | Yammine, Wahid | 1017 8th Ave. | Fort Worth | $120,000.00 | $9,396.38 Not Paid | |
| | | Legal Description: | Lot 11, in Block 10, Southland Subdivision Field Webb Addition, an addition to the City of Fort Worth, Tarrant County, Texas, also known as 1017 8th Avenue, Fort Worth, Tarrant County, Texas. | | | | |
| | Tax Payment Refunded by Tarrant County Tax Office due to Bankruptcy $9,396.38 | | | Refunded | | | |
| Tract 7: | 1628497 | Yammine, Wahid | 811 NW 28th St. | Fort Worth | $2,430.00 | $1,375.37 Not Paid | |
| | | Legal Description: | Lot 11 and part lots 18 & 17, in Block 48, MG Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas; also known as 811 NW 28th Street, Fort Worth, Tarrant County, Texas. | | | | |
| | Tax Payment Refunded by Tarrant County Tax Office due to Bankruptcy $1,375.37 | | | Refunded | | | |
| Tract 8: | 833770 | New Frontier Financial | 2704 Holland St. | Fort Worth | $21,300.00 | $5,378.73 Not Paid | |
| | | Legal Description: | Lot 6 W 1/2 6, in Block 46, MG Ellis Addition an addition to the City of Fort Worth, Tarrant County Texas; also known as 2704 Holland Street, Fort Worth, Tarrant County, Texas. | | | | |
| | Tax Payment Refunded by Tarrant County Tax Office due to Bankruptcy $5,378.73 | | | Refunded | | | |
| Tract 9: | 1904264 | New Frontier Financial | 1301 Lacosda Ave. | Fort Worth | $14,284.00 | $2,784.02 Not Paid | $8,000.00 |
| | | Legal Description: | Lot 1, Block 70, of North Fort Worth Addition, an addition the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in under Volume 63, Page 149, of the Plat Records of Tarrant county, Texas. | | | | |

Exhibit "A"

| Renewal and Extension of prior lien included as follows for this Property: | $8,000.00 was advanced to Propel Financial Services, LLC as the remaining balance then due for the property located at 1301 Lagonda Ave. under Tax Account Number 1904264. Propel Financial Services, LLC Tax Lien Contract was executed by Joseph Vannoine, Individually, Joseph Vannoine, dba JW Construction & Demolition in favor of Propel Financial Services, LLC on December 27, 2011 and the Tax Lien Agreement was filed of record under Instrument No. D212006647, Real Property Records of Tarrant County, Texas. |
|---|---|

Tax Payment Refunded by Tarrant County Tax Office due to Bankruptcy $3,784.02          Refunded

| Tract 10: | 832839 | Vannoine, Joseph | 410 Cliff St. | Fort Worth | $43,600.00 | $5,958.51 | $4,684.49 |

Legal Description: BEING THE MIDDLE OF LOTS 13-15, BLOCK 37, OF M.G. ELLIS ADDITION, AN ADDITION TO THE CITY OF FORT WORTH, TARRANT COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 63, PAGE 10, OF THE PLAT RECORDS OF TARRANT COUNTY, TEXAS.

| Renewal and Extension of prior lien included as follows for this Property: | $4,684.49 was advanced to Point-Bridge Corporation as the remaining balance then due for the property located at 410 Cliff St. under Tax Account Number 832839. Point-Bridge Corporation Tax Lien Contract was executed by Merrie Yezbek in favor of PropTax Answer, LLC on April 30, 2014, and the Tax Lien Agreement was filed of record under Instrument No. D214111193, Real Property Records of Tarrant County, Texas. |
|---|---|

| Tract 11: | 1897760 | New Frontier Financial | 701 N. Main St. | Fort Worth | $83,530.00 | | $7,800.00 |

Legal Description: Lots 45 through 48, of Block 27, in North Fort Worth Addition, an addition to the City of Fort Worth, Tarrant County, Texas, according to the plat thereof recorded in Volume 63, Page 149, Deed Records, Tarrant County, Texas.

| Renewal and Extension of prior lien included as follows for this Property: | $7,800.00 was advanced to Propel Financial Services, LLC as the remaining balance then due for the property located at 701 N. Main Street under Tax Account Number 1897760. Propel Financial Services, LLC Tax Lien Contract was executed by Joseph Vannoine, Individually, Joseph Vannoine, dba JW Construction & Demolition in favor of Propel Financial Services, LLC on December 27, 2011 and the Tax Lien Agreement was filed of record under Instrument No. D212006647, Real Property Records of Tarrant County, Texas. |
|---|---|

| Tract 12: | 1897659 | New Frontier Financial | 707 N. Main St. | Fort Worth | $82,741.00 | $2,348.53 | $10,591.17 |
| | | | | | | | Not Paid |

Legal Description: The North 18 feet of Lot 9, All of Lots 10, 11, 38, and 39, Block 37, of North Fort Worth Addition, an Addition to the City of Fort Worth, Tarrant County, Texas, according to the Plat recorded in Vol. 63, Page 149, of the Plat Records of Tarrant County, Texas and together with all of the alley abutting said lots in the center of Block 37, heretofore closed, vacated and abandoned.

| Renewal and Extension of prior lien included as follows for this Property: | $10,591.17 was advanced to Propel Financial Services, LLC as the remaining balance then due for the property located at 717 H. Main Street under Tax Account Number 1897659. Propel Financial Services, LLC Tax Lien Contract was executed by Joseph Vannoine, Individually, Joseph Vannoine, dba JW Construction & Demolition in favor of Propel Financial Services, LLC on December 27, 2011 and the Tax Lien Agreement was filed of record under Instrument No. D212006647, Real Property Records of Tarrant County, Texas. |
|---|---|

Tax Payment Refunded by Tarrant County Tax Office due to Bankruptcy $2,348.83          Refunded

| Tract 13: | 62046950 | Vannoine, Joseph | MEACHAM S UF #D 2011 | Fort Worth | $100.00 | $11.01 |
| Tract 14: | 62191632 | Vannoine, Joseph | JACKSBORO # 1H FW_FWC | Fort Worth | $240.00 | $20.89 |
| Tract 15: | 62309400 | Vannoine, Joseph | JACKSBORO # 1H LW_FWC | Fort Worth | $10.00 | $0.75 |
| Tract 16: | 62727767 | Vannoine, Joseph | PAPPAJOHN # 2H FW_FWC | Fort Worth | $160.00 | $11.33 |
| Tract 17: | 62772275 | Vannoine, Joseph | PAPPAJOHN # 1H FW_FWC | Fort Worth | $120.00 | $11.22 |
| Tract 18: | 62737789 | Vannoine, Joseph | PAPPAJOHN # 3H CASFWC | Fort Worth | $40.00 | $3.81 |
| Tract 19: | 62737791 | Vannoine, Joseph | PAPPAJOHN # 1H CASFWC | Fort Worth | $40.00 | $3.81 |
| Tract 20: | 61954159 | Vannoine, Joseph | MEACHAM S UF #B 2011 | Fort Worth | $210.00 | $7.03 |
| Tract 21: | 62056162 | Vannoine, Joseph | MEACHAM S UF #3 2011 | Fort Worth | $410.00 | $13.14 |

| | Total Proposed TAD Value | Total Taxes Paid | Total Property Tax Lenders Paid |
|---|---|---|---|
| Total Debt Paid/Refinanced: | $605,460.00 | $55,107.33 | $149,836.66 |
| | | 410 Cliff Purchase Price: | $13,000.00 |
| | | Total Loan Disbursement: | $121,733.99 |

In Addition, the following Tax Liens are being refinanced as part of this transaction and all liens set out below are being renewed and extended as follows:

1. Tax Lien dated December 27, 2011, in favor of Propel Financial Services, LLC, and being recorded under Instrument Number D212006647, Deed of Trust Records, Tarrant County, Texas.

2. The Tax Lien dated April 30, 2014, in the original amount of $4,326.18 in favor of PropTax Answer, LLC, and being recorded under Instrument Number D214111193, Deed of Trust Records, Tarrant County, Texas.

Lastly, the Note and Deed of Trust represent $13,000.00 in cash advanced to Merie Yezbek for the purchase of 410 Cliff, Fort Worth, Texas.

## Promissory Note

**Date:**  05/23/2014

**Borrower:**    Joseph Yammine, a single man

**Borrower's Mailing Address:**  P.O. Box 4496, Fort Worth, TX 76164

**Lender:**    S & F Funding, LLC

**Place for Payment:**    1210 Hall Johnson Rd., Suite 100, Colleyville, TX   76034, or any other place that lender designates in writing.

**Principal Amount:**    $122,150.54

**Annual Interest Rate:** 12.000%

**Maturity Date:** 05/23/2029

**Annual Interest Rate on Matured, Unpaid Amounts:** 12.000%

**Terms of Payment (principal and interest):** The Principal and interest are due and payable in equal monthly installments of $1,466.01, beginning 06/23/2014 and shall continue each month thereafter for 179 more payments. Payments will be applied first to accrued interest and the remainder to reduction of the Principal Amount.

**Security for Payment:** This note is secured by a deed of trust dated 05/23/2014 from Joseph Yammine, a single man to J. Michael Ferguson, trustee, both of which cover the following real property:

> *Lot 1 and 2, in Block 130, of Belmont Terrace Addition, an Addition to the City of Fort Worth, Tarrant County, Texas, according to the Map or Plat thereof recorded in/under Volume 204, Page 9, of the Plat Records, of Tarrant County, Texas (a.k.a. "1701 Grand Ave., Fort Worth, TX 76164").*

**Other Security for Payment:** Borrower pledges as additional collateral the properties  attached on Exhibit "A"

Borrower promises to pay to the order of Lender the Principal Amount plus interest at the Annual Interest Rate.  This note is payable at the Place for Payment and according to the Terms of Payment.  All unpaid amounts are due by the Maturity Date.  If any amount is not paid either when due under the Terms of Payment or on acceleration of maturity, Borrower promises to pay any unpaid amounts plus interest from the date the payment was due to the date of payment at the Annual Interest Rate on Matured, Unpaid Amounts.

If Borrower defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to this note, Lender may declare the unpaid principal balance, earned interest, and any other amounts owed on the note immediately due.  Notwithstanding any other provision

**EXHIBIT "F"**    Exhibit "A"

of this note, in the event of a default, before exercising any of Lender's remedies under this note or any deed of trust or warranty deed with vendor's lien securing or collateral to it, Lender will first give Borrower written notice of default and Borrower will have ten days after notice is given in which to cure the default. If the default is not cured ten days after notice, Borrower and each surety, endorser, and guarantor waive all demand for payment, presentation for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protest, and notice of protest, to the extent permitted by law.

Borrower also promises to pay reasonable attorney's fees and court and other costs if this note is placed in the hands of an attorney to collect or enforce the note. These expenses will bear interest from the date of advance at the Annual Interest Rate on Matured, Unpaid Amounts. Borrower will pay Lender these expenses and interest on demand at the Place for Payment. These expenses and interest will become part of the debt evidenced by the note and will be secured by any security for payment.

**Prepayment:** Borrower may prepay this note in any amount at any time before the Maturity Date without penalty or premium.

**Application of Prepayment:** Prepayments will be applied to installments on the last maturing principal, and interest on that prepaid principal will immediately cease to accrue.

Interest on the debt evidenced by this note will not exceed the maximum rate or amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the Principal Amount or, if the Principal Amount has been paid, refunded. On any acceleration or required or permitted prepayment, any excess interest will be canceled automatically as of the acceleration or prepayment or, if the excess interest has already been paid, credited on the Principal Amount or, if the Principal Amount has been paid, refunded. This provision overrides any conflicting provisions in this note and all other instruments concerning the debt.

Each Borrower is responsible for all obligations represented by this note. When the context requires, singular nouns and pronouns include the plural. If any installment becomes overdue for more than fifteen days, at Lender's option a late payment charge of 4.00% of the amount of the payment may be charged in order to defray the expense of handling the delinquent payment.

A default exists under this note if (1) (a) Borrower or (b) any other person liable on any part of this note or who grants a lien or security interest on property as security for any part of this note (an "Other Obligated Party") fails to timely pay or perform any obligation or covenant in any written agreement between Lender and Borrower or any Other Obligated Party; (2) any warranty, covenant, or representation in this note or in any other written agreement between Lender and Borrower or any Other Obligated Party is materially false when made; (3) a receiver is appointed for Borrower, any Other Obligated Party, or any property on which a lien or security interest is created as security (the "Collateral Security") for any part of this note; (4) any Collateral Security is assigned for the benefit of creditors; (5) a bankruptcy or insolvency proceeding is commenced by Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party; (6) (a) a bankruptcy or insolvency proceeding is commenced against Borrower, a partnership of which Borrower is a  general partner, or an Other Obligated Party and (b) the proceeding continues without dismissal for sixty days, the party against whom the proceeding is

2

commenced admits the material allegations of the petition against it, or an order for relief is entered; (7) any of the following parties is dissolved, begins to wind up its affairs, is authorized to dissolve or wind up its affairs by its governing body or persons, or any event occurs or condition exists that permits the dissolution or winding up of the affairs of any of the following parties: Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party; or (8) any Collateral Security is impaired by loss, theft, damage, levy and execution, issuance of an official writ or order of seizure, or destruction, unless it is promptly replaced with collateral security of like kind and quality or restored to its former condition.

If any provision of this note conflicts with any provision of a loan agreement, deed of trust, or security agreement of the same transaction between Lender and Borrower, the provisions of the deed of trust will govern to the extent of the conflict.

This note will be construed under the laws of the state of Texas, without regard to choice-of-law rules of any jurisdiction. We may report information about your account to credit bureaus.  Late payments, missed payments, or other defaults on your account may be reflected in your credit report.


_____
Joseph K. Yammine, Individually

_____
Joseph K. Yammine, d/b/a JW Construction

3

Case 4:23-cv-01235-P    Document 1    Filed 12/12/23    Page 44 of 268    PageID 44

Case 19-42731-mxm13  Doc 62  Filed 03/30/20  Entered 03/30/20 11:08:07  Page 10 of 19
Page 1 of 10
Case 19-42731-mxm13    Claim 1-1 Part 6    Filed 07/02/19    Desc Attachment 5    Page 1 of 10

**NOTICE OF CONFIDENTIALITY RIGHTS:  IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

### Deed of Trust
### Terms

Date:  05/23/2014

Grantor:  Joseph Yammine, a single man

Grantor's Mailing Address:  P.O. Box 9496, Fort Worth, TX 76164

Trustee:  J. Michael Ferguson

Trustee's Mailing Address: 1210 Hall Johnson Rd., Suite 100, Colleyville, Texas 76034

Lender:  S & F Funding, LLC

Lender's Mailing Address:  1210 Hall Johnson Rd., Suite 100, Colleyville TX 76034

Obligation

    Note
    Date:  05/23/2014
    Original principal amount:    $122,150.00
    Borrower:    Joseph Yammine, a single man
    Lender:    S & F Funding, LLC
    Maturity date: 05/23/2029
    Terms of Payment:    As provided in the note

    Other Debt:    This deed of trust also secures payment of any debt that Grantors may subsequently owe to Lender and that arises while Grantors own the Property.

Property (including any improvements):

   *Lot 1 and 2, in Block 130, of Belmont Terrace Addition, an Addition to the City of Fort Worth, Tarrant County, Texas, according to the Map or Plat thereof recorded in/ under Volume 204, Page 9, of the Plat Records, of Tarrant County, Texas (a.k.a) "1701 Grand Ave., Fort Worth, TX 76164").*

Other Security for Payment: Borrower pledges as additional collateral the properties attached on Exhibit "A"

1 | P a g e

*Exhibit "B"*

# EXHIBIT "G"

Case 19-42731-mxm13 Doc 62 Filed 03/30/20    Entered 03/30/20 11:08:07    Page 11 of 19
Page 2 of 10
Case 19-42731-mxm13    Claim 1-1 Part 6    Filed 07/02/19    Desc Attachment 5    Page 2 of 10

**Prior Lien:    None**

**Other Exceptions to Conveyance and Warranty:**

Liens described as part of the Consideration and any other liens described in the deed to Grantors as being either assumed or subject to which title is taken; validly existing easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded and validly existing instruments, other than conveyances of the surface fee estate, that affect the Property; and taxes for 2014, and subsequent assessments for that and prior years due to change in land usage, ownership, or both.

For value received and to secure payment of the Obligation, Grantors convey the Property to Trustee in trust. Grantors warrant and agree to defend the title to the Property, subject to the Other Exceptions to Conveyance and Warranty. On payment of the Obligation and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Lender will release it at Grantors' expense.

**Clauses and Covenants**

A.    **Grantors' Obligations**

Grantors agree to-

1.    keep the Property in good repair and condition;

2.    pay all taxes and assessments on the Property before delinquency, not authorize a taxing entity to transfer its tax lien on the Property to anyone other than Lender, and not request a deferral of the collection of taxes pursuant to section 33.06 of the Texas Tax Code;

3.    defend title to the Property subject to the Other Exceptions to Conveyance and Warranty and preserve the lien's priority as it is established in this deed of trust;

4.    maintain all insurance coverages with respect to the Property, revenues generated by the Property, and operations on the Property that Lender reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Lender, and deliver evidence of the Required Insurance Coverages in a form acceptable to Lender at least ten days before the expiration of the Required Insurance Coverages;

5.    obey all laws, ordinances, and restrictive covenants applicable to the Property;

6.    keep any buildings occupied as required by the Required Insurance Coverages;

Case 4:23-cv-01235-P    Document 1    Filed 12/12/23    Page 46 of 268    PageID 46

Case 19-42731-mxm13 Doc 62 Filed 03/30/20    Entered 03/30/20 11:08:07    Page 12 of 19
Page 3 of 10
Case 19-42731-mxm13    Claim 1-1 Part 6    Filed 07/02/19    Desc Attachment 5    Page 3 of 10

7.    if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and

8.    notify Lender of any change of address.

**B.    Lender's Rights**

1.    Lender or Lender's mortgage servicer may appoint in writing one or more substitute trustees, succeeding to all rights and responsibilities of Trustee.

2.    If the proceeds of the Obligation are used to pay any debt secured by prior liens, Lender is subrogated to all the rights and liens of the holders of any debt so paid.

3.    Lender may apply any proceeds received under the property insurance policies covering the Property either to reduce the Obligation or to repair or replace damaged or destroyed improvements covered by the policy. If the Property is Grantors' primary residence and Lender reasonably determines that repairs to the improvements are economically feasible, Lender will make the property insurance proceeds available to Grantors for repairs.

4.    Notwithstanding the terms of the Note to the contrary, and unless applicable law prohibits, all payments received by Lender from Grantors with respect to the Obligation or this deed of trust may, at Lender's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Lender with respect to the Obligation, to be applied to late charges, principal, or interest in the order Lender in its discretion determines.

5.    If Grantors fail to perform any of Grantors' obligations, Lender may perform those obligations and be reimbursed by Grantors on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

6.    If a default exists in payment of the Obligation or performance of Grantors obligations and the default continues after any required notice of the default and the time allowed to cure, Lender may~

a.    declare the unpaid principal balance and earned interest on the Obligation immediately due;

b.    exercise Lender's rights with respect to rent under the Texas Property Code as then in effect;

c.    direct Trustee to foreclose this lien, in which case Lender or Lender's agent will cause notice of the foreclosure sale to be given as provided by the Texas

Property Code as then in effect; and

d.      purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Obligation.

2.      Lender may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

**C.      Trustee's Rights and Duties**

If directed by Lender to foreclose this lien, Trustee will-

1.      either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

2.      sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantors, subject to the Prior Lien and to the Other Exceptions to Conveyance and Warranty and without representation or warranty, express or implied, by Trustee;

3.      from the proceeds of the sale, pay, in this order-

a.      expenses of foreclosure, including a reasonable commission to Trustee;

b.      to Lender, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

c.      any amounts required by law to be paid before payment to Grantors; and

d.      to Grantors, any balance; and

4.      be indemnified, held harmless, and defended by Lender against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

**D.      General Provisions**

1.      If Lender fails to make when due any deposit to the tax and insurance reserve fund provided for under the deed of trust securing payment of the prior note, Grantors will have the right to make the deposit to the tax and insurance reserve fund as long as Grantors are not in default in payment of the Note secured by this deed of trust or in performance of the covenants of this deed of trust.  If Grantors make such a deposit, Grantors will receive credit on the tax and insurance reserve fund provided for in this deed of trust for all amounts so deposited, as of the

Case 4:23-cv-01235-P    Document 1    Filed 12/12/23    Page 48 of 268    PageID 48

Case 19-42731-mxm13 Doc 62 Filed 03/30/20    Entered 03/30/20 11:08:07    Page 14 of 19
**Page 5 of 10**
Case 19-42731-mxm13    Claim 1-1 Part 6    Filed 07/02/19    Desc Attachment 5    Page 5 of 10

date of the deposit.

2.     If any of the Property is sold under this deed of trust, Grantors must immediately surrender possession to the purchaser.  If Grantors fail to do so, Grantors will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

3.     Recitals in any trustee's deed conveying the Property will be presumed to be true.

4.     Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

5.     This lien will remain superior to liens later created even if the time of payment of all or part of the Obligation is extended or part of the Property is released.

6.     If any portion of the Obligation cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

7.     Grantors assign to Lender all amounts payable to or received by Grantors from condemnation of all or part of the Property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the Property.  After deducting any expenses incurred, including attorney's fees and court and other costs, Lender will either release any remaining amounts to Grantors or apply such amounts to reduce the Obligation.  Lender will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantors will immediately give Lender notice of any actual or threatened proceedings for condemnation of all or part of the Property.

8.     Grantors collaterally assign to Lender all present and future rent from the Property and its proceeds.  Grantors warrant the validity and enforceability of the assignment.  Grantors will apply all rent to payment of the Obligation and performance of this deed of trust, but if the rent exceeds the amount due with respect to the Obligation and the deed of trust, Grantors may retain the excess.  If a default exists in payment of the Obligation or performance of this deed of trust, Lender may exercise Lender's rights with respect to rent under the Texas Property Code as then in effect.  Lender neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the Property.  Lender may exercise Lender's rights and remedies under this paragraph without taking possession of the Property.  Lender will apply all rent collected under this paragraph as required by the Texas Property Code as then in effect.  Lender is not required to act under this paragraph, and acting under this paragraph does not waive any of Lender's other rights or remedies.

9.     Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law.  Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded.  On any acceleration or required or permitted

Case 4:23-cv-01235-P    Document 1    Filed 12/12/23    Page 49 of 268    PageID 49

Case 19-42731-mxm13  Doc 62  Filed 03/30/20   Entered 03/30/20 11:08:07   Page 15 of 19
Page 6 of 10
Case 19-42731-mxm13    Claim 1-1 Part 6    Filed 07/02/19   Desc Attachment 5   Page 6
of 10

prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded.) This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

10.    In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

11.    When the context requires, singular nouns and pronouns include the plural.

12.    The term *Note* includes all extensions, modifications, and renewals of the Note and all amounts secured by this deed of trust.

13.    Grantors will deposit with Lender or other holder of the Note, in addition to the principal and interest installments, a pro rata part of the estimated annual ad valorem taxes on the Property and a pro rata part of the estimated annual insurance premiums for the improvements on the Property. These tax and insurance deposits are only estimates and may be insufficient to pay total taxes and insurance premiums. Grantors must pay any deficiency within thirty days after notice from Lender or other holder of the Note. Grantors' failure to pay the deficiency will constitute a default under the Deed Trust. If any superior lienholder on the Property is collecting escrow payments for taxes and insurance, this paragraph will be inoperative as long as payments are being made to the superior lienholder.

14.    If the Property is transferred by foreclosure, the transferee will acquire title to all insurance policies on the Property, including all paid but unearned premiums.

15.    Grantors agree to allow Lender or Lender's agents to enter the Property at reasonable times and inspect it and any personal property in which Lender is granted a security interest by this deed of trust.

16.    GRANTORS MAY FURNISH ANY INSURANCE REQUIRED BY THIS DEED OF TRUST EITHER THROUGH EXISTING POLICIES OWNED OR CONTROLLED BY GRANTORS OR THROUGH EQUIVALENT COVERAGE FROM ANY INSURANCE COMPANY AUTHORIZED TO TRANSACT BUSINESS IN TEXAS.

17.    If Grantors transfer any part of the Property without Lender's prior written consent, Lender may declare the debt secured by this deed of trust immediately payable and invoke any remedies provided in this deed of trust for default. If the Property is residential real property containing fewer than five dwelling units or a residential manufactured home occupied by Grantors, exceptions to this provision are limited to (a) a subordinate lien or encumbrance that does not transfer rights of occupancy of the Property; (b) creation of a purchase-money security interest for household appliances; (c) transfer by devise, descent, or operation of law on the death of a co-Grantor; (d) grant of a leasehold interest of three years or less without an option to

6 | P a g e

Case 4:23-cv-01235-P    Document 1    Filed 12/12/23    Page 50 of 268    PageID 50

Case 19-42731-mxm13 Doc 62 Filed 03/30/20    Entered 03/30/20 11:08:07    Page 16 of 19
**Page 7 of 10**
Case 19-42731-mxm13    Claim 1-1 Part 6    Filed 07/02/19    Desc Attachment 5    Page 7 of 10

purchase; (e) transfer to a spouse or children of Grantors or between co-Grantors; (f) transfer to a relative of Grantors on Grantors' death; and (g) transfer to an inter vivos trust in which Grantors are and remain beneficiaries and occupants of the Property.

18.    This deed of trust binds, benefits, and may be enforced by the successors in interest of all parties.

19.    If Grantors and Borrowers are not the same person, the term *Grantors* includes Borrowers.

20.    Grantors and each surety, endorser, and guarantor of the Obligation waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest, and (g) rights under sections 51.003, 51.004, and 51.005 of the Texas Property Code.

21.    Grantors will have full recourse liability for repayment of the principal and interest of the Note and the performance of all covenants and agreements of Grantors in this Deed of Trust.

22.    Grantors agree to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Lender's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

23.    If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

24.    The term *Lender* includes any mortgage servicer for Lender.

25.    Grantors represent that this deed of trust and the Note are given for the following purposes:

The Note renews and extends the balance of $117,083.53 that Grantor owes on a prior note in the original principal amount of $, which is dated , executed by , and payable to the order of . The prior note is more fully described in and secured by a deed of trust on the Property, which is dated  and recorded in , of the real property records of Tarrant County, Texas.

Case 4:23-cv-01235-P    Document 1    Filed 12/12/23    Page 51 of 268    PageID 51

Case 19-42731-mxm13  Doc 62  Filed 03/30/20    Entered 03/30/20 11:08:07    Page 17 of 19
**Page 8 of 10**
Case 19-42731-mxm13    Claim 1-1 Part 6    Filed 07/02/19    Desc Attachment 5    Page 8
of 10

_____

Joseph K. Yammine, Individually

_____

Joseph K. Yammine, d/b/a JW Construction

STATE OF TEXAS          )

COUNTY OF TARRANT       )

This instrument was acknowledged before me on 05/23/2014, by Joseph K.
Yammine, a single man and Joseph K. Yammine d/b/a JW Construction.

JESSICA DORSETT
Notary Public
STATE OF TEXAS
My Comm. Exp. April 16, 2015

_____
Notary Public, State of Texas

AFTER RECORDING RETURN TO:

J. Michael Ferguson, P.C.
Attorney at Law
1210 Hall Johnson Rd., Suite 100
Colleyville, Texas 76034
Tel: (817) 267-1008
Fax: (817) 485-1117

8 | P a g e

Unofficial Document

| | Property Tax Account No. | Property Owner | Property Address | Property City | TAD Value |
|---|---|---|---|---|---|
| Tract 1: | 1080970 | Yammine, Imad | 1720 Mc Curdy St. | Fort Worth | $1,000.00 |
| Legal Description: | | | Tract Three, BLOCK 5, LOTS 25 and 26, GRAHAM PARK ADDITION, Situated in the City of Fort Worth, Tarrant County, Texas, as shown by a deed of record in Volume 6099, Page 996, of the Deed Records of Tarrant County, Texas | | |
| Tract 2: | 842982 | Yammine, Joseph | 3220 N Houston St. | Fort Worth | $9,990.00 |
| Legal Description: | | | BLK 103; LOT 14; MG ELLIS, an Addition to the City of Fort Worth, Tarrant County, Texas | | |
| Tract 4: | 2269082 | JW Construction | 2625 Prospect Ave. | Fort Worth | $36,300.00 |
| Legal Description: | | | Lot 3, Block 47, of Pruitt Subdivision of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 106, Page 90, of the Plat Records of Tarrant County, Texas | | |
| Tract 12: | 832839 | Yammine, Joseph | 410 Cliff St. | Fort Worth | $43,800.00 |
| Legal Description: | | | BEING THE MIDDLE OF LOTS 13-15, BLOCK 37, OF M.G. ELLIS ADDITION, AN ADDITION TO THE CITY OF FORT WORTH, TARRANT COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 63, PAGE 18, OF THE PLAT RECORDS OF TARRANT COUNTY, TEXAS; also known as 410 Cliff Street, Fort Worth, TX 76106 | | |
| Tract 14: | 842983 | Yammine, Joseph | 3220 N Houston St. | Fort Worth | $9,990.00 |
| Legal Description: | | | BLK 103; LOT 14; MG ELLIS, an Addition to the City of Fort Worth, Tarrant County, Texas | | |

**EXHIBIT "H"**

D22196429   04/09/2021 02:35 PM   Page: 1 of 9   Fee: $61.00   Submitter: J. Michael Ferguson, P.C.
Electronically Recorded by Tarrant County Clerk in Official Public Records

UNOFFICIAL COPY

## Trustee's Deed

Notice of confidentiality rights: If you are a natural person, you may remove or strike any or all of the following information from any instrument that transfers an interest in real property before it is filed for record in the public records: your Social Security number or your driver's license number.

Date: 03/02/2021

Trustee: J. Michael Ferguson

Deed of Trust

    Date:    05/23/2014

    Grantor:    Joseph K. Yazmehia

    Mortgagee:    S&F Funding, LLC

    Recording Information: The Deed of Trust dated 05/23/2014 is filed of record under Instrument Number D214135335, Real Property Records, Tarrant County, Texas.

Property:

    Lot 1 and 2, Block 120, of Chamberlin & Burton Addition, an Addition to the City of Fort Worth, Tarrant County, Texas, according to the Map or Plat thereof recorder in/under Volume 204, Page 9, of the Plat Records, of Tarrant County, Texas, (more commonly known as ~1701 Grace St. Fort Worth, TX 76164~).

Note:

    Date:    The Note, in part, dated 05/23/2014 is filed of record under Instrument Number D214135335, Real Property Records of Tarrant County, Texas.

    Original Amount:    $121,150.54

    Borrower:    Joseph K. Yazmehia, a single man

    Mortgagee:    S&F Funding, LLC

Date of Sale: (first Tuesday of month): 03/02/2021

Time of Sale: 12:45:00 PM

Place of Sale: East Steps of the Courthouse or at place designated by the county commissioners.

_____

Page 1 | 9

IMAGE   SUMMARY

⟨Prev/Doc | Next Doc ⟩

Add To Cart ▾

Page 2 of 9

D2210988529



Buyer:                  S&F Funding, LLC

Buyer's Mailing Address:  621 Main Street, Suite 320
                          Colleyville, TX 76034

Amount of Sale:   $150,575.90

A default existed under the Deed of Trust and Mortgagee or its agent directed Trustee to enforce the trust.

Notices stating the time, place, and terms of sale of the Property were posted, filed, and mailed as shown by the Notice of Trustee's Sale attached with a Certificate of Posting. Trustee's deed and incorporated in it by this reference. Mortgagee either personally or by agent appeared at the place of the sale to sell, deliver, as required by section 51.002 of the Texas Property Code, in accordance with that statute and the Deed of Trust. Trustee sold the Property to Buyer, who was the highest bidder at the public auction for $150,575.90. The sale was made on 10-5-2021, at 11:00:00 AM and was concluded by 12:53 P.M.

Trustee, subject to any prior liens, the right of redemption contained in section 51.016 of the Texas Property Code, and other compliance to convey. Trustee grants and warranty in the Deed of Trust and for $150,575.90 paid by Buyer as consideration, Trustee sells and conveys the Property to Buyer.

"AS IS" together with all and singular the rights and appurtenances thereto in any way belonging, to have and to hold it to Buyer and Buyer's heirs, successors, and assigns forever. Trustee binds Grantor and Grantor's heirs and successors to warrant and defend all and singular the Property to Buyer and Buyer's heirs, successors, and assigns against every person whomsoever lawfully claiming or to claim it, or any part thereof, except as to the prior liens and other exceptions to conveyance and warranty in the Deed of Trust.

TRUSTEE HAS NOT MADE, DOES NOT MAKE, ANY REPRESENTATION, EXPRESS OR IMPLIED, WITH RESPECT TO THE PERSONAL PROPERTY, AND THE PERSONAL PROPERTY IS SOLD TO BUYER "AS IS, WHERE IS," AND WITH ALL FAULTS." THERE IS NO WARRANTY RELATING TO TITLE, POSSESSION, QUIET ENJOYMENT, OR THE LIKE IN THIS DISPOSITION OF PERSONAL PROPERTY.

J. Michael Ferguson

Page 2|5



Unofficial Copy

STATE OF TEXAS
COUNTY OF TARRANT

This instrument was acknowledged before me on 4/5/2006 by J. Michael Ferguson.

Notary Public, State of Texas

< Prev Doc | Next Doc >

Add To Cart ▶

Page 3 of 9

IMAGE    SUMMARY

D206088229

Page 3/5



Foreclosure Affidavit

Date: 3/2/2021

Affiant:    J. Michael Ferguson

Deed of Trust

    Date:    05/23/2014

    Grantor:    Joseph K. Yazminie

    Mortgagee:    S&F Funding, LLC

    Recording Information: The Deed of Trust dated 05/23/2014 was filed of record under Instrument Number D214117542 in the Official Public Records, Tarrant County, Texas.

Property:

Lot 1 and 2, Block 120, of Belmont Terrace Addition, an Addition to the City of Fort Worth, Tarrant County, Texas, according to the Map or Plat thereof recorded in under Volume 204, Page 9, of the Plat Records, of Tarrant County, Texas (also commonly known as "1701 Grand Ave., Fort Worth, TX 76164").

Affiant on oath swears that the following statements are true and are within the personal knowledge of Affiant:

    1.    This affidavit relates with respect to the foreclosure of the Deed of Trust that occurred on 3/2/2021.

    2.    Attached to this affidavit is a copy of the Notice of Trustee's Sale, file-stamped by the county clerk's office.

    3.    The sale took place on 3/2/2021 at approximately 12:55:00 PM at the place at the courthouse described in the or the area designated by the county commissioner's court for foreclosures.

    4.    At least twenty-one days before the trustee's sale, Affiant, either personally or by agent, served notice of the sale on each debtor, at the address (or that debtor as shown by Mortgagee's records, who is: Joseph K. Yazminie, 1701 Grand Ave., Fort Worth, TX 76164. The notice was served on 02/09/2021 by certified mail, postage prepaid, properly addressed to each debtor listed above at the address(es) stated.



5.   To the best of Affiant's knowledge, the debtor(s) was/were alive on the date of the trustee's sale.

6.   No debtor is a servicemember in military service, as those terms are defined in 50 U.S.C. § 3911, nor at any time within ninety days preceding the date of the trustee's sale.

J. Michael Ferguson

STATE OF TEXAS    §
                  §
COUNTY OF TARRANT §

This instrument was acknowledged before me on

YVETTE BRESSO
Notary Public, State of Texas



Ferguson & Associates, LLC

NOTICE OF ACCELERATION

CERTIFIED MAIL
RETURN RECEIPT REQUESTED AND
BY REGULAR MAIL

January 11, 2021

Joseph K. Yammine
P.O. Box 1723
Fort Worth, Texas 76110

Re:   Notice of Acceleration of Deed of Trust dated ...

Dear Debtor(s):

This letter is being sent ...

The payoff amount ...

The amount due ...



Unless you dispute the validity of this debt, or any portion thereof, within thirty days from after receipt of this notice, the debt will be assumed to be valid by the undersigned. If you notify the undersigned in writing within thirty days from the receipt of this letter that the debt or any portion thereof is disputed, I will obtain verification of the debt and I will mail a copy of the verification to you. Upon your written request, within the thirty (30) day period for the verification, I will provide you with the name and address of the original creditor. These thirty (30) day periods do not act after, waive, or abrogate time for payment as set forth above. You shall have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and foreclosure.

"Assert until protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving as active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately."

*This firm is a debt collector attempting to collect a debt and any information obtained will be used for that purpose.* If the debt has been discharged in bankruptcy or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.

You may contact me at this firm's address for more information concerning the exact amount due and owed on the note and the remaining rights under the note.

Demand is hereby made that this indebtedness be paid.

Thank you for your time and consideration in this matter. If you have any questions, please feel free to contact me by email at Email@email.com.

Sincerely,

J. Michael Ferguson

Page 2 of 2

< Prev Doc | Next Doc >

Add To Cart ▼

Page 8 of 9

IMAGE    SUMMARY

CC31068825



Notice of Trustee's Sale

Date: 3/10/2021

Original Lender:   S & F Funding, LLC

Current Holder:   S & F Funding, LLC

Mortgage Servicer: AFI Loan Servicing, LLC, NMLS No. 1577688S

Mortgage Servicer's Address: 61 Main Street, Suite 300, Colleyville, Texas 76034

Note and Security Agreement: A Promissory Note dated 6/23/2014 and executed by _____ in the original amount of $121,954.54 executed by _____ secured by a Deed of Trust in the original amount of $121,954.54 executed by _____ in favor of a S & F Funding, LLC and being filed of record under Instrument _____ of the Real Property Records of Tarrant County, Texas.

Property: Lot 1 and Lot 2, Block 130, of Elements Trails Addition to the City of Fort Worth, Tarrant County, Texas, according to the Map or Plat thereof recorded Cabinet/Volume 701, Page 8, of the Plat Records, of Tarrant County, Texas. There commonly known as "1701 Grand Ave, Fort Worth, TX 76164".

County: Tarrant

Date of Sale: (first Tuesday of month)

Time of Sale:   10:00 ___ hours of this time.

Place of Sale: East Steps of _____ House or at place designated by the county commissioners.

ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.

Michael _____ is Trustee under the Deed of Trust. Mortgage Service has appointed _____, Michael _____, agent or Vonn _____ as Trustees under the Deed of Trust. Mortgage Servicer has instructed Trustee to offer the Property for sale toward the satisfaction of the Note. This foreclosure is being administered by Mortgage Servicer. Mortgage Servicer is representing Mortgage under a servicing agreement.

THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED

Page 1 of 2

Unofficial Copy
JAN 12 2021
COUNTY CLERK TARRANT CO. TEXAS
BY _____





IN THIS NOTICE OF SALE, THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.

Notice is given that on the Date of Sale, Trustee will offer the Property for sale at public auction at the Place of Sale, to the highest bidder for cash, "AS IS." The sale will begin at the Time of Sale or not later than three hours thereafter. This sale will be conducted subject to the right of rescission contained in section 51.016 of the Texas Property Code.

/s/ Michael Ferguson or
Vonnie Blissett
62 Main Street, Suite 100
Colleyville, Texas 76034
Phone: (817) 380-4108
Email: tonni@tkb.com
Trustee/Substitute Trustee

Certificate of Posting

My name is _____, and my address is c/o Ferguson &
Associates, LLC, 62 Main Street, Suite 100, Colleyville, Texas 76034. I declare under penalty of
perjury that on _____ I filed and posted this Notice of Foreclosure with the office of the Tarrant
County Clerk and caused to be posted at the place designated for foreclosure Sale Notices at the
Tarrant County Courthouse.

Dated: _____

Declarant's Name: _____
Declarant's Signature: _____

FILED
JAN 12 2021
_____

IMAGE    SUMMARY

◁  ▽  △  ⊠  1  of 9  ⊕  ⊖  ⊙  ⟲  ↑  ↓  ←  ↑  ↕

< Prev Doc | Next Doc >

Add To Cart ▼

D227090026    04/05/2021 03:57 PM    Page 1 of 9    Fee: $81.00    Submitter: J. Michael Ferguson, P.C.
Electronically Recorded by Tarrant County Clerk in Official Public Records

Trustee's Deed

Notice of confidentiality rights: If you are a natural person, you may remove or strike any or all of the following information from any instrument that transfers an interest in real property before it is filed for record in the public records: your Social Security number or your driver's license number.

Date: 03/02/2021

Trustee: J. Michael Ferguson

Deed of Trust

Date:    06/05/2018

Grantor:    Joseph K. Yamnitz

Mortgagee:    AFI Mortgage

Recording information: The Deed of Trust dated 06/05/2018 is filed of record under Instrument Number 218021002, Real Property Records, Tarrant County, Texas.

Property:

Lot 25 and the South 20 feet of Lot 24, Block 102, of the NORTH FORT WORTH ADDITION, an Addition to the City of Fort Worth, Tarrant County, Texas according to the Plat thereof recorded in Volume 63, Page 149, Plat records, Tarrant County, Texas (more commonly known as 1617 Clinton Ave., Fort Worth, TX 76164")

Note:

Date:    The Note secured by the Deed of Trust dated 06/05/2018 is filed of record under Instrument Number D218021002, Real Property Records of Tarrant County, Texas.

Original principal:    $116,312.44

Borrower:    Joseph K. Yamnitz, a single man

Mortgagee:    AFI Mortgage

Date of Sale (first Tuesday of month): 03/02/2021

Time of Sale: 11:58:00 PM

Place of Sale: East Steps of the Courthouse or at place designated by the county commissioners.

Page 1 | 5

Confidential Copy — Do Not Copy

EXHIBIT "I"

IMAGE | SUMMARY

< Prev Doc | Next Doc >

Add To Cart ▼

Page 2 of 9

Buyer:                        Chany Development, Inc.

Buyer's Mailing Address:      63 Main Street, Suite 500
                              Collinsville, TX 76094

Amount of Sale:   $165,430.52

A default existed under the Deed of Trust and Mortgagee or its agent directed Trustee to enforce the trust.

Notices stating the time, place, and terms of sale of the Property were posted, filed, and served as shown by the Notice of Trustee's Sale attached with a Certificate of Posting of the Deed and incorporated in it by this reference. Mortgagee either personally or by its agent gave notice of the sale in the manner, as required by section 51.002 of the Texas Property Code, in accordance with their status and the Deed of Trust. Trustee sold the Property to Buyer, who was the highest bidder at the public auction for $165,430.52. The sale was made on 3/1/2021, begun at 10:00:00 AM and was concluded by 12:58 P.M.

Trustee, subject to any prior liens, the right of redemption contained in section 51.016 of the Texas Property Code, and other exceptions to conveyance and warranty in the Deed of Trust and for the $165,430.52 paid by Buyer as consideration, grants and conveys the Property to Buyer, "AS IS," together with all and singular the rights and appurtenances thereto in any way belonging, to have and to hold it to Buyer and, Buyer's heirs, successors, and assigns forever. Trustee binds Grantor and Grantor's heirs and successors to warrant and forever defend all and singular the Property to Buyer and Buyer's heirs, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the prior liens and other exceptions to conveyance and warranty in the Deed of Trust.

TRUSTEE HAS NO TITLE, DOES NOT MAKE, ANY REPRESENTATION, EXPRESS OR IMPLIED, WITH RESPECT TO THE PERSONAL PROPERTY, AND THE PERSONAL PROPERTY IS SOLD TO BUYER "AS IS, WHERE IS, WITH ALL FAULTS." THERE IS NO WARRANTY RELATING TO TITLE, POSSESSION, QUIET ENJOYMENT, OR THE LIKE IN THIS DISPOSITION OF PERSONAL PROPERTY.

J. Michael Ferguson



IMAGE    SUMMARY

D221098835

< Prev Doc | Next Doc >

Add To Cart ▶

Page 2 of 9

STATE OF TEXAS      §
                    §
COUNTY OF TARRANT

This instrument was acknowledged before me on 4/9/2021 by J. Michael Ferguson.

Notary Public, State of Texas

Page 3 | 5



Foreclosure Affidavit

Date: 3/2/2021

Affiant:    J. Michael Ferguson

Deed of Trust

Date:    06/05/2018

Grantor:    Joseph K. Yammine

Mortgagee:    AFI Mortgage

Recording Information: The Deed of Trust dated 06/05/2018 recorded under Clerk's File/Instrument Number D218121036 of the Real Property Records, Tarrant County, Texas.

Property:

Lot 25 and the South 20 feet of Lot 24, Block 142, of the NORTH FORT WORTH ADDITION, an Addition to the City of Fort Worth, Tarrant County, Texas, according to the Plat thereof recorded in Volume 63, Page 149, Plat records, Tarrant County, Texas (more commonly known as "1417 Clinton Ave., Fort Worth, TX 76164.

Affiant on oath swears that the following statements are true and are within the personal knowledge of Affiant:

1.    This affidavit is made with respect to the foreclosure of the Deed of Trust that occurred on 3/2/2021.

2.    Attached as Exhibit "A" hereto is a copy of the Notice of Trustee's Sale, file-stamped by the county clerk's office.

3.    The foreclosure sale took place on 3/2/2021 at approximately 12:53:00 PM at the place at the courthouse designated in the Notice of Trustee's Sale, which is the place designated in the of the area designated by the county commissioner's court for foreclosure sales.

Attached to this affidavit is a copy of the letter sent to each debtor obligated to pay the debt at the address required under the Texas Property Code.

4.    At least twenty-twenty one days before this trustee's sale, Affiant, either personally or by agent, served notice of the sale on each debtor, at the address for that debtor as shown by Mortgagee's records, who is Joseph K. Yammine, 1417 Clinton Ave., Fort Worth, TX 76164. The notice was served on 02/08/2021 by certified mail, postage prepaid, properly addressed to each debtor listed above at the address(es) stated.

Page 4 5



5. To the best of Affiant's knowledge, the debtor(s) was/were alive on the date of the trustee's sale.

6. No debtor is a servicemember in military service, as these terms are defined in 50 U.S.C. § 3911, nor at any time within ninety days preceding the date of the trustee's sale.

J. Michael Ferguson

STATE OF TEXAS
COUNTY OF TARRANT

This instrument was acknowledged before me on 4/19/2016 by J. Michael Ferguson.

Notary Public, State of Texas

YVETTE BRISENO
Notary Public, State of Texas
Comm. Expires 05-04-2020
Notary ID 12554315

Unofficial Copy





**FA** Ferguson & Associates, LLC

J. Nathan Ferguson
Board Certified
Consumer and Commercial Law

January 11, 2021

CERTIFIED MAIL-RETURN
RECEIPT REQUESTED
701-2589-0000-0772-6525

Joseph K. Yazzetine
P.O. Box 11751
Fort Worth, Texas 75110

Re:   Notice of acceleration of Deed of Trust dated 06/05/2016 in the original principal amount of $116,375.00 executed by Joseph K. Yazzetine, a Single man for the benefit payable to the order of AFP Mortgage.

Dear Debtor(s):

## NOTICE OF ACCELERATION

This letter is being sent to you as a debtor. The indebtedness evidenced by the above described note and Deed of Trust is in default...

Page 1 of 2

D021098526

Unless you dispute the validity of the debt, or any portion thereof, within thirty days from after receipt of this notice, the debt will be assumed to be valid by the undersigned. If you notify me the undersigned in writing within thirty days from the receipt of this letter that the debt or any portion thereof is disputed, I will obtain verification of the debt and I will mail a copy of the verification to you. Upon your written request, within thirty (30) day period for the verification, I will provide you with the name and address of the original creditor. These thirty (30) day periods do not alter, waive, or affect the time for payment as set forth above. You shall have the right to maintain the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and foreclosure.

"Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active-duty military service to the sender of this notice immediately."

This firm is a debt collector attempting to collect a debt and any information you give me will be used in the collection of the debt.

You may contact me at the firm's address for any question concerning the court amount due and owed on the note and for arranging the payment of the indebtedness.

Demand is hereby made that this indebtedness be paid.

Thank you for your time, attention, and cooperation in this matter. If you have any questions, please feel free to call or by email at legal@malsigal.com.

Sincerely,

Michael Ferguson

Page 2 of 2

IMAGE SUMMARY

< Prev Doc | Next Doc >

8 of 9

Add To Cart

D221098525

Page 8 of 9

Notice of Trustee's Sale

FILED
JAN 12 2021
COUNTY CLERK, TARRANT CO., TEXAS
BY ____________ DEPUTY

Date: 1/11/2021

Original Lender: AFI Mortgage

Current Holder: AFI Mortgage

Mortgage Servicer: AFI Loan Servicing, LLC, NMLS No. 1577685

Mortgage Servicer's Address: 62 Main Street, Suite 300, Colleyville, Texas 76034

Note and Security Agreement: A Promissory Note dated 06/05/2018 and being secured by a Deed of Trust in the original amount of $116,312.44 executed by Joseph Vanzmiller in favor of AFI Mortgage and being filed of record under Instrument Number D218123924, Real Property Records of Tarrant County, Texas.

Property: Lot 25 and the South 20 feet of Lot 24, Block 102, of the NORTH FORT WORTH ADDITION, an Addition to the City of Fort Worth, Tarrant County, Texas, according to the Plat thereof recorded in Volume 63, Page 149, Plat records, Tarrant County, Texas (more commonly known as "1617 Clinton Ave., Fort Worth, TX 76164")

County: Tarrant

Date of Sale (first Tuesday of month): 2/2/2021

Time of Sale: 10:00:00 AM or within 3 hours of this time.

Place of Sale: East Steps of the Courthouse or at place designated by the county commissioners.

ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.

J. Michael Ferguson is Trustee under the Deed of Trust. Mortgage Servicer has appointed J. Michael Ferguson or Yvette Briseno as Trustees under the Deed of Trust. Mortgage Servicer has instructed Trustee to offer the Property for sale toward the satisfaction of the Note. This foreclosure is being administered by Mortgage Servicer. Mortgage Servicer is representing Mortgagee under a servicing agreement.

THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED

Unofficial Copy

IN THIS NOTICE OF SALE, THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.

Notice is given that on the Date of Sale, Trustee will offer the Property for sale at public auction at the Place of Sale, to the highest bidder for cash, "AS IS." The sale will begin at the Time of Sale or not later than three hours thereafter. This sale will be conducted subject to the right of rescission contained in section 51.016 of the Texas Property Code.

J. Michael Ferguson or
Yvette Briones
621 Main Street, Suite 200
Colleyville, Texas 76034
Phone (817) 267-1008
Email: jmf@jmfpc.com
Trustee/Substitute Trustee

**Certificate of Posting**

My name is _Ruby King Voller_ and my address is c/o Ferguson & Associates, LLC, 621 Main Street, Suite 200, Colleyville, Texas 76034. I declare under penalty of perjury on _12/12/2020_ I filed this Notice of Foreclosure with the office of the Tarrant County Clerk and caused to be posted the place designated for Foreclosure Sale Notices at the Tarrant County Courthouse.

Dated: _____

Declarant's Name: _____
Declarant's Signature: _____

FILED
JAN 12 2020
COUNTY CLERK, TARRANT CO., TEX.
BY: _____

IMAGE   SUMMARY

< Prev Doc | Next Doc >

Add To Cart ▾

D221058533   04/09/2021 03:59 PM   Page 1 of 12   Fee: $63.00   Submitter: J. Michael Ferguson, P.C.
Electronically Recorded by Tarrant County Clerk in Official Public Records

## Trustee's Deed

Notice of confidentiality rights: If you are a natural person, you may remove or strike any or all of the following information from any instrument that transfers an interest in real property before it is filed for record in the public records: your Social Security number or your driver's license number.

Date: 03/02/2021

Trustee: J. Michael Ferguson

Deed of Trust

Date:          06/21/2010

Grantor:       JW Construction

Mortgagee:     Austin Financial, Inc

Recording information: The Deed of Trust dated 06/21/2010 is filed of record under Instrument Number D210275110 in the Real Property Records, Tarrant County, Texas.

Property: See Exhibit "A"

Note:    Date:   The Deed of Trust dated 06/21/2010 is filed of record under Instrument Number D210275110 in the Real Property Records of Tarrant County, Texas.

Principal amount:

Borrower:

Mortgagee:   Austin Financial, Inc

Date of Sale (first Tuesday of month): 03/02/2021

Time of Sale:

Place of Sale: East Steps of the Courthouse or at place designated by the county commissioners.

Page 1 5

EXHIBIT "J"

Buyer:                    Chirny Development, Inc.

Buyer's Mailing Address:  63 Main Street, Suite 200
                          Colleyville, TX 76034

Amount of Sale:   $105,928.11

A default existed under the Deed of Trust and Mortgagee or its agent directed Trustee to enforce the trust.

Notices stating the time, place, and terms of sale of the Property were posted, filed and served as shown by the Notice of Trustee's Sale attached with a Certificate of Posting. The Deed and incorporated in it by this reference. Mortgagee, or by other person, appointed Trustee of the sale to such debtor, as required by section 51.002 of the Texas Property Code, in accordance with then statute and the Deed of Trust, Trustee sold the Property to Buyer, who was the highest bidder at the public auction for $105,928.11. The sale was made on 3/1/2011, began at 10:00:00 AM and was concluded by 12:56 P.M.

Trustee, subject to any prior liens, the right of redemption contained in section 51.016 of the Texas Property Code, and other exceptions to conveyance and warranty in the Deed of Trust and for the $105,928.11 paid by Buyer as consideration, grants, sells and conveys the Property to Buyer, "AS IS" together with all and singular the rights and appurtenances thereto in any way belonging, to have and to hold it to Buyer and Buyer's heirs, successors, and assigns forever, Trustee binds Grantor and Grantor's heirs and successors to warrant and forever defend all and singular the Property to Buyer and Buyer's heirs, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the prior liens and other exceptions to conveyance as set forth in the Deed of Trust.

TRUSTEE HAS NOT CONVEYED, DOES NOT MAKE, ANY REPRESENTATION, EXPRESS OR IMPLIED, WITH RESPECT TO ANY PERSONAL PROPERTY, AND THE PERSONAL PROPERTY IS SOLD TO BUYER "AS IS, WHERE IS", WITH ALL FAULTS. THERE IS NO WARRANTY RELATING TO TITLE, POSSESSION, QUIET ENJOYMENT, OR THE LIKE IN THIS DISPOSITION OF PERSONAL PROPERTY.

J. Phillip Ferguson



< Prev Doc | Next Doc >

Add To Cart ▼

Page 2 of 12

IMAGE    SUMMARY

D221098820

STATE OF TEXAS    §
                 §
COUNTY OF TARRANT §

This instrument was acknowledged before me on 4/9/2021 by J. Michael Ferguson.

Notary Public, State of Texas

YVETTE BRISENO
Notary Public, State of Texas
Comm. Expires 04-04-2025
Notary ID 131156435

Unofficial Copy

< Prev Doc | Next Doc >

IMAGE    SUMMARY

Add To Cart ▼

D221058822

Page 4 of 12



## Exhibit "A"

Lots 2 and 3, Block 47, of Pruitt Subdivision of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 106, Page 90, of the Plat Records of Tarrant County, Texas; Commonly known as 1521 and 1525 Prospect Avenue.

Lot 14, Block 42, of Rosen Heights, First Filing, an addition to the City of Fort Worth, Tarrant County, Texas according not the Map or Plat thereof recorded in/under Volume 104, Page 56, of the Plat Records of Tarrant County, Texas; Commonly known as 2704 Homan Avenue.

Being the West ½ of Lot 5, Block 46, at M. G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 19, Deed Records 63, Page 19, at the Plat Records of Tarrant County, Texas; Commonly known as 2704 Lowden Street.

Lot 4, Block 70, of North Fort Worth Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 19, of the Plat Records of Tarrant County, Texas; Commonly known as 1501 Legends Avenue.



IMAGE

SUMMARY

⏮ △ ▽ ⏭   5   of 12   🔍 🔍 🔍 ⟲ ⟳ ⟲   |   —   ✛

D221098632

Page 5 of 12

◀ Prev Doc | Next Doc ▶

Add To Cart ▼

**Foreclosure Affidavit**

Date: 3-5-2021

Affiant:   J. Michael Ferguson

Deed of Trust

Date:   09/21/2010

Grantor:   JW Construction

Mortgagee:   Arsen Financial, Inc

Recording Information: The Deed of Trust dated 09/21/2010, executed by Grantor under
Instrument Number D21007395 of the Deed of Records, Tarrant
County, Texas.

Property: See Exhibit "A"

Affiant on oath swears that the following statements are true and are within the personal
knowledge of Affiant:

1.    This affidavit is made with respect to the foreclosure of the Deed of Trust that
occurred on 3/2/2021.

2.    Attached to this affidavit is a true and correct copy of the Notice of Trustee's Sale, file-stamped by
the county clerk's office.

3.    The trustee's foreclosure sale on 3/2/2021 at approximately 12:56:00 PM at the place
at the courthouse designated by the commissioners court designated by the county commissioner's court for
foreclosure sales.

4.    Attached to this affidavit is a copy of the letter sent to each debtor obligated to pay
the debt in the manner required under the Texas Property Code.

At least twenty-one days before the trustee's sale, Affiant, either personally or by
certified mail of the sale on each debtor, at the address for that debtor as shown by
Mortgagee's records, who is JW Construction. The notice was served on 02/05/2021 by certified
mail, to each property addressed to each debtor (and above at the addresses), sent.

Page 4 / 5



Unofficial Copy

**Exhibit "A"**



Lots 2 and 3, Block 17, of Fruit Subdivision of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 106-A, Page 50, of the Plat Records of Tarrant County, Texas; Commonly known as 3011 and 3015 Prospect Avenue.

Lot 13, Block 43, of Rosen Heights, First Filing, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 106, Page 50, of the Plat Records of Tarrant County, Texas; Commonly known as 2704 Irginia Avenue.

Being the West ½ of Lot 5, Block 45, of M. G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 150 of the Plat Records of Tarrant County, Texas; Commonly known at 2700 Houston Street.

Lot 1, Block 70, of French Fort Worth Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 18, of the Plat Records of Tarrant County, Texas; Commonly known at 1201 Lagonda Avenue.

Unofficial Copy

Ferguson & Associates, LLC
Attorneys at Law

Linden Ferguson
Licensed in Texas
Principal Partner

Phone: (817) 203-1020
Fax: (817) 386-3112
Email: linden@fergteam.com

January 11, 2021

CERTIFIED MAIL RETURN RECEIPT
REQUESTED AND BY REGULAR MAIL

Joseph K. Yamashita
P.O. Box 11751
Fort Worth, TX 76110

Re: Notice of Acceleration of Deed of Trust dated 09/01/2018, in the original principal amount of $150,000, executed by JW Construction and being payable to the order of AFI Mortgage

# NOTICE OF ACCELERATION

Dear Debtor(s):

This letter is being sent to you as a notice that the Note referenced by the note described above. You were notified in a letter dated _____ that this debt had occurred in the payment of the note and that the Mortgage note Holder of the Note, would accelerate the maturity of the note 20 days from the expiration of the referenced letter unless the default were cured before that time. Because of your failure to pay the past due payments of the note, the maturity date of the note has been accelerated and by reason of the default, all unpaid principal and accrued interest on the note are due and payable immediately.

The payoff figure shown on the attached payoff must be received by the lender. Payments or by wire so later than 12:00:00 A.M on _____. Foreclosure...

This notice of acceleration is the one set forth in the note until paid. Additionally, fees incurred in connection with the rights to reimbursement of reasonable Attorney's fees incurred... and Beneficiary of Deed of Trust in the collection in the exercise of rights set forth in the Deed.

The amount due is not paid, the Lender intends to foreclose this under the lien these documents the sum as provided in the Deed of Trust and as provided by applicable Texas Law, and all the obligations held are rights to bring a court action to assert the non-existence of a default or any other defense to acceleration and foreclosure which may may have.

Page 1 of 2

IMAGE SUMMARY

D221098533

9 of 12

Page 9 of 12

< Prev Doc | Next Doc >

Add To Cart ▼

"Unless you dispute the validity of the debt, or any portion thereof, within thirty days from the receipt of this notice, the debt will be assumed to be valid by the undersigned. If you notify the undersigned in writing within thirty days from the receipt of this letter that the debt or any portion thereof is disputed, I will obtain verification of the debt and I will mail a copy of the verification to you. Upon your written request, within the thirty (30) day period for the verification, I will provide you with the name and address of the original creditor. These thirty (30) day periods do not alter, waive, or affect the time for payment set forth above. You shall have the right to terminate the last offer of settlement and the right to bring a court action to assert the non-existence of a default or any other defense you might have to acceleration and foreclosure."

"Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately."

This form is a debt collector attempting to collect the debt. Any information you give me will be used in the collection of the debt.

You may contact me at the firm's address for any questions you may have concerning the exact amount due and owed or the steps you may take to avoid foreclosure.

Demand is hereby made that this indebtedness be paid.

Thank you for your time and cooperation in this matter. If you have any questions, please feel free to contact me by email at legal@brauwss.com.

Sincerely,

J. Michael Ferguson

Unofficial Copy

Page 2 of 2

Notice of Trustee's Sale

Date: 1/11/2021

Original Lender: R.W. Wasner, Inc

Current Holder: Axxxx Financial, Inc

Mortgage Servicer: AFI Loan Servicing, LLC, NMLS No. 1577883

Mortgage Servicer's Address: 62 Main Street, Suite 300, Colleyville, Texas 76034

Note and Security Agreement: A Promissory Note dated 08/31/2016 and Deed of Trust (the "Deed of Trust) in the original amount of $118,500.00 executed by BUYER made payable to Lender and being filed of record under Instrument Number D216193288 of the Original of Tarrant County, Texas.

Property: See Exhibit "A"

County: Tarrant

Date of Sale (first Tuesday of month):

Time of Sale: 10:00:00 A.M. or within three hours of this time.

Place of Sale: The Steps of ___ place designated by the county commissioners.

ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.

Questions concerning under the Deed of Trust, Mortgage Servicer has appointed J. Michael ___ as Trustee under the Deed of Trust. Mortgage Servicer has authorized Trustee to offer the Property for sale toward the satisfaction of the Note. This Mortgage ___ being administered by Mortgage Servicer. Mortgage Servicer is representing ___ under a servicing agreement.

THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE. THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.

JAN 12 2021

Page 1 of 3

IMAGE SUMMARY

D221088530    11    of 12

Page 11 of 12

< Prev Doc | Next Doc >

Add To Cart ▼

Notice is given that on the Date of Sale, Trustee will offer the Property for sale at public auction at the Place of Sale, to the highest bidder for cash, "AS IS." The sale will begin at the Time of Sale or not later than three hours thereafter. This sale will be conducted subject to the right of rescission contained in section 51.016 of the Texas Property Code.

J. Kristine Ferguson or:
Yardi-Ferguson
60 Main Street, Suite 210
Colleyville, Texas 76034
Phone: (817) 267-1008
Email: kfer@ferguson.com
Trustee/Substitute Trustee



Certificate of Posting

My name is _____, my address is c/o Ferguson & Associates, LLC, 60 Main Street, Suite 210, Colleyville, Texas 76034. I declare under penalty of perjury that on _____ I filed this Notice of Foreclosure with the office of the Tarrant County Clerk and caused to be posted at the designated for Foreclosure Sale Notices at the Tarrant County Courthouse.

Dated: 1/12/2021

Declarant's Signature
Declarant's Name

Unofficial Copy

FILED
JAN 12 2021
COUNTY CLERK, TEXAS

Page 1 of 1



**Exhibit "A"**

Lots 2 and 3, Block 47, of Polytechnic Subdivision of H.C.B. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 104, Page 50, of the Plat Records of Tarrant County, Texas; Commonly known as 1911 and 1915 Pinecrest Avenue.

Lot 12, Block 43, of Rosen Heights, First Filing, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 106, Page 50, of the Plat Records of Tarrant County, Texas; Commonly known as 2734 Refugio Avenue.

Being the West ½ of Lot 8, Block 46, of M.C. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 19, of the Plat Records of Tarrant County, Texas; Commonly known as 2724 Hanna Avenue.

Lot 1, Block 70, of North Fort Worth Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 19, of the Plat Records of Tarrant County, Texas; Commonly known as 1501 Lagonda Avenue.

Unofficial Copy

FILED
JAN 12 2020
COUNTY CLERK TARRANT CO. TEXAS

NOTICE OF CONFIDENTIALITY RIGHTS:  IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

<div align="center">Deed of Trust<br>Terms</div>

**Date:**  05/23/2014

**Grantor:**   Joseph Yammine, a single man

**Grantor's Mailing Address:** P.O. Box 4496, Fort Worth, TX 76164

**Trustee:**   J. Michael Ferguson

**Trustee's Mailing Address:** 1210 Hall Johnson Rd., Suite 100, Colleyville, Texas 76034

**Lender:**   S & F Funding, LLC

**Lender's Mailing Address:**   1210 Hall Johnson Rd., Suite 100, Colleyville TX 76034

**Obligation**

> Note
> Date:  05/23/2014
> Original principal amount:   $122,150.54
> Borrower:   Joseph Yammine, a single man
> Lender:   S & F Funding, LLC
> Maturity date: 05/23/2029
> Terms of Payment:   As provided in the note.

  Other Debt:  This deed of trust also secures payment of any debt that Grantors may subsequently owe to Lender and that arises while Grantors own the Property.

**Property (including any improvements):**

*Lot 1 and 2, in Block 130, of Belmont Terrace Addition, an Addition to the City of Fort Worth, Tarrant County, Texas, according to the Map or Plat thereof recorded in/ under Volume 204, Page 9, of the Plat Records, of Tarrant County, Texas (a.k.a. "1701 Grand Ave., Fort Worth, TX 76164").*

**Other Security for Payment:** Borrower pledges as additional collateral the properties attached on Exhibit "A"

1 | P a g e

EXHIBIT "K"

**Prior Lien:** None

**Other Exceptions to Conveyance and Warranty:**

Liens described as part of the Consideration and any other liens described in the deed to Grantors as being either assumed or subject to which title is taken; validly existing easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded and validly existing instruments, other than conveyances of the surface fee estate, that affect the Property; and taxes for 2014, and subsequent assessments for that and prior years due to change in land usage, ownership, or both.

For value received and to secure payment of the Obligation, Grantors convey the Property to Trustee in trust.  Grantors warrant and agree to defend the title to the Property, subject to the Other Exceptions to Conveyance and Warranty.  On payment of the Obligation and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Lender will release it at Grantors' expense.

## Clauses and Covenants

A.    **Grantors' Obligations**

Grantors agree to-

1.    keep the Property in good repair and condition;

2.    pay all taxes and assessments on the Property before delinquency, not authorize a taxing entity to transfer its tax lien on the Property to anyone other than Lender, and not request a deferral of the collection of taxes pursuant to section 33.06 of the Texas Tax Code;

3.    defend title to the Property subject to the Other Exceptions to Conveyance and Warranty and preserve the lien's priority as it is established in this deed of trust;

4.    maintain all insurance coverages with respect to the Property, revenues generated by the Property, and operations on the Property that Lender reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Lender, and deliver evidence of the Required Insurance Coverages in a form acceptable to Lender at least ten days before the expiration of the Required Insurance Coverages;

5.    obey all laws, ordinances, and restrictive covenants applicable to the Property;

6.    keep any buildings occupied as required by the Required Insurance Coverages;

7.    if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and

8.    notify Lender of any change of address.

B.    **Lender's Rights**

1.    Lender or Lender's mortgage servicer may appoint in writing one or more substitute trustees, succeeding to all rights and responsibilities of Trustee.

2.    If the proceeds of the Obligation are used to pay any debt secured by prior liens, Lender is subrogated to all the rights and liens of the holders of any debt so paid.

3.    Lender may apply any proceeds received under the property insurance policies covering the Property either to reduce the Obligation or to repair or replace damaged or destroyed improvements covered by the policy.   If the Property is Grantors' primary residence and Lender reasonably determines that repairs to the improvements are economically feasible, Lender will make the property insurance proceeds available to Grantors for repairs.

4.    Notwithstanding the terms of the Note to the contrary, and unless applicable law prohibits, all payments received by Lender from Grantors with respect to the Obligation or this deed of trust may, at Lender's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Lender with respect to the Obligation, to be applied to late charges, principal, or interest in the order Lender in its discretion determines.

5.    If Grantors fail to perform any of Grantors' obligations, Lender may perform those obligations and be reimbursed by Grantors on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Note for matured, unpaid amounts.   The amount to be reimbursed will be secured by this deed of trust.

6.    If a default exists in payment of the Obligation or performance of Grantors' obligations and the default continues after any required notice of the default and the time allowed to cure, Lender may-

a.    declare the unpaid principal balance and earned interest on the Obligation immediately due;

b.    exercise Lender's rights with respect to rent under the Texas Property Code as then in effect;

c.    direct Trustee to foreclose this lien, in which case Lender or Lender's agent will cause notice of the foreclosure sale to be given as provided by the Texas

Property Code as then in effect; and

    d.    purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Obligation.

7.    Lender may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

**C.    Trustee's Rights and Duties**

If directed by Lender to foreclose this lien, Trustee will-

1.    either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

2.    sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantors, subject to the Prior Lien and to the Other Exceptions to Conveyance and Warranty and without representation or warranty, express or implied, by Trustee;

3.    from the proceeds of the sale, pay, in this order-

    a.    expenses of foreclosure, including a reasonable commission to Trustee;

    b.    to Lender, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

    c.    any amounts required by law to be paid before payment to Grantors; and

    d.    to Grantors, any balance; and

4.    be indemnified, held harmless, and defended by Lender against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

**D.    General Provisions**

1.    If Lender fails to make when due any deposit to the tax and insurance reserve fund provided for under the deed of trust securing payment of the prior note, Grantors will have the right to make the deposit to the tax and insurance reserve fund as long as Grantors are not in default in payment of the Note secured by this deed of trust or in performance of the covenants of this deed of trust. If Grantors make such a deposit, Grantors will receive credit on the tax and insurance reserve fund provided for in this deed of trust for all amounts so deposited, as of the

date of the deposit.

2.    If any of the Property is sold under this deed of trust, Grantors must immediately surrender possession to the purchaser.  If Grantors fail to do so, Grantors will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

3.    Recitals in any trustee's deed conveying the Property will be presumed to be true.

4.    Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

5.    This lien will remain superior to liens later created even if the time of payment of all or part of the Obligation is extended or part of the Property is released.

6.    If any portion of the Obligation cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

7.    Grantors assign to Lender all amounts payable to or received by Grantors from condemnation of all or part of the Property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the Property.  After deducting any expenses incurred, including attorney's fees and court and other costs, Lender will either release any remaining amounts to Grantors or apply such amounts to reduce the Obligation.  Lender will not be liable for failure to collect or to exercise diligence in collecting any such amounts.  Grantors will immediately give Lender notice of any actual or threatened proceedings for condemnation of all or part of the Property.

8.    Grantors collaterally assign to Lender all present and future rent from the Property and its proceeds.  Grantors warrant the validity and enforceability of the assignment.  Grantors will apply all rent to payment of the Obligation and performance of this deed of trust, but if the rent exceeds the amount due with respect to the Obligation and the deed of trust, Grantors may retain the excess.  If a default exists in payment of the Obligation or performance of this deed of trust, Lender may exercise Lender's rights with respect to rent under the Texas Property Code as then in effect.  Lender neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the Property.  Lender may exercise Lender's rights and remedies under this paragraph without taking possession of the Property.  Lender will apply all rent collected under this paragraph as required by the Texas Property Code as then in effect.  Lender is not required to act under this paragraph, and acting under this paragraph does not waive any of Lender's other rights or remedies.

9.    Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law.  Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded.  On any acceleration or required or permitted

prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

10.    In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

11.    When the context requires, singular nouns and pronouns include the plural.

12.    The term *Note* includes all extensions, modifications, and renewals of the Note and all amounts secured by this deed of trust.

13.    Grantors will deposit with Lender or other holder of the Note, in addition to the principal and interest installments, a pro rata part of the estimated annual ad valorem taxes on the Property and a pro rata part of the estimated annual insurance premiums for the improvements on the Property. These tax and insurance deposits are only estimates and may be insufficient to pay total taxes and insurance premiums. Grantors must pay any deficiency within thirty days after notice from Lender or other holder of the Note. Grantors' failure to pay the deficiency will constitute a default under the Deed Trust. If any superior lienholder on the Property is collecting escrow payments for taxes and insurance, this paragraph will be inoperative as long as payments are being made to the superior lienholder.

14.    If the Property is transferred by foreclosure, the transferee will acquire title to all insurance policies on the Property, including all paid but unearned premiums.

15.    Grantors agree to allow Lender or Lender's agents to enter the Property at reasonable times and inspect it and any personal property in which Lender is granted a security interest by this deed of trust.

16.    GRANTORS MAY FURNISH ANY INSURANCE REQUIRED BY THIS DEED OF TRUST EITHER THROUGH EXISTING POLICIES OWNED OR CONTROLLED BY GRANTORS OR THROUGH EQUIVALENT COVERAGE FROM ANY INSURANCE COMPANY AUTHORIZED TO TRANSACT BUSINESS IN TEXAS.

17.    If Grantors transfer any part of the Property without Lender's prior written consent, Lender may declare the debt secured by this deed of trust immediately payable and invoke any remedies provided in this deed of trust for default. If the Property is residential real property containing fewer than five dwelling units or a residential manufactured home occupied by Grantors, exceptions to this provision are limited to (a) a subordinate lien or encumbrance that does not transfer rights of occupancy of the Property; (b) creation of a purchase-money security interest for household appliances; (c) transfer by devise, descent, or operation of law on the death of a co-Grantor; (d) grant of a leasehold interest of three years or less without an option to

purchase; (e) transfer to a spouse or children of Grantors or between co-Grantors; (f) transfer to a relative of Grantors on Grantors' death; and (g)  transfer to an inter vivos trust in which Grantors are and remain beneficiaries and occupants of the Property.

18.    This deed of trust binds, benefits, and may be enforced by the successors in interest of all parties.

19.    If Grantors and Borrowers are not the same person, the term *Grantors* includes Borrowers.

20.    Grantors and each surety, endorser, and guarantor of the Obligation waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest (f) notice of protest, and (g) rights under sections 51.003, 51.004, and 51.005 of the Texas Property Code.

21.    Grantors will have full recourse liability for repayment of the principal and interest of the Note and the performance of all covenants and agreements of Grantors in this Deed of Trust.

22.    Grantors agree to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Lender's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

23.    If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

24.    The term *Lender* includes any mortgage servicer for Lender.

25.    Grantors represent that this deed of trust and the Note are given for the following purposes:

The Note renews and extends the balance of $117,083.53 that Grantor owes on a prior note in the original principal amount of $, which is dated , executed by , and payable to the order of . The prior note is more fully described in and secured by a deed of trust on the Property, which is dated   and recorded in , of the real property records of Tarrant County, Texas.

_____
Joseph K. Yammine, Individually

_____
Joseph K. Yammine, d/b/a JW Construction

STATE OF TEXAS            )

COUNTY OF TARRANT         )

      This instrument was acknowledged before me on 05/23/2014, by Joseph K. Yammine, a single man and Joseph K. Yammine d/b/a JW Construction.

JESSICA DORSETT
Notary Public
STATE OF TEXAS
My Comm. Exp. April 15, 2015

_____
Notary Public, State of Texas

AFTER RECORDING RETURN TO:

J. Michael Ferguson, P.C.
Attorney at Law
1210 Hall Johnson Rd., Suite 100
Colleyville, Texas 76034
Tel: (817) 267-1008
Fax: (817) 485-1117

Page 9 of 10

Exhibit "A"

| | Property Tax Account No. | Property Owner | Property Address | Property City | TAD Value |
|---|---|---|---|---|---|
| Tract 1: | 1080970 | Yammine, Imad | 1720 Mc Curdy St. | Fort Worth | $1,000.00 |
| | Legal Description: | | Tract Three, BLOCK 5, LOTS 25 and 26, GRAHAM PARK ADDITION, Situated in the City of Fort Worth, Tarrant County, Texas, as shown by a deed of record in Volume 6099, Page 996, of the Deed Records of Tarrant County, Texas | | |
| Tract 2: | 842982 | Yammine, Joseph | 3220 N Houston St. | Fort Worth | $9,990.00 |
| | Legal Description: | | BLK 103; LOT 14; MG ELLIS, an Addition to the City of Fort Worth, Tarrant County, Texas | | |
| Tract 4: | 2269082 | JW Construction | 2625 Prospect Ave. | Fort Worth | $36,300.00 |
| | Legal Description: | | Lot 3, Block 47, of Pruitt Subdivision of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 106, Page 90, of the Plat Records of Tarrant County, Texas | | |
| Tract 12: | 832839 | Yammine, Joseph | 410 Cliff St. | Fort Worth | $49,800.00 |
| | Legal Description: | | BEING THE MIDDLE OF LOTS 13-15, BLOCK 37, OF M.G. ELLIS ADDITION, AN ADDITION TO THE CITY OF FORT WORTH, TARRANT COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 63, PAGE 18, OF THE PLAT RECORDS OF TARRANT COUNTY, TEXAS; also known as 410 Cliff Street, Fort Worth, TX 76106 | | |
| t 14: | 842982 | Yammine, Joseph | 3220 N Houston St. | Fort Worth | $9,990.00 |
| | Legal Description: | | BLK 103; LOT 14; MG ELLIS, an Addition to the City of Fort Worth, Tarrant County, Texas | | |

Unofficial Copy

MARY LOUISE GARCIA

COUNTY CLERK



100 West Weatherford   Fort Worth, TX 76196-0401

PHONE (817) 884-1195

J MICHAEL FERGUSON
1210 HALL JOHNSON RD
STE 100
COLLEYVILLE, TX 76034

Submitter:   J MICHAEL FERGUSON

## DO NOT DESTROY
## WARNING - THIS IS PART OF THE OFFICIAL RECORD.

Filed For Registration:    6/6/2014 10:08 AM
Instrument #:    D214117543
DT    10    PGS    $48.00

By: _Mary Louise Garcia_ _____

D214117543

ANY PROVISION WHICH RESTRICTS THE SALE, RENTAL OR USE OF THE DESCRIBED REAL PROPERTY
BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.

**Property Tax Loan**
[Promissory Note]

THE LOAN SECURED BY THIS DEED OF TRUST IS AN EXTENSION OF CREDIT AS
DEFINED BY SECTION 32.06 OF THE TEXAS TAX CODE.
("PROPERTY TAX LOAN").

**Date:** ~~05/23/2014~~

**Borrower:** Joseph Yammine, individually; Joseph Yammine d/b/a JW Construction; Wahid Yammine, individually, by Wally Yammine, POA.; Wahid Yammine d/b/a New Frontier Financial, by Wally Yammine, POA

**Borrower's Mailing Address:** P.O. Box 4496, Fort Worth, TX 76164

**Lender:** Anson Financial, Inc., a Texas corporation; NMLS #281151

**Place for Payment:** 1210 Hall Johnson Road, Suite 100
Colleyville, TX 76034

**Principal Amount:** ~~$129,155.91~~

**Annual Interest Rate:** 14.000%

**Maturity Date:** 05/23/2029

**Annual Interest Rate on Matured, Unpaid Amounts:** 14.000%

**Terms of Payment** (principal and interest): The Principal Amount and interest are due and payable in equal periodic installments of 1,720.02, beginning 06/23/2014 and continuing until the unpaid principal and accrued, unpaid interest have been paid in full. Payments will be applied first to accrued interest and the remainder to the Principal Amount.

**Security for Payment:** This Property Tax Loan is secured by a deed of trust dated 05/23/2014 from Joseph Yammine, individually; Joseph Yammine d/b/a JW Construction; Wahid Yammine, individually, by Wally Yammine, POA.; Wahid Yammine d/b/a New Frontier Financial, by Wally Yammine, POA to J. Michael Ferguson, trustee, which covers the following real property:

<u>See Exhibit "A"</u>

1

**EXHIBIT "L"**

*Exhibit*
*"A"*

Borrower promises to pay to the order of Lender the Principal Amount plus interest at the Annual Interest Rate. This Property Tax Loan is payable at the Place for Payment and according to the Terms of Payment. All unpaid amounts are due by the Maturity Date. If any amount is not paid either when due under the Terms of Payment or on acceleration of maturity, Borrower promises to pay any unpaid amount plus interest from the date the payment was due to the date of payment at the Annual Interest Rate on Matured, Unpaid Amounts.

If any installment becomes overdue for more than Fifteen days, at Lender's option a late payment charge of 4% of the total payment may be charged in order to defray the expense of handling the delinquent payment.

If Borrower defaults in the payment of this Property Tax Loan or in the performance of any obligation in any instrument securing this Property Tax Loan, Lender may declare the unpaid principal balance and earned interest on the Property Tax Loan due. Borrower waives all demand for payment, presentation for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protest, and notice of protest, to the extent permitted by law.

Borrower also promises to pay reasonable attorney's fees and court and other costs if this Property Tax Loan is placed in the hands of an attorney to collect or enforce the Property Tax Loan. These expenses will bear interest from the date of advance at the Annual Interest Rate on Matured, Unpaid Amounts. Borrower will pay Lender these expenses and interest on demand at the Place for Payment. These expenses and interest will become part of the Property Tax Loan and will be secured by the Security for Payment.

The Property Tax Loan is made on condition that-

1.    Borrower not be required to apply the proceeds of the Property Tax Loan to repay another debt except debt secured by the Property or debt to another lender;

2.    Borrower not sign any instrument in which blanks for substantive terms of agreement are left to be filled in;

3.    Borrower not sign a confession of judgment or power of attorney to Lender or to a third person to confess judgment or to appear for Borrower in a judicial proceeding;

4.    Borrower receive a copy of the final loan application and all executed documents signed by the owner at closing related to the Property Tax Loan;

2

5.    within a reasonable time after termination and full payment of the Property Tax Loan, Lender cancel and return the Property Tax Loan to Borrower and deliver, in recordable form, a release of the lien securing the Property Tax Loan or a copy of an endorsement or assignment of the lien to a lender that is refinancing the Property Tax Loan;

6.    Borrower may, within three days after the Property Tax Loan is made, rescind the Property Tax Loan without penalty or charge unless right to rescind is waived due to emergency;

7.    the Property Tax Loan is not a form of open-end account that may be debited from time to time or under which credit may be extended from time to time.

8.    the Property Tax Loan may not be accelerated because of a decrease in the market value of the Property or Borrower's default under other indebtedness not secured by a prior valid encumbrance against the Property; and

Borrower may at any time make full or partial prepayments on the principal without paying any penalty, in addition to making regularly scheduled payments. Unless Lender agrees otherwise in writing, the making of partial prepayments will not alter the dates or amounts of regularly scheduled payments.

Interest on the debt evidenced by this Property Tax Loan will not exceed the maximum rate or amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the Principal Amount or, if the Principal Amount has been paid, refunded. On any acceleration or required or permitted prepayment, any excess interest will be canceled automatically as of the acceleration or prepayment or, if the excess interest has already been paid, credited on the Principal Amount or, if the Principal Amount has been paid, refunded. Loan charges, fees, or similar amounts other than interest will not exceed the maximum amount or rate that may be contracted for, taken, reserved, charged, or received under law. Any loan charges, fees, or similar amounts other than interest in excess of that maximum rate or amount will be credited on the Principal Amount or, if the Principal Amount has been paid, refunded. This provision overrides any conflicting provisions in this Property Tax Loan and all other instruments concerning the debt.

When the context requires, singular nouns and pronouns include the plural.

Joseph K. Yammine d/b/a JW Construction

Joseph K. Yammine, Individually

Wahid Yammine, individually, by Wally Yammine, POA

Wahid Yammine d/b/a New Frontier Financial, by Wally Yammine, POA

4

Exhibit "A"

| | Property Tax Account No. | Property Owner | Property Address | Property City | TAD Value | Taxes Paid To TCTAC | Tax Liens Refinanced |
|---|---|---|---|---|---|---|---|
| Tract 1 | 1080970 | Yammine, Imad | 1720 Mc Cauly St. | Fort Worth | $1,000.00 | $4,224.12 | |
| | Legal Description: | | Tract Three, BLOCK 5, LOTS 25 and 26, GRAHAM PARK ADDITION, Situated in the City of Fort Worth, Tarrant County, Texas, as shown by a deed of record in Volume 6099, Page 996, of the Deed Records of Tarrant County, Texas | | | | |
| Tract 2: | 842982 | Yammine, Joseph | 3220 N Houston St. | Fort Worth | $9,990.00 | $7,724.46 | |
| | Legal Description: | | BLK 103; LOT 14; MG ELLIS, an Addition to the City of Fort Worth, Tarrant County, Texas. | | | | |
| Tract 3 | 833886 | Yammine, W Joseph | 729 NW 28th St. | Fort Worth | $88,276.00 | $12,526.72 | |
| | Legal Description: | | MG Ellis Addition; Block 47; Se PT 15-16 TRI 17 known as 729 NW 28th St., Fort Worth, Tarrant County, Texas. | | | | |
| Tract 4: | 2269082 | JW Construction | 2623 Prospect Ave. | Fort Worth | $36,100.00 | $2,708.31 | $8,500.00 |
| | Legal Description: | | Lot 3, Block 47, of Pruitt Subdivision of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 106, Page 90, of the Plat Records of Tarrant County, Texas. | | | | |
| Tract 5 | 2269074 | New Frontier Financial | 2621 Prospect Ave. | Fort Worth | $43,100.00 | $3,608.68 | $10,500.00 |
| | Legal Description: | | Lot 2, Block 47, of Pruitt Subdivision of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 106, Page 90, of the Plat Records of Tarrant County, Texas. | | | | |
| Tract 6 | 2853426 | Yammine, Wahid | 1017 8th Ave. | Fort Worth | $130,000.00 | $9,390.18 | |
| | Legal Description: | | Lot 11, in Block 10, Southland Subdivision Field Welch Addition, an addition to the City of Fort Worth, Tarrant County, Texas; also known as 1017 8th Avenue, Fort Worth, Tarrant County, Texas. | | | | |
| Tract 7 | 4666127 | Yammine, Wahid | 811 NW 28th St. | Fort Worth | $2,039.00 | $1,375.27 | |
| | Legal Description: | | Lot 11 and lots 11 & 12, in Block 48, MG Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas; also known as 811 NW 28th Street, Fort Worth, Tarrant County, Texas | | | | |
| Tract 8 | 833770 | New Frontier Financial | 2704 Holland St. | Fort Worth | $26,500.00 | $5,378.72 | |
| | Legal Description: | | Lot 6 W 1/2 6; in Block 46; MG Ellis Addition an addition to the City of Fort Worth, Tarrant County Texas; also known as 2704 Holland Street, Fort Worth, Tarrant County, Texas. | | | | |
| Tract 9: | 1904264 | New Frontier Financial | 1301 Legonia Ave. | Fort Worth | $14,984.00 | $3,784.02 | $8,000.00 |
| | Legal Description: | | Lot 1, Block 70, of North Fort Worth Addition, an addition the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 149, of the Plat Records of Tarrant county, Texas. | | | | |
| Tract 10: | 832839 | Yammine, Joseph | 410 Cliff St. | Fort Worth | $43,800.00 | $3,938.31 | $4,684.44 |
| | Legal Description: | | BEING THE MIDDLE OF LOTS 13-15, BLOCK 37, OF M.G. ELLIS ADDITION, AN ADDITION TO THE CITY OF FORT WORTH, TARRANT COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 63, PAGE 18, OF THE PLAT RECORDS OF TARRANT COUNTY, TEXAS. | | | | |

Joseph E. Yammine Wahid
Wahid Yammine by Wahy Yammine, POA holder

Page 1 of 2

Exhibit "A"

| Tract 11 | 1897780 | New Frontier Financial | | 701 N. Main St. | Fort Worth | $82,570.00 | | $7,000.00 |

Legal Description: Lots 43 through 48, of Block 27, in North Fort Worth Addition, an addition to the City of Fort Worth, Tarrant county, Texas, according to the plat thereof recorded in Volume 63, Page 149, Deed Records, Tarrant County, Texas.

| Tract 12 | 1897659 | New Frontier Financial | | 717 N Main St. | Fort Worth | $82,741.00 | $2,348.33 | $10,992.17 |

Legal Description: The North 15 Feet of Lot 9, All of Lots 10, 11, 38, and 39, Block 27, of North Forth Worth Addition, an Addition to the City of Fort Worth, Tarrant County, Texas, according to the Plat recorded in Vol 63, Page 149, of the Plat Records of Tarrant County, Texas; and together with all of the alley abutting said lots in the center of Block 27, heretofore closed, vacated and abandoned.

| Tract 13 | 62046950 | Yummine, Joseph | MEACHAM S UT # B 30H | Fort Worth | $490.00 | $81.01 |
| Tract 14 | 62191632 | Yummine, Joseph | JACKSBORO # 1H FW_FWC | Fort Worth | $280.00 | $20.89 |
| Tract 15 | 62191640 | Yummine, Joseph | JACKSBORO # 1H LW_FWC | Fort Worth | $10.00 | $0.75 |
| Tract 16 | 62327367 | Yummine, Joseph | PAPPAJOHN # 2H FW_FWC | Fort Worth | $140.00 | $11.33 |
| Tract 17 | 62327275 | Yummine, Joseph | PAPPAJOHN # 1H FW_FWC | Fort Worth | $150.00 | $11.72 |
| Tract 18 | 62327283 | Yummine, Joseph | PAPPAJOHN # 2H CASFWC | Fort Worth | $40.00 | $3.81 |
| Tract 19 | 62327291 | Yummine, Joseph | PAPPAJOHN # 1H CASFWC | Fort Worth | $40.00 | $3.81 |
| Tract 20 | 62956159 | Yummine, Joseph | MEACHAM S UT # B 28H | Fort Worth | $220.00 | $7.05 |
| Tract 21 | 62956167 | Yummine, Joseph | MEACHAM S UT # B 29H | Fort Worth | $410.00 | $13.14 |

| | Total Proposed TAD Value | Total Taxes Paid | Total Property Tax Lenders Paid |
|---|---|---|---|
| Total Debt Paid/Refinanced | $605,460.00 | $59,187.73 | $49,586.66 |
| | | 410 Cliff Purchase Price: | $13,000.00 |
| | | Total Loan Disbursement: | $121,773.89 |

In Addition, the following Tax Liens are being refinanced as part of this transaction and all liens set out below are being renewed and extended as follows;

1  Tax Lien dated December 27, 2011, in favor of Propel Financial Services, LLC, and being recorded under Instrument Number D212000647, Deed of Trust Records, Tarrant County, Texas

2  The Tax Lien dated April 30, 2011, in the original amount of $4,226.18 in favor of PropTax Answer, LLC, and being recorded under Instrument Number D211111173, Deed of Trust Records, Tarrant County, Texas.

Lastly, the Note and Deed of Trust represent $13,000.00 in cash advanced to Marie Yazbek for the purchase of 410 Cliff, Fort Worth, Texas.

Joseph K. Yammine Initial:
Issbel Yammine by Wally Yammine, POA Initial:

Anson Financial, Inc. NMLS #281151
Texas OCCC Property Tax License 2096-54479

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

### Deed of Trust
[Property Tax Loan]

THE LOAN SECURED BY THIS DEED OF TRUST IS A PROPERTY TAX LOAN AS DEFINED BY SECTION 32.06 OF THE TEXAS TAX CODE. ("Property Tax Loan")

### Terms

**Date:** 05/23/2014

**Grantor:** Joseph Yammine, individually; Joseph Yammine d/b/a JW Construction; Wahid Yammine, individually by Wally Yammine, POA.; Wahid Yammine d/b/a New Frontier Financial by Wally Yammine, POA

**Grantor's Mailing Address:** P.O. Box 4496, Fort Worth, TX 76164

**Trustee:** J. Michael Ferguson

**Trustee's Mailing Address:** 1210 Hall Johnson Rd., Suite 100
Colleyville, Texas 76034

**Lender:** Anson Financial, Inc., a Texas corporation

**Lender's Mailing Address:** 1210 Hall Johnson Road, Suite 100 A
Colleyville, TX 76034

**Property Tax Loan (Promissory Note)**

Date: 05/23/2014
Original principal amount: $129,165.91
Borrower: Joseph Yammine, individually; Joseph Yammine d/b/a JW Construction; Wahid Yammine, individually, by Wally Yammine, POA.; Wahid Yammine d/b/a New Frontier Financial, by Wally Yammine, POA
Lender: Anson Financial, Inc., a Texas corporation
Maturity date: 05/23/2029

The Property Tax Loan represents $59,187.23, at Grantor's request. Lender

*[handwritten:] never paid this amount    Exhibit "B"*

Anson Financial, Inc. NMLS #281151
Texas OCCC Property Tax License 2096-54479

advanced to pay the following taxes, including penalties, interest, and collection expenses, assessed and owed on the Property, which Grantor now owns:

**Property (including any improvements):**

See Exhibit "A"

**Prior Lien:**    None

**Other Exceptions to Conveyance and Warranty:**

1.    All matters set forth as liens or exceptions in the deed by which Grantors acquired title to the Property, and any additional matters described in the exceptions to any policy of title insurance currently insuring title to the Property.

For value received and to secure payment of the Property Tax Loan, Grantor conveys the Property to Trustee in trust. Grantor warrants and agrees to defend the title to the Property, subject to the Other Exceptions to Conveyance and Warranty. On payment of the Property Tax Loan and all other amounts secured by this deed of trust, this deed of trust will have no further effect.

<p style="text-align:center">**Conditions and Terms**</p>

1.    Grantor agrees that Lender may foreclose on the tax lien(s) in the event of any default under the terms of the Note executed by Grantor or upon any default under the terms of the Deed of Trust.

2.    In the event of any default under the terms of this Deed of Trust, Grantor hereby authorizes and consents to give Lender the power of sale and authorizes Lender to foreclose on the tax lien(s) in accordance with Chapter 51 of the Texas Property Code and Section 32.06(c) of the Texas Tax Code, as authorized by Texas Tax Code Sections 32.06 and 32.065. Grantor hereby consents and authorizes Lender to foreclose on the tax lien(s) at any time for any default under the terms of the Note or this Deed of Trust. **Grantor hereby authorizes and consents to allow Lender to foreclose on the tax lien or file suit in less than one (1) year after this Deed of Trust is recorded for any default under the terms of the Note or this Deed of Trust.** Grantor hereby acknowledges and agrees that Lender is not required to wait one year before foreclosing on the Tax Lien(s).

3.    For value received and to secure payment of the Obligation, Grantor hereby Grants, bargains, sells, conveys, and assigns to Trustee the Property, to have and to hold the

<p style="text-align:center">2</p>

Anson Financial, Inc. NMLS #281151
Texas OCCC Property Tax License 2096-54479

Property in trust, with Power of Sale, and Grantor does hereby bind itself, its successors and assigns to warrant and forever defend the title to the Property unto Trustee and Lender and their respective successors, substitutes and assigns. Grantor represents that this Deed of Trust and Note are given for the purpose of transferring tax lien(s) in accordance with Texas Tax Code Section 32.06. On payment of the Obligation and all other amounts secured by this Deed of Trust, this Deed of Trust will have no further effect, and Lender will release it at Grantor's expense.

**Clauses and Covenants**

A.    **Grantor's Obligations**

Grantor agrees to-

1.    keep the Property in good repair and condition;

2.    pay all taxes and assessments on the Property before delinquency;

3.    defend title to the Property subject to the Other Exceptions to Conveyance and Warranty and preserve the lien's priority as it is established in this deed of trust;

4.    maintain, in a form acceptable to Lender, an insurance policy that-

   a.    covers all improvements for their full insurable value as determined when the policy is issued and renewed, unless Lender approves a smaller amount in writing;

   b.    contains an 80 percent co-insurance clause;

   c.    provides fire and extended coverage, including windstorm coverage;

   d.    protects Lender with a standard mortgage clause;

   e.    provides flood insurance at any time the Property is in a flood hazard area; and

   f.    contains such other coverage as Lender may reasonably require;

5.    comply at all times with the requirements of the 80 percent coinsurance clause;

6.    deliver the insurance policy to Lender within ten days of the date of this deed of trust and deliver renewals to Lender at least fifteen days before expiration;

Page 4 of 15

Anson Financial, Inc. NMLS #281151
Texas OCCC Property Tax License 2096-54479

7.    obey all laws, ordinances, and restrictive covenants applicable to the Property;

8.    keep any buildings occupied as required by the insurance policy;

9.    if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and

10.    Grantor agrees to make an initial deposit in a reasonable amount to be determined by Lender and then make periodic payments to a fund for taxes and insurance premiums on the Property. Periodic payments will be made on the payment dates specified in the Property Tax Loan, and each payment will be in an amount that Lender estimates will be sufficient to pay taxes and insurance premiums. The fund will accrue no interest, and Lender will hold it without bond in escrow and use it to pay the taxes and insurance premiums. If Grantor has complied with the requirements of this paragraph, Lender must pay taxes before delinquency. Grantor agrees to make additional deposits on demand if the fund is ever insufficient for its purpose. If an excess accumulates in the fund, Lender may either credit it to future periodic deposits until the excess is exhausted or refund it to Grantor. When Grantor makes the final payment on the Property Tax Loan, Lender will credit to that payment the whole amount then in the fund or, at Lender's option, refund it after the Property Tax Loan is paid. If this deed of trust is foreclosed, any balance in the fund over that needed to pay taxes, including taxes accruing but not yet payable, and to pay insurance premiums will be paid under part C, "Trustee's Rights and Duties." Deposits to the fund described in this paragraph are in addition to the periodic payments provided for in the Property Tax Loan.

**B.    Lender's Rights**

1.    Lender may appoint in writing a substitute trustee, succeeding to all rights and responsibilities of Trustee.

2.    If the proceeds of the Property Tax Loan are used to pay any debt secured by prior liens, Lender is subrogated to all the rights and liens of the holders of any debt so paid.

3.    Lender may apply any proceeds received under the insurance policy either to reduce the Property Tax Loan or to repair or replace damaged or destroyed improvements covered by the policy. If Lender reasonably determines that repairs to the improvements are economically feasible, Lender will make the insurance proceeds available to Grantor for repairs.

4.    Notwithstanding the terms of the Property Tax Loan to the contrary, and unless applicable law prohibits, all payments received by Lender from Grantor under the Property Tax

Anson Financial, Inc. NMLS #281151
Texas OCCC Property Tax License 2096-54479

Loan on this deed of trust may, at Lender's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Lender under the Property Tax Loan, to be applied to principal or interest in the order Lender in Lender's discretion determines.

5.     If Grantor fails to perform any of Grantor's obligations, including obligations contained in the Property Tax Loan or any instrument securing the Property Tax Loan, Lender may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Property Tax Loan for matured, unpaid amounts.  The amount to be reimbursed will be secured by this deed of trust.

6.     If there is a default in the payment of the Property Tax Loan or if Grantor fails to perform any of Grantor's obligations in any instrument securing the Property Tax Loan, and the default continues after any required notice of default and time allowed to cure, Lender may–

     a.     declare the unpaid principal balance and earned interest on the Property Tax Loan  immediately due; and

     b.     foreclose this lien under any proceeding authorized by the Texas Rules of Civil Procedure and other applicable law.

7.     The lien of this deed of trust may be foreclosed only by court order.  On obtaining a court order allowing a foreclosure of this lien under this deed of trust and the Texas Property Code as currently in effect, Lender may–

     a.     direct Trustee to foreclose this lien, in which case Lender or Lender's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

     b.     purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Property Tax Loan .

8.     Lender may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

9.     If Grantor transfers any part of the Property without Lender's prior written consent, Lender may declare the debt secured by this deed of trust immediately payable and invoke any remedies provided in this deed of trust for default.  If the Property is residential real property containing less than five dwelling units or a residential manufactured home occupied by Grantor, exceptions to this provision are limited to (a) a subordinate lien or encumbrance that does not transfer rights of occupancy of the Property; (b) creation of a purchase-money security interest for household appliances; (c) transfer by devise, descent, or operation of law on the death of a co-Grantor; (d) grant of a leasehold interest of three years or less without an option to

Anson Financial, Inc. NMLS #281151
Texas OCCC Property Tax License 2096-54479

purchase; (e) transfer to a spouse or children of Grantor or between co-Grantors; (f) transfer to a relative of Grantor on Grantor's death; and (g) transfer to an inter vivos trust in which Grantor is or remains a beneficiary and occupant of the Property.

**C.    Trustee's Rights and Duties**

If directed by Lender to foreclose this lien, Trustee will–

1.        either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

2.        sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to the Prior Lien and to the Other Exceptions to Conveyance and Warranty and without representation or warranty, express or implied, by Trustee;

3.        from the proceeds of the sale, pay, in this order–

   a.        expenses of foreclosure, including a reasonable commission to Trustee;

   b.        to Lender, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

   c.        any amounts required by law to be paid before payment to Grantor; and

   d.        to Grantor, any balance; and

4.        be indemnified by Lender against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

**D.    General Provisions**

1.        If any of the Property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2.        Recitals in any trustee's deed conveying the Property will be presumed to be true.

3.        Proceeding under this deed of trust, filing suit for foreclosure, filing application for expedited foreclosure proceeding, or pursuing any other remedy will not constitute an election of remedies.

Case 4:23-cv-01235-P    Document 1    Filed 12/12/23    Page 105 of 268    PageID 105

Case 19-42731-mxm13 Doc 60 Filed 03/30/20    Entered 03/30/20 10:24:40    Page 20 of 28
Page 8 of 16
Case 19-42731-mxm13    Claim 3-1 Part 2    Filed 07/02/19    Desc Attachment 1    Page 8
of 16

Anson Financial, Inc. NMLS #281151
Texas OCCC Property Tax License 2096-54479

12.   Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Lender's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

13.   If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

14.   The term *Property Tax Loan* includes all extensions and renewals of the Property Tax Loan and all amounts secured by this deed of trust.

15.   This deed of trust binds, benefits, and may be enforced by the successors in interest of all parties.

16.   If Grantor and Borrower are not the same person, the term *Grantor* includes Borrower.

17.   Grantor represents to Lender that all of the Property is Grantor's homestead.

18.   The Property Tax Loan will conform strictly to the provisions of the Chapter 32 of the Texas Tax Code, Chapter 351 of the Texas Finance Code and Title 7, Part 5, Chapter 89 of the Texas Administrative Code.  In no event will Grantor or Lender be obligated to perform any act or be bound by any requirement that would conflict therewith.  If any term, obligation, privilege, or right of the Property Tax Loan , this deed of trust, any instrument to which Lender is subrogated hereunder, any instrument renewed or extended hereby, or any other document executed in connection with the Property Tax Loan fails to conform to Chapter 32 of the Texas Tax Code, Chapter 351 of the Texas Finance Code and Title 7, Part 5, Chapter 89 of the Texas Administrative Code., or in the event Lender or any holder of the Property Tax Loan fails to comply with Chapter 32 of the Texas Tax Code, Chapter 351 of the Texas Finance Code and Title 7, Part 5, Chapter 89 of the Texas Administrative Code, then, to the extent provided by applicable law, such violation may be cured as set out in Chapter 32 of the Texas Tax Code, Chapter 351 of the Texas Finance Code and Title 7, Part 5, Chapter 89 of the Texas Administrative Code.

8

Case 4:23-cv-01235-P   Document 1   Filed 12/12/23   Page 106 of 268   PageID 106

Case 19-42731-mxm13 Doc 60 Filed 03/30/20 Entered 03/30/20 10:24:40   Page 21 of 28
Case 19-42731-mxm13   Claim 3-1 Part 2   Filed 07/02/19   Desc Attachment 1   Page 9
of 16

Anson Financial, Inc. NMLS #281151
Texas OCCC Property Tax License 2096-54479

_____
Joseph K. Yammine d/b/a JW Construction

_____
Joseph K. Yammine, Individually

_____
Wahid Yammine, individually, by Wally Yammine, POA

_____
Wahid Yammine d/b/a New Frontier Financial, by Wally Yammine, POA

STATE OF TEXAS          )

COUNTY OF               )

This instrument was acknowledged before me on 05/23/2014, by Joseph Yammine, individually, and Joseph Yammine d/b/a JW Construction.

**JESSICA DORSETT**
**Notary Public**
**STATE OF TEXAS**
My Comm. Exp. April 16, 2015

_____
Notary Public, State of Texas

STATE OF TEXAS

COUNTY OF               )

This instrument was acknowledged before me on 5/23/2014 by Wahid Yammine, individually, by Wally Yammine, POA, and Wahid Yammine d/b/a New Frontier Financial, by Wally Yammine, POA.

**JESSICA DORSETT**
**Notary Public**
**STATE OF TEXAS**
My Comm. Exp. April 16, 2015

_____
Notary Public, State of Texas

AFTER RECORDING RETURN TO:

J. Michael Ferguson, P.C.
Attorney at Law
1210 Hall Johnson Rd., Suite 100
Colleyville, Texas 76034
Tel: (817) 267-1008
Fax: (817) 485-1117

9

Exhibit "A"

| Tract | Property Tax Account No. | Property Owner | Property Address | Property City | TAD Value | Taxes Paid To TCTAC | Tax Liens Refinanced |
|---|---|---|---|---|---|---|---|
| Tract 1: | 1080970 | Yammine, Issad | 1720 McCurdy St. | Fort Worth | $1,000.00 | $4,234.12 | |
| | | Legal Description: | Tract Three, BLOCK 5, LOTS 25 and 26, GRAHAM PARK ADDITION, Situated in the City of Fort Worth, Tarrant County, Texas, as shown by a deed of record in Volume 6099, Page 996, of the Deed Records of Tarrant County, Texas. | | | | |
| Tract 2: | 842982 | Yammine, Joseph | 3220 N Houston St. | Fort Worth | $9,990.00 | $7,724.46 | |
| | | Legal Description: | BLK 103; LOT 14; MG ELLIS, an Addition to the City of Fort Worth, Tarrant County, Texas. | | | | |
| Tract 3: | 833886 | Yammine, W Joseph | 729 NW 28th St. | Fort Worth | $88,276.00 | $12,526.72 | |
| | | Legal Description: | MG Ellis Addition; Block 47; So PT 15-16 TR1 17 known as 729 NW 28th St., Fort Worth, Tarrant County, Texas. | | | | |
| Tract 4: | 2269082 | JW Construction | 2625 Prospect Ave. | Fort Worth | $36,300.00 | $2,708.31 | $8,500.00 |
| | | Legal Description: | Lot 3, Block 47, of Pruitt Subdivision of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 106, Page 90, of the Plat Records of Tarrant County, Texas. | | | | |
| Tract 5: | 2269074 | New Frontier Financial | 2621 Prospect Ave. | Fort Worth | $43,100.00 | $3,608.68 | $10,500.00 |
| | | Legal Description: | Lot 2, Block 47, of Pruitt Subdivision of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 106, Page 90, of the Plat Records of Tarrant County, Texas. | | | | |
| Tract 6: | 2853426 | Yammine, Wahid | 1017 8th Ave. | Fort Worth | $130,000.00 | $9,396.38 | |
| | | Legal Description: | Lot 11, No Block 10, Southland Subdivision Field Welch Addition, an addition to the City of Fort Worth, Tarrant County, Texas; also known as 1017 8th Avenue, Fort Worth, Tarrant County, Texas. | | | | |
| Tract 7: | 4666127 | Yammine, Wahid | 811 NW 28th St. | Fort Worth | $2,439.00 | $1,375.27 | |
| | | Legal Description: | Lot 11 and part lots 11 & 12, in Block 48, MG Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas; also known as 811 NW 28th Street, Fort Worth, Tarrant County, Texas. | | | | |
| Tract 8: | 833770 | New Frontier Financial | 2704 Holland St. | Fort Worth | $28,500.00 | $5,378.72 | |
| | | Legal Description: | Lot 6 W 1/2 6; in Block 46; MG Ellis Addition an addition to the City of Fort Worth, Tarrant County Texas; also known as 2704 Holland Street, Fort Worth, Tarrant County, Texas. | | | | |
| Tract 9: | 1904264 | New Frontier Financial | 1301 Legonda Ave. | Fort Worth | $51,984.00 | $3,784.02 | $8,000.00 |
| | | Legal Description: | Lot 1, Block 70, of North Fort Worth Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 169, of the Plat Records of Tarrant county, Texas. | | | | |
| Tract 10: | 832839 | Yammine, Joseph | 410 Cliff St. | Fort Worth | $43,800.00 | $5,920.51 | $4,684.49 |
| | | Legal Description: | BEING THE MIDDLE OF LOTS 13-15, BLOCK 37, OF M G ELLIK ADDITION AN ADDITION TO THE CITY OF FORT WORTH, TARRANT COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 63, PAGE 18, OF THE PLAT RECORDS OF TARRANT COUNTY, TEXAS. | | | | |

Joseph I. Yammine Initial _____
Wahid Yammine by Wahid Yammine for Point Initial _____



Exhibit "A"

| Tract 11 | 1897780 | New Frontier Financial | 201 N. Main St. | Fort Worth | $82,570.00 | | $7,000.00 |

Legal Description: Lots 43 through 48, of Block 27, in North Fort Worth Addition, an addition to the City of Fort Worth, Tarrant county, Texas, according to the plat thereof recorded in Volume 63, Page 149, Deed Records, Tarrant County, Texas.

| Tract 12 | 1892859 | New Frontier Financial | 717 N Main St. | Fort Worth | $82,241.00 | $2,348.53 | $10,402.17 |

Legal Description: The North 15 Feet of Lot 9, All of Lots 10, 11, 38, and 39, Block 27, of North Forth Worth Addition, an Addition to the City of Fort Worth, Tarrant County, Texas, according to the Plat recorded in Vol. 63, Page 149, of the Plat Records of Tarrant County, Texas; and together with all of the alley abutting said lots in the center of Block 27, heretofore closed, vacated and abandoned.

| Tract 13: | 62046950 | Yammine, Joseph | MEACHAM S UT #B 30H | Fort Worth | $490.00 | $81.01 |
| Tract 14: | 62191632 | Yammine, Joseph | JACKSBORO # 1H FW_FWC | Fort Worth | $280.00 | $20.89 |
| Tract 15: | 62191640 | Yammine, Joseph | JACKSBORO # 1H LW_FWC | Fort Worth | $10.00 | $0.75 |
| Tract 16: | 62322267 | Yammine, Joseph | PAPPAJOHN # 3H FW_FWC | Fort Worth | $140.00 | $11.33 |
| Tract 17: | 62322275 | Yammine, Joseph | PAPPAJOHN # 1H FW_FWC | Fort Worth | $130.00 | $11.72 |
| Tract 18: | 62322283 | Yammine, Joseph | PAPPAJOHN # 1H CASFWC | Fort Worth | $40.00 | $3.81 |
| Tract 19: | 62322291 | Yammine, Joseph | PAPPAJOHN # 1H CASFWC | Fort Worth | $40.00 | $3.81 |
| Tract 20: | 62956159 | Yammine, Joseph | MEACHAM S UT #B 28H | Fort Worth | $220.00 | $7.05 |
| Tract 21: | 62956167 | Yammine, Joseph | MEACHAM S UT #B 29H | Fort Worth | $410.00 | $13.14 |

| | Total Proposed TAD Value | Total Taxes Paid | Total Property Tax Lenders Paid |
|---|---|---|---|
| Total Debt Paid/Refinanced: | $695,460.00 | $59,187.23 | $49,586.6 |
| 410 Cliff Purchase Price: | | | $13,000.6 |
| Total Loan Disbursement: | | | $121,773.89 |

In Addition, the following Tax Liens are being refinanced as part of this transaction and all liens set out below are being renewed and extended as follows:

1. Tax Lien dated December 27, 2011, in favor of Propel Financial Services, LLC, and being recorded under Instrument Number D212000647, Deed of Trust Records, Tarrant County, Texas.

2. The Tax Lien dated April 30, 2011, in the original amount of $4,226.18 in favor of PropTax Arvian, LLC, and being recorded under Instrument Number D211114173, Deed of Trust Records, Tarrant County, Texas

Lastly, the Note and Deed of Trust represent $13,000.00 in cash advanced to Merie Yazbek for the purchase of 410 Cliff, Fort Worth, Texas.

Joseph K. Yammine Initials: ___

Page 2 of 2

Anson Financial, Inc. NMLS #281151
Texas OCCC Property Tax License 2096-54479

**NOTICE OF CONFIDENTIALITY RIGHTS:  IF YOU ARE A NATURAL PERSON,
YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING
INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN
REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS:
YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

**Deed of Trust**
[Property Tax Loan]

THE LOAN SECURED BY THIS DEED OF TRUST IS A PROPERTY TAX LOAN AS
DEFINED BY SECTION 32.06 OF THE TEXAS TAX CODE. ("Property Tax Loan")

**Terms**

Date:  05/23/2014

Grantor:        Joseph Yammine, individually; Joseph Yammine d/b/a JW Construction; Wahid
                Yammine, individually, by Wally Yammine, POA.; Wahid Yammine d/b/a New
                Frontier Financial, by Wally Yammine, POA

Grantor's Mailing Address:        P.O. Box 4496, Fort Worth, TX 76164

Trustee:        J. Michael Ferguson

Trustee's Mailing Address:        1210 Hall Johnson Rd., Suite 100
                Colleyville, Texas 76034

Lender:        Anson Financial, Inc., a Texas corporation

Lender's Mailing Address:        1210 Hall Johnson Road, Suite 100 A
                Colleyville, TX  76034

**Property Tax Loan (Promissory Note)**

        Date:  05/23/2014
        Original principal amount:  $129,156.91
        Borrower:        Joseph Yammine, individually; Joseph Yammine d/b/a JW Construction;
                Wahid Yammine, individually, by Wally Yammine, POA.; Wahid
                Yammine d/b/a New Frontier Financial, by Wally Yammine, POA
        Lender:        Anson Financial, Inc., a Texas corporation
        Maturity date: 05/23/2029

        The Property Tax Loan  represents $59,187.23, at Grantor's request, lender

**EXHIBIT "M"** *never paid the*
*amount* Exhibit *"B"*

Case 4:23-cv-01235-P    Document 1    Filed 12/12/23    Page 110 of 268    PageID 110

Case 19-42731-mxm13  Doc 60  Filed 03/30/20  Entered 03/30/20 10:24:40    Page 14 of 28
Case 19-42731-mxm13    Claim 3-1 Part 2    Filed 07/02/19    Desc Attachment 1    Page 2
of 16

Anson Financial, Inc. NMLS #281151
Texas OCCC Property Tax License 2096-54479

advanced to pay the following taxes, including penalties, interest and collection expenses, assessed and owed on the Property, which Grantor now owns:

Property (including any improvements):

See Exhibit "A"

Prior Lien:    None

Other Exceptions to Conveyance and Warranty:

1.    All matters set forth as liens or exceptions in the deed by which Grantors acquired title to the Property, and any additional matters described in the exceptions to any policy of title insurance currently insuring title to the Property.

For value received and to secure payment of the Property Tax Loan, Grantor conveys the Property to Trustee in trust. Grantor warrants and agrees to defend the title to the Property, subject to the Other Exceptions to Conveyance and Warranty. On payment of the Property Tax Loan and all other amounts secured by this deed of trust, this deed of trust will have no further effect.

Conditions and Terms

1.    Grantor agrees that Lender may foreclose on the tax lien(s) in the event of any default under the terms of the Note executed by Grantor or upon any default under the terms of the Deed of Trust.

2.    In the event of any default under the terms of this Deed of Trust, Grantor hereby authorizes and consents to give Lender the power of sale and authorizes Lender to foreclose on the tax lien(s) in accordance with Chapter 51 of the Texas Property Code and Section 32.06(c) of the Texas Tax Code, as authorized by Texas Tax Code Sections 32.06 and 32.065. Grantor hereby consents and authorizes Lender to foreclose on the tax lien(s) at any time for any default under the terms of the Note or this Deed of Trust. **Grantor hereby authorizes and consents to allow Lender to foreclose on the tax lien or file suit in less than one (1) year after this Deed of Trust is recorded for any default under the terms of the Note or this Deed of Trust.** Grantor hereby acknowledges and agrees that Lender is not required to wait one year before foreclosing on the Tax Lien(s).

3.    For value received and to secure payment of the Obligation, Grantor hereby Grants, bargains, sells, conveys, and assigns to Trustee the Property, to have and to hold the

2

Anson Financial, Inc. NMLS #281151
Texas OCCC Property Tax License 2096-54479

Property in trust, with Power of Sale, and Grantor does hereby bind itself, its successors and
assigns to warrant and forever defend the title to the Property unto Trustee and Lender and their
respective successors, substitutes and assigns. Grantor represents that this Deed of Trust and
Note are given for the purpose of transferring tax lien(s) in accordance with Texas Tax Code
Section 32.06. On payment of the Obligation and all other amounts secured by this Deed of
Trust, this Deed of Trust will have no further effect, and Lender will release it at Grantor's
expense.

## Clauses and Covenants

A.    **Grantor's Obligations**

Grantor agrees to—

1.    keep the Property in good repair and condition;

2.    pay all taxes and assessments on the Property before delinquency;

3.    defend title to the Property subject to the Other Exceptions to Conveyance and
Warranty and preserve the lien's priority as it is established in this deed of trust;

4.    maintain, in a form acceptable to Lender, an insurance policy that—

    a.    covers all improvements for their full insurable value as determined when
the policy is issued and renewed, unless Lender approves a smaller
amount in writing;

    b.    contains an 80 percent co-insurance clause;

    c.    provides fire and extended coverage, including windstorm coverage;

    d.    protects Lender with a standard mortgage clause;

    e.    provides flood insurance at any time the Property is in a flood hazard area;
and

    f.    contains such other coverage as Lender may reasonably require;

5.    comply at all times with the requirements of the 80 percent coinsurance clause;

6.    deliver the insurance policy to Lender within ten days of the date of this deed of
trust and deliver renewals to Lender at least fifteen days before expiration;

3

Anson Financial, Inc. NMLS #281151
Texas OCCC Property Tax License 2096-54479

7.      obey all laws, ordinances, and restrictive covenants applicable to the Property;

8.      keep any buildings occupied as required by the insurance policy;

9.      If the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and

10.      Grantor agrees to make an initial deposit in a reasonable amount to be determined by Lender and then make periodic payments to a fund for taxes and insurance premiums on the Property. Periodic payments will be made on the payment dates specified in the Property Tax Loan, and each payment will be in an amount that Lender estimates will be sufficient to pay taxes and insurance premiums. The fund will accrue no interest, and Lender will hold it without bond in escrow and use it to pay the taxes and insurance premiums. If Grantor has complied with the requirements of this paragraph, Lender must pay taxes before delinquency. Grantor agrees to make additional deposits on demand if the fund is ever insufficient for its purpose. If an excess accumulates in the fund, Lender may either credit it to future periodic deposits until the excess is exhausted or refund it to Grantor. When Grantor makes the final payment on the Property Tax Loan, Lender will credit to that payment the whole amount then in the fund or, at Lender's option, refund it after the Property Tax Loan is paid. If this deed of trust is foreclosed, any balance in the fund over that needed to pay taxes, including taxes accruing but not yet payable, and to pay insurance premiums will be paid under part C, "Trustee's Rights and Duties." Deposits to the fund described in this paragraph are in addition to the periodic payments provided for in the Property Tax Loan.

**B.    Lender's Rights**

1.      Lender may appoint in writing a substitute trustee, succeeding to all rights and responsibilities of Trustee.

2.      If the proceeds of the Property Tax Loan are used to pay any debt secured by prior liens, Lender is subrogated to all the rights and liens of the holders of any debt so paid.

3.      Lender may apply any proceeds received under the insurance policy either to reduce the Property Tax Loan or to repair or replace damaged or destroyed improvements covered by the policy. If Lender reasonably determines that repairs to the improvements are economically feasible, Lender will make the insurance proceeds available to Grantor for repairs.

4.      Notwithstanding the terms of the Property Tax Loan to the contrary, and unless applicable law prohibits, all payments received by Lender from Grantor under the Property Tax

4

Case 4:23-cv-01235-P    Document 1    Filed 12/12/23    Page 113 of 268    PageID 113

Case 19-42731-mxm13 Doc 60 Filed 03/30/20 Entered 03/30/20 10:24:40    Page 17 of 28
Case 19-42731-mxm13    Claim 3-1 Part 2    Filed 07/02/19    Desc Attachment 1    Page 5
of 16

Anson Financial, Inc. NMLS #281151
Texas OCCC Property Tax License 2096-54479

Loan on this deed of trust may, at Lender's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Lender under the Property Tax Loan, to be applied to principal or interest in the order Lender in Lender's discretion determines.

5.    If Grantor fails to perform any of Grantor's obligations, including obligations contained in the Property Tax Loan or any instrument securing the Property Tax Loan, Lender may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Property Tax Loan for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

6.    If there is a default in the payment of the Property Tax Loan or if Grantor fails to perform any of Grantor's obligations in any instrument securing the Property Tax Loan, and the default continues after any required notice of default and time allowed to cure, Lender may-

    a.    declare the unpaid principal balance and earned interest on the Property Tax Loan immediately due; and

    b.    foreclose this lien under any proceeding authorized by the Texas Rules of Civil Procedure and other applicable law.

7.    The lien of this deed of trust may be foreclosed only by court order. On obtaining a court order allowing a foreclosure of this lien under this deed of trust and the Texas Property Code as currently in effect, Lender may-

    a.    direct Trustee to foreclose this lien, in which case Lender or Lender's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

    b.    purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Property Tax Loan .

8.    Lender may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

9.    If Grantor transfers any part of the Property without Lender's prior written consent, Lender may declare the debt secured by this deed of trust immediately payable and invoke any remedies provided in this deed of trust for default. If the Property is residential real property containing less than five dwelling units or a residential manufactured home occupied by Grantor, exceptions to this provision are limited to (a) a subordinate lien or encumbrance that does not transfer rights of occupancy of the Property; (b) creation of a purchase-money security interest for household appliances; (c) transfer by devise, descent, or operation of law on the death of a co-Grantor; (d) grant of a leasehold interest of three years or less without an option to

5

Anson Financial, Inc. NMLS #281151
Texas OCCC Property Tax License 2096-54479

purchase; (e) transfer to a spouse or children of Grantor or between co-Grantors; (f) transfer to a relative of Grantor on Grantor's death; and (g) transfer to an inter vivos trust in which Grantor is or remains a beneficiary and occupant of the Property.

**C.    Trustee's Rights and Duties**

If directed by Lender to foreclose this lien, Trustee will-

either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

2.    sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to the Prior Lien and to the Other Exceptions to Conveyance and Warranty and without representation or warranty, express or implied, by Trustee;

3.    from the proceeds of the sale, pay, in this order-

a.    expenses of foreclosure, including a reasonable commission to Trustee;

b.    to Lender, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

c.    any amounts required by law to be paid before payment to Grantor; and

d.    to Grantor, any balance; and

4.    be indemnified by Lender against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

**D.    General Provisions**

1.    If any of the Property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2.    Recitals in any trustee's deed conveying the Property will be presumed to be true.

3.    Proceeding under this deed of trust, filing suit for foreclosure, filing application for expedited foreclosure proceeding, or pursuing any other remedy will not constitute an election of remedies.

Anson Financial, Inc. NMLS #281151
Texas OCCC Property Tax License 2096-54479

12.    Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Lender's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

13.    If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

14.    The term *Property Tax Loan* includes all extensions and renewals of the Property Tax Loan and all amounts secured by this deed of trust.

15.    This deed of trust binds, benefits, and may be enforced by the successors in interest of all parties.

16.    If Grantor and Borrower are not the same person, the term *Grantor* includes Borrower.

17.    Grantor represents to Lender that all of the Property is Grantor's homestead.

18.    The Property Tax Loan will conform strictly to the provisions of the Chapter 32 of the Texas Tax Code, Chapter 351 of the Texas Finance Code and Title 7, Part 5, Chapter 89 of the Texas Administrative Code. In no event will Grantor or Lender be obligated to perform any act or be bound by any requirement that would conflict therewith. If any term, obligation, privilege, or right of the Property Tax Loan , this deed of trust any instrument to which Lender is subrogated hereunder, any instrument renewed or extended hereby, or any other document executed in connection with the Property Tax Loan fails to conform to Chapter 32 of the Texas Tax Code, Chapter 351 of the Texas Finance Code and Title 7, Part 5, Chapter 89 of the Texas Administrative Code., or in the event Lender or any holder of the Property Tax Loan fails to comply with Chapter 32 of the Texas Tax Code, Chapter 351 of the Texas Finance Code and Title 7, Part 5, Chapter 89 of the Texas Administrative Code, then, to the extent provided by applicable law, such violation may be cured as set out in Chapter 32 of the Texas Tax Code, Chapter 351 of the Texas Finance Code and Title 7, Part 5, Chapter 89 of the Texas Administrative Code.

Anson Financial, Inc. NMLS #281151
Texas OCCC Property Tax License 2096-54479

_____
Joseph K. Yammine d/b/a JW Construction

_____
Joseph K. Yammine, Individually

_____
Wahid Yammine, Individually, by Wally Yammine, POA

_____
Wahid Yammine d/b/a New Frontier Financial, by Wally Yammine, POA

STATE OF TEXAS                    )

COUNTY OF                         )

        This instrument was acknowledged before me on 05/23/2014, by Joseph Yammine, individually, and Joseph Yammine d/b/a JW Construction.

JESSICA DORSETT
Notary Public
STATE OF TEXAS
My Comm. Exp. April 16, 2016

_____
Notary Public, State of Texas

STATE OF TEXAS

COUNTY OF                         )

        This instrument was acknowledged before me on 5/23/2014 by Wahid Yammine, individually, by Wally Yammine, POA, and Wahid Yammine d/b/a New Frontier Financial, by Wally Yammine, POA.

JESSICA DORSETT
Notary Public
STATE OF TEXAS
My Comm. Exp. April 16, 2016

_____
Notary Public, State of Texas

AFTER RECORDING RETURN TO:

J. Michael Ferguson, P.C.
Attorney at Law
1210 Hall Johnson Rd., Suite 100
Colleyville, Texas 76034
Tel: (817) 267-1008
Fax: (817) 485-1117

9

Case 4:23-cv-01235-P     Document 1     Filed 12/12/23     Page 117 of 268     PageID 117

Case 19-42731-mxm13 Doc 60 Filed 03/30/20   Entered 03/30/20 10:24:40   Page 22 of 28
Case 19-42731-mxm13   Claim 3-1 Part 2   Filed 07/02/19   Desc Attachment 1   Page 10

Exhibit "A"

| | Property Tax Account No. | Property Owner | Property Address | Property City | TAD Value | Taxes Paid To TCTAC | Tax Liens Reinstated |
|---|---|---|---|---|---|---|---|
| Tract 1: | 1000970 | Yammine, Imad | 1720 Mc Curdy St. | Fort Worth | $1,000.00 | $4,334.12 | |
| | | Legal Description: | Tract Three, BLOCK 5, LOTS 25 and 26, GRAHAM PARK ADDITION, Situated in the City of Fort Worth, Tarrant County, Texas, as shown by a deed of record in Volume 6099, Page 996, of the Deed Records of Tarrant County, Texas. | | | | |
| Tract 2: | 842982 | Yammine, Joseph | 1220 N Houston St. | Fort Worth | $9,990.00 | $7,724.46 | |
| | | Legal Description: | BLK 103; LOT 14; MG ELLIS, an Addition to the City of Fort Worth, Tarrant County, Texas. | | | | |
| Tract 3: | 833886 | Yammine, W Joseph | 729 NW 28th St. | Fort Worth | $88,276.00 | $12,526.72 | |
| | | Legal Description: | MG Ellis Addition; Block 47; Se PT 15-16 TR1 17 known as 729 NW 28th St., Fort Worth, Tarrant County, Texas. | | | | |
| Tract 4: | 2269082 | JW Construction | 2625 Prospect Ave. | Fort Worth | $36,300.00 | $2,708.31 | $8,500.00 |
| | | Legal Description: | Lot 3, Block 47, of Pruitt Subdivision of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 106, Page 90, of the Plat Records of Tarrant County, Texas. | | | | |
| Tract 5: | 2269074 | New Frontier Financial | 2621 Prospect Ave. | Fort Worth | $43,100.00 | $3,608.68 | $10,100.00 |
| | | Legal Description: | Lot 2, Block 47, of Pruitt Subdivision of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 106, Page 90, of the Plat Records of Tarrant County, Texas. | | | | |
| Tract 6: | 2853426 | Yammine, Wahid | 1017 8th Ave. | Fort Worth | $130,000.00 | $9,396.18 | |
| | | Legal Description: | Lot 11, in Block 10, Southland Subdivision Field Welch Addition, an addition to the City of Fort Worth, Tarrant County, Texas; also known as 1017 8th Avenue, Fort Worth, Tarrant County, Texas | | | | |
| Tract 7: | 4666127 | Yammine, Wahid | 811 NW 28th St. | Fort Worth | $2,439.00 | $1,375.27 | |
| | | Legal Description: | Lot 11 and part lots 11 & 12, in Block 46, MG Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas; also known as 811 NW 28th Street, Fort Worth, Tarrant County, Texas. | | | | |
| Tract 8: | 833770 | New Frontier Financial | 2704 Holland St. | Fort Worth | $28,500.00 | $5,178.72 | |
| | | Legal Description: | Lot 6 W 1/2 6; in Block 46; MG Ellis Addition an addition to the City of Fort Worth, Tarrant County Texas; also known as 2704 Holland Street, Fort Worth, Tarrant County, Texas. | | | | |
| Tract 9: | 1904264 | New Frontier Financial | 1301 Lagonda Ave. | Fort Worth | $54,984.00 | $3,784.02 | $8,000.00 |
| | | Legal Description: | Lot 1, Block 70, of North Fort Worth Addition, an addition the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 149, of the Plat Records of Tarrant county, Texas. | | | | |
| Tract 10: | 832839 | Yammine, Joseph | 410 Cliff St. | Fort Worth | $61,800.00 | $5,922.51 | $4,689.49 |
| | | Legal Description: | BEING THE MIDDLE OF LOTS 13-15, BLOCK 37, OF M G ELLIS ADDITION AN ADDITION TO THE CITY OF FORT WORTH, TARRANT COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 63, PAGE 18, OF THE PLAT RECORDS ON TARRANT COUNTY, TEXAS. | | | | |

Joseph E. Yammine Initials: _____
Wahid Yammine a/k/a Wahha Yammine Initials: _____



| Tract 11: | 1897780 | New Frontier Financial | 701 N. Main St. | Fort Worth | $82,570.00 | | $2,000.00 |

Legal Description: Lots 43 through 48, of Block 27, in North Fort Worth Addition, an addition to the City of Fort Worth, Tarrant county, Texas, according to the plat thereof recorded in Volume 63, Page 149, Deed Records, Tarrant County, Texas.

| Tract 12: | 1897650 | New Frontier Financial | 717 N. Main St. | Fort Worth | $82,741.00 | $2,348.33 | $10,902.17 |

Legal Description: The North 15 Feet of Lot 9, All of Lots 10, 11, 38, and 39, Block 27, of North Forth Worth Addition, an Addition to the City of Fort Worth, Tarrant County, Texas, according to the Plat recorded in Vol. 63, Page 149, of the Plat Records of Tarrant County, Texas; and together with all of the alley abutting said lots in the center of Block 27, heretofore closed, vacated and abandoned.

| Tract 13: | 62040950 | Yammine, Joseph | | | | | |
| Tract 14: | 62191632 | Yammine, Joseph | MEACHAM S UT #B 2011 | Fort Worth | $490.00 | $81.01 | |
| Tract 15: | 62191640 | Yammine, Joseph | JACKSBORO # 1H FW_FWC | Fort Worth | $280.00 | $20.89 | |
| Tract 16: | 62322267 | Yammine, Joseph | JACKSBORO # 1H LW_FWC | Fort Worth | $10.00 | $0.75 | |
| Tract 17: | 62322275 | Yammine, Joseph | PAPPAJOHN # 2H FW_FWC | Fort Worth | $140.00 | $11.32 | |
| Tract 18: | 62322283 | Yammine, Joseph | PAPPAJOHN # 1H FW_FWC | Fort Worth | $130.00 | $11.72 | |
| Tract 19: | 62322291 | Yammine, Joseph | PAPPAJOHN # 2H CASFWC | Fort Worth | $40.00 | $3.81 | |
| Tract 20: | 62956159 | Yammine, Joseph | PAPPAJOHN # 1H CASFWC | Fort Worth | $40.00 | $3.81 | |
| Tract 21: | 62956167 | Yammine, Joseph | MEACHAM S UT #B 20H | Fort Worth | $220.00 | $7.05 | |
| | | | MEACHAM S UT #B 20H | Fort Worth | $410.00 | $13.14 | |

| | | Total Proposed TAD Value | Total Taxes Paid | Total Property Tax Lenders Paid |
|---|---|---|---|---|
| Total Debt Paid/Refinanced: | | $605,460.00 | $59,187.23 | $49,586. |
| | | 410 Cliff Purchase Price: | | $13,000. |
| | | Total Loan Disbursement: | | $121,773.89 |

In Addition, the following Tax Liens are being refinanced as part of this transaction and all liens set out below are being renewed and extended as follows:

1. Tax Lien dated December 27, 2011, in favor of Propel Financial Services, LLC, and being recorded under Instrument Number D212000647, Deed of Trust Records, Tarrant County, Texas.

2. The Tax Lien dated April 30, 2011, in the original amount of $4,226.18 in favor of PropTax Answer, LLC, and being recorded under Instrument Number D211111173, Deed of Trust Records, Tarrant County, Texas

Lastly, the Note and Deed of Trust represent $13,000.00 in cash advanced to Merrie Yazbek for the purchase of 410 Cliff, Fort Worth, Texas



Joseph K. Yammine Initial: _____    Merrie Yammine Initial: _____



**EXHIBIT "N"**



## Summary for Dwelling

| | |
|---|---|
| Line Item Total | 21,542.71 |
| General Sales Tax | 262.50 |
| Subtotal | 21,805.21 |
| Overhead | 2,180.63 |
| Profit | 2,180.63 |
| Replacement Cost Value | $26,166.47 |
| Less Depreciation | (954.83) |
| Actual Cash Value | $25,211.64 |
| Less Deductible | (1,000.00) |
| Net Claim | $24,211.64 |
| Total Recoverable Depreciation | 954.83 |
| Net Claim if Depreciation is Recovered | $25,166.47 |

Kirby McCartney

11/23/2021          Page 11

FILED
1/18/2022 9:37 AM
Justice of the Peace, Precinct 5
Tarrant County

## JUSTICE COURT CIVIL CASE INFORMATION SHEET (4/13)

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____

STYLED  Chany Development, Inc V Joseph K. Yammine & Other Occupants
_____
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition is filed to initiate a new suit. The information should be the best available at the time of filing. This sheet, required by Rule of Civil Procedure 502, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | | 2. Names of parties in case: |
|---|---|---|
| **Name:** J.Michael Ferguson | **Telephone:** 817-267-1008 | **Plaintiff(s):** Chany Development, Inc. |
| **Address:** 62 Main St.,Ste 310 | **Fax:** 817-485-1117 | |
| **City/State/Zip:** Colleyville,Tx 76034 | **State Bar No:** 24000644 | **Defendant(s):** Joseph K Yammine And other occupants |
| **Email:** legal@fnalegal.com | | [Attach additional page as necessary to list all parties] |
| **Signature:** | | |

### 3. Indicate case type, or identify the most important issue in the case *(select only 1)*:

☐ *Debt Claim:* A debt claim case is a lawsuit brought to recover a debt by an assignee of a claim, a debt collector or collection agency, a financial institution, or a person or entity primarily engaged in the business of lending money at interest. The claim can be for no more than $10,000, excluding statutory interest and court costs but including attorney fees, if any.

☒ *Eviction:* An eviction case is a lawsuit brought to recover possession of real property, often by a landlord against a tenant. A claim for rent may be joined with an eviction case if the amount of rent due and unpaid is not more than $10,000, excluding statutory interest and court costs but including attorney fees, if any.

☐ *Repair and Remedy:* A repair and remedy case is a lawsuit filed by a residential tenant under Chapter 92, Subchapter B of the Texas Property Code to enforce the landlord's duty to repair or remedy a condition materially affecting the physical health or safety of an ordinary tenant. The relief sought can be for no more than $10,000, excluding statutory interest and court costs but including attorney fees, if any.

☐ *Small Claims:* A small claims case is a lawsuit brought for the recovery of money damages, civil penalties, personal property, or other relief allowed by law. The claim can be for no more than $10,000, excluding statutory interest and court costs but including attorney fees, if any.

# EXHIBIT "O"

SWORN COMPLAINT FOR EVICTION

CASE NO. _____    [ ] __With suit for Rent__    COURT DATE: _____

PLAINTIFF Chany Development Inc.    In the Justice Court, Precinct __5__ Tarrant County, Texas
_____
(Landlord/Owner Name)

VS.    Rental Subsidy (if any)    $_____
DEFENDANT(S): Joseph K Yammine & All Ocupants    Tenant's Portion    $_____
    TOTAL MONTHLY RENT    $_____
    The amt. of the rent per day is    $_____

COMPLAINT: Plaintiff (Landlord) hereby complains of the defendant(s) named above for eviction of plaintiff's premises (including storerooms and parking areas) located in the above precinct. Address of the property is:

| 1615 Clinton Ave | | Fort Worth | TX | 76164 |
|---|---|---|---|---|
| Street Address | Unit No. (If any) | City | State | Zip |

1. **SERVICE OF CITATION:** Service is requested on defendants by personal service at home or work or by alternative service as allowed by the Texas Justice Court Rules of Court. Other service of papers address/addresses (if known) are: _____

2. [ ] **UNPAID RENT AS GROUNDS FOR EVICTION:** Defendant(s) failed to pay rent for the following time period(s): _____ **TOTAL DELINQUENT RENT AS OF DATE OF FILING IS: $_____** Plaintiff reserves the right to orally amend the amount at trial to include rent due from the date of filing through the date of trial.

3. [X] **OTHER GROUNDS FOR EVICTION/LEASE VIOLATIONS:** Lease Violations (if other than non-paid rent -- list lease violations) Property sold at forclosure on March, 2, 2021

4. [ ] **HOLDOVER AS GROUNDS FOR EVICTION:** Defendant(s) are unlawfully holding over since they failed to vacate at the end of the rental term or renewal of extension period, which was the _____ day of _____, 20____.

5. **NOTICE TO VACATE:** Plaintiff has given defendant(s) a written notice to vacate (according to Chapter 24.005 of the Texas Property Code) and demand for possession. Such notice was delivered on the 22 day of April and delivered by this method: Certified and regular mail, USPS 7018-0680-0000-6711-0603

6. **ATTORNEY'S FEES:** Plaintiff will be [ ] or will NOT be [X] seeking applicable attorney's fees. Attorney's name, address phone & fax numbers are _____

7. [ ] **BOND FOR POSSESSION:** If Plaintiff has filed a bond for possession, plaintiff requests (1) that the amount of plaintiff's bond and defendant's counter bond be set, (2) that plaintiff's bond be approved by the Court, and (3) that proper notices as required by the Texas Justice Court Rules are given to Defendant(s).

**REQUEST FOR JUDGMENT:** Plaintiff prays that defendant(s) be served with citation and that plaintiff have judgment against defendant(s) for: possession of premises, including removal of defendants and defendants' possessions from the premises, unpaid rent IF set forth above, attorney's fees, court costs, and interest on the above sums at the rate stated in the rental contract, or if not so stated, at the statutory rate for judgments under the Texas Finance Code Chapter 304.

[X] I give my consent for the answer and any other motions or pleadings to be sent to my email address which is: legal@fnalegal.com

Chany Development Inc.    J.Michael Ferguson
_____    _____
Petitioner's Printed Name    Signature of Plaintiff (Landlord/Property Owner) or Agent
    02 Main Street, Suite 310
DEFENDANT(S) INFORMATION (if known):    Address of Plaintiff (Landlord/Property Owner) or Agent
DATE OF BIRTH: _____    Colleyville    TX    76034
*LAST 3 NUMBERS OF DRIVER LICENSE: _____    City    State    Zip
*LAST 3 NUMBERS OF SOCIAL SECURITY: _____    817-267-1008    817-485-1117
DEFENDANT'S PHONE NUMBER: _____    Phone & Fax No. of Plaintiff (Landlord/Property Owner) or agent

Sworn to and subscribed before me this ___ day of _____, 20__
Notary Public, State of Texas
Comm. Expires 05-04-2022
Notary ID 13156481-5

CLERK OF THE JUSTICE COURT OR NOTARY

Rev. 1/2015

DOCKET NO. _____          DEFENDANT'S NAME: Joseph K. Yammine & Other Occupants

**AFFIDAVIT**
SERVICE MEMBERS CIVIL RELIEF ACT SEC. 201 (b)
*To <u>VERIFY</u> Military Status go to website: http://www.dmdc.osd.mil/appj/sera/scraHome.do

PLAINTIFF BEING DULY SWORN ON HIS OATH DEPOSES AND SAYS UNDER PENALTY OF PERJURY THAT
DEFENDANT: (Please select <u>ONE</u> for DEFENDANT)

_____ <u>IS</u> IN THE MILITARY SERVICE AND <u>ON</u> ACTIVE DUTY IN A FOREIGN COUNTRY

OR
_____ <u>IS</u> IN THE MILITARY SERVICE AND <u>NOT</u> ON ACTIVE DUTY IN A FOREIGN COUNTRY

OR
_____ <u>IS NOT</u> IN THE MILITARY SERVICE
*(In addition to this affidavit you MUST provide proof of military status before a default judgment can be rendered).

OR
_____ <u>HAS WAIVED</u> HIS RIGHTS UNDER THE SERVICE MEMBERS RELIEF ACT OF 2003

OR
_____ PLAINTIFF IS UNABLE TO DETERMINE WHETHER OR NOT DEFENDANT IS IN MILITARY SERVICE AT
THIS TIME
*(In addition to this affidavit you MUST provide proof of military status before a default judgment can be rendered).

*I am not providing proof of military status from the governmental website because:

_____

_____

_____

➤ Sign Here

SIGNATURE OF PLAINTIFF/AGENT/ATTORNEY FOR PLAINTIFF

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF January _____, 20 22.

YVETTE BRISENO
Notary Public, State of Texas
Comm. Expires 05-04-2022
Notary ID 13155481-5

CLERK OF THE JUSTICE COURT
NOTARY PUBLIC IN AND FOR STATE OF TEXAS (STRIKE ONE)

Penalty for making or using false affidavit – A person who makes or uses an affidavit knowing to be false, shall be fined as
provided in title 18 United States Code, or imprisoned for not more than one year, or both.

**\*\*CERTIFICATE OF LAST KNOWN ADDRESS\*\***

In strict compliance with Rule 503.1(d), Texas Rules of Civil Procedure, it is hereby certified that the last known mailing
address of Defendant is as follows:

1615 Clinton Ave                           Fort Worth, Tx 76164
**\*\*DEFENDANT'S ADDRESS**               CITY, STATE, AND ZIP CODE

➤ Sign Here

SIGNATURE OF PLAINTIFF/AGENT/ATTORNEY FOR PLAINTIFF

Rev. 01/30/2015

| Name | Customer # | Case # | Tracking Number |
|------|-----------|--------|-----------------|
| YAMMINE, JOSEPH K | | | 202110296663 |

Based upon name and social security number you have furnished, as of October 29, 2021 ("Active Duty Status Date"), there is no information in the Department of Defense Manpower Data Center ("DMDC") that indicates that the individual is in Active Duty Status. The Department of Defense reports that the information provided failed to match to a servicemember in its database.

Upon searching the data banks of the Department of Defense Manpower Data Center, based upon the information that you provided, the above is the status of the individual ("Subject") on the Active Duty Status Date, as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for active duty.

Affidavit: You opted not to purchase an affidavit. You may order one here. In the future, you can order an affidavit at the check-out screen or you can change the default settings for affidavits in "My Account" to include it in all future orders.

Servicemembers Civil Relief Act Centralized Verification Service

Roy L. Kaufmann
Managing Director
Servicemembers Civil Service Relief Act Verification Service Roy L. Kaufmann, Authorized Signatory
Date: 10/29/2021
For support: Support@ServicemembersCivilReliefAct.com or Support@SCRA.com

This report is based upon information that you have provided. Providing an erroneous name, social security number, date of birth or other information may cause an erroneous report to be provided. If you obtain further information about the person you may resubmit your request and we will provide new status report for that query. This response reflects status as of Active Duty Status Date only. For historical information, please resubmit your inquiry with a different Active Duty Status Date or contact the individual Military Service SCRA points-of-contact.https://www.ServicemembersCivilReliefAct.com/live/link/points-of-contact.php . If you have evidence that the individual is/was on active duty as of the Active Duty Status Date and you fail to obtain this additional information, punitive provisions of the SCRA may be invoked against you. E.g. USC Section 3051(c).

The Servicemembers Civil Relief Act Centralized Verification Service processes SCRA verifications through the Defense Manpower Data Center (DMDC) which is an organization of the United States Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database, updated once per month, which is the official source of data on eligibility for military care and other eligibility systems. The data base is updated monthly by the Department of Defense.

This response reflects the following information: (1) the Active Duty status as of the Active Duty Status Date, (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date, and (3) Whether the individual or his/her unit received early notification to report for active duty on the Date of Interest. Records do not predate September 30, 1985.

More Information on Active Duty Status :

Active duty status as reported in this report is defined in accordance with 10 USC Section 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC Section 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrators (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S.Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

Coverage Coverage Under the SCRA Is broader in Some Cases.

Coverage under SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this report.

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of SCRA extend beyond the last dates of active duty.

Those who could rely on this report are urged to seek qualified legal counsel to ensure that all rights guaranteed to Servicemembers under the SCRA are protected.

The information provided does not constitute a Consumer Report, as defined by the federal Fair Credit Reporting Act, 15 U.S.C. Section 1681 et seq, and may not be used to determine eligibility for credit, insurance, employment, or used for any other purpose governed by the FCRA

CAUSE NO. _____

| | | |
|---|---|---|
| Chany Development Inc. | § | IN THE JUSTICE COURT |
| PLAINTIFF | § | |
| | § | |
| v. | § | PRECINCT NO. 5 |
| | § | |
| Joseph K Yammine & Other Occupants | § | |
| DEFENDANT | § | TARRANT COUNTY, TEXAS |

## VERIFICATON OF COMPLIANCE WITH
## SECTION 4023 AND 4024 OF THE CARES ACT

My name is _____ J _____ Michael _____ Ferguson _____
First            Middle            Last

I am (check one) ☐ the Plaintiff or ☒ an authorized agent of the Plaintiff in the eviction case described at the top of this page. I am capable of making this affidavit. The facts stated in the affidavit are within my personal knowledge and are true and correct.

1. **Verification:**

   a. Plaintiff is seeking to recover possession of the following property:

   _____
   *Name of Apartment Complex (if any)*

   1615 Clinton Ave            Fort Worth    Tarrant        TX  76164
   *Street Address & Unit No. (if any)*        *City*        *County*        *State ZIP*

   I verify that the plaintiff has provided the defendant with 30 days' notice to vacate under Sections 4024(c) and 4023(e) of the CARES Act.

   I verify that this property ☐ IS / ☐ IS NOT a "covered dwelling" as defined by Section 4024(a)(1) of the CARES Act and that this property ☐ IS / ☐ IS NOT a "multifamily borrower" under forbearance subject to Section 4023 of the CARES Act. The facts on which I base my conclusion are as follows. (PLEASE VISIT www.nlihc.org/federal-moratoriums AND/OR www.tdhca.state.tx.us/multifamily/housing-tax-credits-9pct TO VERIFY AND LIST BELOW)

   *(Please identify which data base or the other information you have used to determine that the property does not have a federally backed mortgage loan or federally backed multifamily mortgage loan.)*

   Not Applicable
   _____

   _____

   _____

Page 1 of 2

*(If the property does not have a federally backed mortgage loan or federally backed multifamily mortgage loan, please state whether (1) the property is a Low Income Housing Tax Credit (LIHTC) property, (2) the property is federally subsidized under any HUD or USDA program, or (3) the property leases to persons with Section 8 vouchers.)*

Not Applicable

2. **Declaration or Notary:** Complete only one of the two following sections:

   a. Declaration: I declare under penalty of perjury that everything in this verification is true and correct.

   My name is:
   | J | Michael | Ferguson |
   |---|---------|----------|
   | *First* | *Middle* | *Last* |

   My birthdate is: __4__ / __25__ / __63__
                  *Month* *Day* *Year*

   My address is:
   | 62 Main st | Colleyville | Tarrant | TX | 76034 |
   |------------|-------------|---------|-----|-------|
   | *Street Address & Unit No. (If any)* | *City* | *County* | *State* | *ZIP* |

   Signed on ____ / ____ /2021 in ___Tarrant___ County, Texas.
           *Month*  *Day*  *Year*

   _____
   **Your Signature**

OR

   b. Notary: I declare under penalty of perjury that everything in this verification is true and correct.

   J. Michael Ferguson
   _____
   Your Printed Name

   **Your Signature** *(sign only before a notary)*

   Sworn to and subscribed before me this___17___ day of ___January___, 20_22_

   _____
   CLERK OF THE COURT OR NOTARY

   YVETTE BRISENO
   Notary Public, State of Texas
   Comm. Expires 06-04-2022
   Notary ID 13155481-5

CARES Act

Public Law 116-136

**Sec. 4024 TEMPORARY MORATORIUM ON EVICTION FILINGS.**

(a) DEFINITIONS.—In this section:

    (1) COVERED DWELLING.—The term "covered dwelling" means a dwelling that—

        (A) is occupied by a tenant—

            (i) pursuant to a residential lease; or

            (ii) without a lease or with a lease terminable under State law; and

        (B) is on or in a covered property.

    (2) COVERED PROPERTY.—The term "covered property" means any property that—

        (A) participates in—

            (i) a covered housing program (as defined in section 41411(a) of the Violence Against Women Act of 1994 (34 U.S.C. 12491(a))); or

            (ii) the rural housing voucher program under section 542 of the Housing Act of 1949 (42 U.S.C. 1490r); or

        (B) has a—

            (i) Federally backed mortgage loan; or

            (ii) Federally backed multifamily mortgage loan.

    (3) DWELLING.—The term "dwelling"—

        (A) has the meaning given the term in section 802 of the Fair Housing Act (42 U.S.C. 3602); and

        (B) includes houses and dwellings described in section 803(b) of such Act (42 U.S.C. 3603(b)).

    (4) FEDERALLY BACKED MORTGAGE LOAN.—The term "Federally backed mortgage loan" includes any loan (other than temporary financing such as a construction loan) that—

        (A) is secured by a first or subordinate lien on residential real property (including individual units of condominiums and cooperatives) designed principally for the occupancy of from 1 to 4 families, including any such secured loan, the proceeds of which are used to prepay or pay off an existing loan secured by the same property; and

        (B) is made in whole or in part, or insured, guaranteed, supplemented, or assisted in any way by any officer or agency of the Federal Government or under or in connection with a housing or urban development program administered by the Secretary of Housing and Urban Development or a housing or related program administered by any other such officer or agency, or is purchased or securitized by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association.

    (5) FEDERALLY BACKED MULTIFAMILY MORTGAGE LOAN.—The term "Federally backed multifamily mortgage loan" includes any loan (other than temporary financing such as a construction loan) that—

        (A) is secured by a first or subordinate lien on residential multifamily real property designed principally for the occupancy of 5 or more families, including any such secured loan, the proceeds of which are used to prepay or pay off an existing loan secured by the same property; and

        (B) is made in whole or in part, or insured, guaranteed, supplemented, or assisted in any way, by any officer or agency of the Federal Government or under or in connection with a housing or urban development program administered by the Secretary of Housing and Urban Development or a housing or related program administered by any other such officer or agency, or is purchased or securitized by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association.

(b) MORATORIUM.—During the 120-day period beginning on the date of enactment of this Act, the lessor of a covered dwelling may not—

    (1) make, or cause to be made, any filing with the court of jurisdiction to initiate a legal action to recover possession of the covered dwelling from the tenant for nonpayment of rent or other fees or charges; or

    (2) charge fees, penalties, or other charges to the tenant related to such nonpayment of rent.

(c) NOTICE.—The lessor of a covered dwelling unit—

    (1) may not require the tenant to vacate the covered dwelling unit before the date that is 30 days after the date on which the lessor provides the tenant with a notice to vacate; and

    (2) may not issue a notice to vacate under paragraph (1) until after the expiration of the period described in subsection (b).

Case Number _____

Chany Development, Inc
_____                )(    *IN THE JUSTICE COURT OF*

VS                                       )(    *TARRANT COUNTY, TEXAS*

Joseph K. Yammine & Other Occupants       )(    *PRECINCT* _5_____

*CERTIFICATE OF LAST KNOWN ADDRESS*

*IN STRICT COMPLIANCE WITH RULE 503.1(d), TEXAS RULES OF CIVIL PROCEDURE, IT IS HEREBY CERTIFIED THAT THE LAST KNOWN MAILING ADDRESS OF DEFENDANT IS AS FOLLOWS:*

_____

_____

DATE _1/4, 2022_          *PLAINTIFF OR ATTORNEY FOR PLAINTIFF*



**Ferguson & Associates, LLC**
ATTORNEY AT LAW
62 Main St., Suite 310
Colleyville, TX 76034

J.Michael Ferguson
legal@fnalegal.com

Phone(817) 267-1008
Fax(817) 485-1117

## Notice to Vacate

April 22, 2021

Joseph Imad Yammine
AND ALL OCCUPANTS
1615 Clinton Ave
Fort Worth, TX 76164

**CERTIFIED MAIL, RETURN RECEIPT
REQUESTED AND BY REGULAR MAIL**
7018-0680-0000-6711-0603

Re: Notice of foreclosure and change in ownership; three-day notice to vacate and demand for
   possession.

Property:    1615 Clinton Ave, Fort Worth, TX 76164

To Joseph Imad Yammine and All Occupants:

   NOTICE IS HEREBY GIVEN THAT Chany Development, Inc. acquired title to the above-referenced Property as a result of a foreclosure sale. Pursuant to the terms of the foreclosed-upon deed of trust, you are now a tenant at sufferance.

   Pursuant to sections 24.002(b) and 24.005 of the Texas Property Code, Chany Development, Inc. hereby terminates your tenancy at sufferance. This letter constitutes formal and final demand that you vacate the Property no later than three days following the delivery of this letter. In the event you fail to comply with this demand, this firm has been authorized to immediately file suit against you seeking possession of the Property.

### NOTICE TO TENANT(S)

   Pursuant to Texas state law, if you are a tenant in the Property and have paid rent to your landlord for the month of the foreclosure sale and prior to receiving notice of the foreclosure referred to above, you must vacate the Property within thirty days from the date this notice is delivered. If this paragraph is applicable, you must provide our office with a copy of your lease agreement and proof of your last lease payment.

### NOTICE TO SERVICEMEMBERS AND THEIR DEPENDENTS

   The Servicemembers' Civil Relief Act (SCRA, 50 U.S.C. App. §§ 3901–4043), as amended, grants active service members of the United States Armed Forces or a dependent of such an active service member certain rights, which include the temporary suspension of judicial and administrative proceedings

against active service members and their dependents, and which rights can extend for up to one year after any active duty period concludes. Please note that you may wish to consult an attorney, or your local military legal liaison, to help you determine what rights you may have, if any, under the SCRA.

  The seriousness of the actions suggested in this letter warrant your immediate attention. If you believe any of the referenced protections may apply to you or if you have any other questions or concerns, please contact our office.

Sincerely,

Ferguson Associates, LLC



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

7018 0680 0000 6711 0603

7018 0680 0000 6711 0603



U.S. Postal Service
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery   $

Postage
$

Total Postage and Fees
$

Sent To
Joseph Yumming
Street and Apt. No., or PO Box No.
1005 Clinton Ave
City, State, ZIP+4
Fort Worth Tx 76164

Postmark
Here

4/22

USPS.com® · USPS Tracking® Results

# USPS Tracking®

FAQs >

## Track Another Package +

Remove ✕

**Tracking Number:** 70180680000067110603

Your item has been delivered to an agent for final delivery in FORT WORTH, TX 76164 on April 27, 2021 at 12:04 pm.

USPS Tracking Plus™ Available ⌄

### ✅ Delivered to Agent for Final Delivery

April 27, 2021 at 12:04 pm
FORT WORTH, TX 76164

Get Updates ⌄

---

Text & Email Updates                                                              ⌄

---

Tracking History                                                                  ⌄

---

USPS Tracking Plus™                                                               ⌄

---

Product Information                                                               ⌄

---

See Less ⌃

USPS.com® - USPS Tracking® Results

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

D221098525    04/09/2021 03:57 PM    Page: 1 of 9    Fee: $51.00    Submitter: J. Michael Ferguson, P.C.
Electronically Recorded by Tarrant County Clerk in Official Public Records    MARY LOUISE NICHOLSON
COUNTY CLERK

### Trustee's Deed

**Notice of confidentiality rights: If you are a natural person, you may remove or strike any or all of the following information from any instrument that transfers an interest in real property before it is filed for record in the public records: your Social Security number or your driver's license number.**

Date:  03/02/2021

Trustee: J. Michael Ferguson

Deed of Trust

    Date:        06/05/2018

    Grantor:      Joseph K. Yammine

    Mortgagee:   AFI Mortgage

    Recording information: The Deed of Trust dated 06/05/2018 is filed of record under Instrument Number D218121924, Real Property Records, Tarrant County, Texas.

    Property:

    **Lot 25 and the South 20 feet of Lot 24, Block 102, of the NORTH FORT    WORTH ADDITION, an Addition to the City of Fort Worth, Tarrant County, Texas, according to the Plat thereof recorded in Volume 63, Page 149, Plat records, Tarrant County, Texas (more commonly known as "1617 Clinton Ave., Fort Worth, TX 76164")**

    Note:

    Date:   The Deed of Trust dated 06/05/2018 is filed of record under Instrument Number D218121924 in the Real Property Records of Tarrant County, Texas.

    Principal amount:    $116,312.44

    Borrower:    Joseph K. Yammine, a single man

    Mortgagee:   AFI Mortgage

Date of Sale (first Tuesday of month): 03/02/2021

Time of Sale: 12:58:00 PM

Place of Sale: East Steps of the Courthouse or at place designated by the county commissioners.

Buyer:                          Chany Development, Inc.

Buyer's Mailing Address:        62 Main Street, Suite 300
                                Colleyville, TX 76034

Amount of Sale:     $165,420.52

    A default existed under the Deed of Trust and Mortgagee or its agent directed Trustee to enforce the trust.

    Notices stating the time, place, and terms of sale of the Property were posted and filed and as shown by the Notice of Trustee's Sale attached with a Certificate of Posting to this deed and incorporated in it by this reference. Mortgagee either personally or by agent served notice of the sale to each debtor, as required by section 51.002 of the Texas Property Code. In accordance with that statute and the Deed of Trust, Trustee sold the Property to Buyer, who was the highest bidder at the public auction for $165,420.52. The sale was made on 3/2/2021, began at 10:00:00 AM and was concluded by 12:58 P.M.

    Trustee, subject to any prior liens, the right of rescission contained in section 51.016 of the Texas Property Code, and other exceptions to conveyance and warranty in the Deed of Trust and for the $165,420.52 paid by Buyer as consideration, grants, sells, and conveys the Property to Buyer, "AS IS," together with all and singular the rights and appurtenances thereto in any way belonging, to have and to hold it to Buyer and Buyer's heirs, successors, and assigns forever. Trustee binds Grantor and Grantor's heirs and successors to warrant and forever defend all and singular the Property to Buyer and Buyer's heirs, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the prior liens and other exceptions to conveyance and warranty in the Deed of Trust.

    TRUSTEE HAS NOT MADE, AND DOES NOT MAKE, ANY REPRESENTATION, EXPRESS OR IMPLIED, WITH RESPECT TO THE PERSONAL PROPERTY, AND THE PERSONAL PROPERTY IS SOLD TO BUYER "AS IS, WHERE IS, AND WITH ALL FAULTS." THERE IS NO WARRANTY RELATING TO TITLE, POSSESSION, QUIET ENJOYMENT, OR THE LIKE IN THIS DISPOSITION OF PERSONAL PROPERTY.

    J. Michael Ferguson

D221098525

STATE OF TEXAS      §
COUNTY OF TARRANT      §

This Instrument was acknowledged before me on 4/9/2021 by J. Michael Ferguson,

Notary Public, State of Texas

YVETTE BRISENO
Notary Public, State of Texas
Comm. Expires 05-04-2022
Notary ID 13165481-6

D221098525

### Foreclosure Affidavit

Date: 3/2/2021

Affiant:    J. Michael Ferguson

Deed of Trust

    Date:        06/05/2018

    Grantor:    Joseph K. Yammine

    Mortgagee:    AFI Mortgage

    Recording information: The Deed of Trust dated 06/05/2018 is filed of record under Instrument Number D218121924, Real Property Records, Tarrant County, Texas.

    Property:

**Lot 25 and the South 20 feet of Lot 24, Block 102, of the NORTH FORT WORTH ADDITION, an Addition to the City of Fort Worth, Tarrant County, Texas, according to the Plat thereof recorded in Volume 63, Page 149, Plat records, Tarrant County, Texas (more commonly known as "1617 Clinton Ave., Fort Worth, TX 76164")**

Affiant on oath swears that the following statements are true and are within the personal knowledge of Affiant:

1.    This affidavit is made with respect to the foreclosure of the Deed of Trust that occurred on 3/2/2021.

2.    Attached to this affidavit is a copy of the Notice of Trustee's Sale, file-stamped by the county clerk's office.

3.    The trustee's sale took place on 3/2/2021 at approximately 12:58:00 PM at the place at the courthouse designated in the or the area designated by the county commissioner's court for foreclosure sales.

4.    Attached to this affidavit is a copy of the letter sent to each debtor obligated to pay the debt at the address required under the Texas Property Code.

4.    At least twenty-one days before the trustee's sale, Affiant, either personally or by agent, served notice of the sale on each debtor, at the address for that debtor as shown by Mortgagee's records, who is: Joseph K. Yammine, 1617 Clinton Ave., Fort Worth, TX 76164. The notice was served on 02/09/2021 by certified mail, postage prepaid, properly addressed to each debtor listed above at the address(es) stated.

D221098525

      5.     To the best of Affiant's knowledge, the debtor[s] was/were alive on the date of the trustee's sale.

      6.     No debtor is a servicemember in military service, as those terms are defined in 50 U.S.C. § 3911, nor at any time within ninety days preceding the date of the trustee's sale.

J. Michael Ferguson

STATE OF TEXAS        §
COUNTY OF TARRANT    §

This Instrument was acknowledged before me on 4/9/2021 by J. Michael Ferguson.

Notary Public, State of Texas

YVETTE BRISENO
Notary Public, State of Texas
Comm. Expires 05-04-2022
Notary ID 13155481-5



**Ferguson & Associates, LLC**
ATTORNEYS AT LAW
62 Main St., Suite 310
Colleyville, TX 76034

| | |
|---|---|
| J. Michael Ferguson | Phone (817) 267-1008 |
| Board Certified | Fax (817)485-1117 |
| Residential Real Estate | Email: legal@lnalegal.com |

January 11, 2021

## NOTICE OF ACCELERATION

Joseph K. Yammine
P.O. Box 11781
Fort Worth, Texas 76110

**CERTIFIED MAIL RETURN
RECEIPT REQUESTED AND
BY REGULAR MAIL**
7017-2680-0000-9372-0512
7017-2680-0000-9372-0505

Re:    Notice of acceleration of Deed of Trust dated 06/05/2018 in the original principal amount of
$116,312.44 executed by Joseph K. Yammine, a single man and being payable to the order
of AFI Mortgage.

Dear Debtor(s):

This letter is being sent to you as a debtor on the indebtedness evidenced by the note described above. You were notified in a letter dated November 10, 2020 that default had occurred in the payment of the note and that the Mortgage Servicer or the Holder of the Note, would accelerate the maturity of the note 20 days from the date of the Notice of Intent to Accelerate unless the default were cured before that time. Because of your failure to cure the default in payment of the note, the note has been accelerated. Therefore, all unpaid principal and accrued interest on the note are due and payable in full at this time. A payoff is attached.

**The payoff amount as shown on the attached payoff must be
received in certified funds or by wire no later than 10:00:00 AM on
02/02/2021.**

The note will continue to accrue interest at the rate set forth in the note until paid. Additionally, the note and the deed of trust securing the note provide for reimbursement of reasonable attorney's fees incurred by the holder and beneficiary of these instruments in the collection of the indebtedness owed on the note.

If the amount due is not paid, the lender intends to foreclose the lien under the loan documents in accordance with the enclosed notice of sale. All the obligors of the Debt have the right to reinstate the loan as provided in the Deed of Trust and as provided by applicable Texas Law. All of the obligors have the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and foreclosure which they may have.

Page 7 of 9

D221098525

Unless you dispute the validity of the debt, or any portion thereof, within thirty days from after receipt of this notice, the debt will be assumed to be valid by the undersigned. If you notify the undersigned in writing within thirty days from the receipt of this letter that the debt or any portion thereof is disputed, I will obtain verification of the debt and I will mail a copy of the verification to you. Upon your written request, within the thirty (30) day period for the verification, I will provide you with the name and address of the original creditor. These thirty (30) day periods do not alter, waive, or affect the time for payment set forth above. You shall have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense you might have to acceleration and foreclosure.

**"Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately."**

*This firm is a debt collector attempting to collect the debt. You are notified that any information you give me will be used in the collection of the debt owed.*

You may contact me at the firm's address for further information concerning the exact amount due and owed on the note and for arranging the payment of your indebtedness.

Demand is hereby made that this indebtedness be paid.

Thank you for your time, consideration and cooperation in this matter. If you have any questions, please feel free to contact me by phone or by email at legal@fnalegal.com.

Sincerely,

J. Michael Ferguson

D221098526

<div align="center">Notice of Trustee's Sale</div>

**FILED**

**Date:** 1/11/2021

**JAN 12 2021**

**Original Lender:**   AFI Mortgage

COUNTY CLERK, TARRANT CO., TEXAS
BY_____DEPUTY

**Current Holder:**   AFI Mortgage

**Mortgage Servicer:** AFI Loan Servicing, LLC, NMLS No. 1577685

**Mortgage Servicer's Address:** 62 Main Street, Suite 300, Colleyville, Texas 76034

**Note and Security Agreement:** A Promissory Note dated 06/05/2018 and being secured by a Deed of Trust in the original amount of $116,312.44 executed by Joseph Yammine in favor of AFI Mortgage and being filed of record under Instrument Number D218121924, Real Property Records of Tarrant County, Texas.

**Property:** Lot 25 and the South 20 feet of Lot 24, Block 102, of the NORTH FORT WORTH ADDITION, an Addition to the City of Fort Worth, Tarrant County, Texas, according to the Plat thereof recorded in Volume 63, Page 149, Plat records, Tarrant County, Texas (**more commonly known as "1617 Clinton Ave., Fort Worth, TX 76164"**)

**County:** Tarrant

**Date of Sale (first Tuesday of month):**    2/2/2021

**Time of Sale:**    10:00:00 AM or within 3 hours of this time.

**Place of Sale:** East Steps of the Courthouse or at place designated by the county commissioners.

**ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.**

J. Michael Ferguson is Trustee under the Deed of Trust. Mortgage Servicer has appointed J. Michael Ferguson or Yvette Briseno as Trustees under the Deed of Trust. Mortgage Servicer has instructed Trustee to offer the Property for sale toward the satisfaction of the Note. This foreclosure is being administered by Mortgage Servicer. Mortgage Servicer is representing Mortgagee under a servicing agreement.

**THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED**

Page 9 of 9

D221098525

IN THIS NOTICE OF SALE. THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.

Notice is given that on the Date of Sale, Trustees will offer the Property for sale at public auction at the Place of Sale, to the highest bidder for cash, "AS IS." The sale will begin at the Time of Sale or not later than three hours thereafter. This sale will be conducted subject to the right of rescission contained in section 51.016 of the Texas Property Code.

J. Michael Ferguson or
Yvette Briseno
62 Main Street, Suite 310
Colleyville, Texas 76034
Phone (817) 267-1008
Email: legal@fnalegal.com
Trustee/Substitute Trustee

Certificate of Posting

My name is _Ruby Rios_ and my address is c/o Ferguson & Associates, LLC, 62 Main Street, Suite 310, Colleyville, Texas 76034. I declare under penalty of perjury that on _1/12/2021_ I filed a Notice of Foreclosure with the office of the Tarrant County Clerk and caused to be posted at the place designated for Foreclosure Sale Notices at the Tarrant County Courthouse.

Dated: _1/12/2021_

Declarant's Signature: _____

Declarant's Name: _Ruby Rios_

FILED
JAN 12 2021
COUNTY CLERK, TARRANT CO, TEXAS
BY_____ DEP.

Page 2 of 2

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Joel  Garcia on behalf of J. Michael Ferguson
Bar No. 24000644
joel@fnalegal.com
Envelope ID: 60887974
Status as of 1/18/2022 10:15 AM CST

Associated Case Party: Chany Development Inc

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| J. Michael Ferguson | | legal@fnalegal.com | 1/18/2022 9:37:47 AM | SENT |

FILED
1/18/2022 9:59 AM
Justice of the Peace, Precinct 5
Tarrant County

## JUSTICE COURT CIVIL CASE INFORMATION SHEET (4/13)

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____

STYLED  Chany Development, Inc V Joseph K. Yammine & Other Occupants
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition is filed to initiate a new suit. The information should be the best available at the time of filing. This sheet, required by Rule of Civil Procedure 502, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | | 2. Names of parties in case: |
|---|---|---|
| **Name:** J.Michael Ferguson | **Telephone:** 817-267-1008 | **Plaintiff(s):** Chany Development, Inc. |
| **Address:** 62 Main St.,Ste 310 | **Fax:** 817-485-1117 | |
| **City/State/Zip:** Colleyville,Tx 76034 | **State Bar No:** 24000644 | **Defendant(s):** Joseph K Yammine  And other occupants |
| **Email:** legal@fnalegal.com | | [Attach additional page as necessary to list all parties] |
| **Signature:** | | |

**3. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| | |
|---|---|
| ☐ *Debt Claim:* A debt claim case is a lawsuit brought to recover a debt by an assignee of a claim, a debt collector or collection agency, a financial institution, or a person or entity primarily engaged in the business of lending money at interest. The claim can be for no more than $10,000, excluding statutory interest and court costs but including attorney fees, if any. | ☒ *Eviction:* An eviction case is a lawsuit brought to recover possession of real property, often by a landlord against a tenant. A claim for rent may be joined with an eviction case if the amount of rent due and unpaid is not more than $10,000, excluding statutory interest and court costs but including attorney fees, if any. |
| ☐ *Repair and Remedy:* A repair and remedy case is a lawsuit filed by a residential tenant under Chapter 92, Subchapter B of the Texas Property Code to enforce the landlord's duty to repair or remedy a condition materially affecting the physical health or safety of an ordinary tenant. The relief sought can be for no more than $10,000, excluding statutory interest and court costs but including attorney fees, if any. | ☐ *Small Claims:* A small claims case is a lawsuit brought for the recovery of money damages, civil penalties, personal property, or other relief allowed by law. The claim can be for no more than $10,000, excluding statutory interest and court costs but including attorney fees, if any. |

# EXHIBIT "P"

<u>SWORN COMPLAINT FOR EVICTION</u>

CASE NO._____    ☐ **With suit for Rent**    COURT DATE:_____

In the Justice Court, Precinct __5____ Tarrant County, Texas

PLAINTIFF___Chany Development Inc._____
           (Landlord/Owner Name)

VS.
DEFENDANT(S):_Joseph K Yammine & All Ocupants_

| | |
|---|---|
| Rental Subsidy (if any) | $_____ |
| Tenant's Portion | $_____ |
| TOTAL MONTHLY RENT | $_____ |
| The amt. of the rent per day is | $_____ |

**COMPLAINT:** Plaintiff (Landlord) hereby complains of the defendant(s) named above for eviction of plaintiff's premises (including storerooms and parking areas) located in the above precinct. Address of the property is:

| 1701 Grand Ave | | Fort Worth | TX | 76164 |
|---|---|---|---|---|
| Street Address | Unit No. (If any) | City | State | Zip |

1. **SERVICE OF CITATION:** Service is requested on defendants by personal service at home or work or by alternative service as allowed by the Texas Justice Court Rules of Court. Other service of papers address/addresses (if known) are:

2. ☐ **UNPAID RENT AS GROUNDS FOR EVICTION:** Defendant(s) failed to pay rent for the following time period(s):
_____ **TOTAL DELINQUENT RENT AS OF DATE OF FILING IS:** $_____
Plaintiff reserves the right to orally amend the amount at trial to include rent due from the date of filing through the date of trial.

3. ☒ **OTHER GROUNDS FOR EVICTION/LEASE VIOLATIONS:** Lease Violations (if other than non-paid rent – list lease violations) Property sold at forclosure on March 2 2021

4. ☐ **HOLDOVER AS GROUNDS FOR EVICTION:** Defendant(s) are unlawfully holding over since they failed to vacate at the end of the rental term or renewal of extension period, which was the _____ day of _____, 20___.

5. **NOTICE TO VACATE:** Plaintiff has given defendant(s) a written notice to vacate (according to Chapter 24.005 of the Texas Property Code) and demand for possession. Such notice was delivered on the _22_ day of _April_ and delivered by this method: Cerfitifed and regular mail, USPS 7017-1070-000-7847-0403

6. **ATTORNEY'S FEES:** Plaintiff will be ☐ or will NOT be ☒ seeking applicable attorney's fees. Attorney's name, address phone & fax numbers are _____

7. ☐ **BOND FOR POSSESSION:** If Plaintiff has filed a bond for possession, plaintiff requests (1) that the amount of plaintiff's bond and defendant's counter bond be set, (2) that plaintiff's bond be approved by the Court, and (3) that proper notices as required by the Texas Justice Court Rules are given to Defendant(s).

**REQUEST FOR JUDGMENT:** Plaintiff prays that defendant(s) be served with citation and that plaintiff have judgment against defendant(s) for: possession of premises, including removal of defendants and defendants' possessions from the premises, unpaid rent IF set forth above, attorney's fees, court costs, and interest on the above sums at the rate stated in the rental contract, or if not so stated, at the statutory rate for judgments under the Texas Finance Code Chapter 304.

☒ I give my consent for the answer and any other motions or pleadings to be sent to my email address which is: legal@fnalegal.com

Chany Development Inc._____    _____J.Michael Ferguson_____
Petitioner's Printed Name    Signature of Plaintiff (Landlord/Property Owner) or Agent

DEFENDANT(S) INFORMATION (if known):    62 Main Street,Suite 310
DATE OF BIRTH: _____    Address of Plaintiff (Landlord/Property Owner) or Agent
*LAST 3 NUMBERS OF DRIVER LICENSE: _____    Colleyville    TX    76034
*LAST 3 NUMBERS OF SOCIAL SECURITY: _____    City    State    Zip
DEFENDANT'S PHONE NUMBER: _____    817-267-1008    817-485-1117
Phone & Fax No. of Plaintiff (Landlord/Property Owner) or agent

Sworn to and subscribed before me the
Notary Public, State of Texas
Comm. Expires 06-04-2022
Notary ID 13155481-5

___ day of _January_, 20_22_

CLERK OF THE JUSTICE COURT OR NOTARY

Rev. 1/2015

DOCKET NO._____    DEFENDANT'S NAME: Joseph K. Yammine & Other Occupants

**AFFIDAVIT**
SERVICE MEMBERS CIVIL RELIEF ACT SEC. 201 (b)
**\*To UNDERLINE Military Status go to website: http://www.dmdc.osd.mil/appj/scra/scraHome.do**

PLAINTIFF BEING DULY SWORN ON HIS OATH DEPOSES AND SAYS UNDER PENALTY OF PERJURY THAT DEFENDANT: (Please select ONE for DEFENDANT)

_____   IS IN THE MILITARY SERVICE AND ON ACTIVE DUTY IN A FOREIGN COUNTRY

OR

_____   IS IN THE MILITARY SERVICE AND NOT ON ACTIVE DUTY IN A FOREIGN COUNTRY

OR

_____   IS NOT IN THE MILITARY SERVICE
        *(In addition to this affidavit you MUST provide proof of military status before a default judgment can be rendered).

OR

_____   HAS WAIVED HIS RIGHTS UNDER THE SERVICE MEMBERS RELIEF ACT OF 2003

OR

_____   PLAINTIFF IS UNABLE TO DETERMINE WHETHER OR NOT DEFENDANT IS IN MILITARY SERVICE AT THIS TIME
        *(In addition to this affidavit you MUST provide proof of military status before a default judgment can be rendered).

*I am not providing proof of military status from the governmental website because:

_____

_____

_____

| Sign Here → |

SIGNATURE OF PLAINTIFF/AGENT/ATTORNEY FOR PLAINTIFF

SUBSCRIBED AND SWORN TO BEFORE ME THIS ____ DAY OF _January_____ , 20 22

YVETTE BRISENO
Notary Public, State of Texas
Comm. Expires 05-04-2022
Notary ID 13165481-5

CLERK OF THE JUSTICE COURT
NOTARY PUBLIC IN AND FOR STATE OF TEXAS (STRIKE ONE)

Penalty for making or using false affidavit -- A person who makes or uses an affidavit knowing it to be false, shall be fined as provided in title 18 United States Code, or imprisoned for not more than one year, or both.

**\*\*CERTIFICATE OF LAST KNOWN ADDRESS\*\***

In strict compliance with Rule 503.1(d), Texas Rules of Civil Procedure, it is hereby certified that the last known mailing address of Defendant is as follows:

1701 Grand Ave                          Fort Worth, Tx 76164
**\*\*DEFENDANT'S ADDRESS**                  CITY, STATE, AND ZIP CODE

| Sign Here → |

SIGNATURE OF PLAINTIFF/AGENT/ATTORNEY FOR PLAINTIFF

Rev. 01/30/2015

| Name | Customer # | Case # | Tracking Number |
|------|-----------|--------|-----------------|
| YAMMINE, JOSEPH K | | | 202110298563 |

Based upon name and social security number you have furnished, as of October 29, 2021 ("Active Duty Status Date"), there is no information in the Department of Defense Manpower Data Center ("DMDC") that indicates that the individual is in Active Duty Status. The Department of Defense reports that the information provided failed to match to a servicemember in its database.

Upon searching the data banks of the Department of Defense Manpower Data Center, based upon the information that you provided, the above is the status of the individual ("Subject") on the Active Duty Status Date, as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for active duty.

Affidavit: You opted not to purchase an affidavit. You may order one here. In the future, you can order an affidavit at the check-out screen or you can change the default settings for affidavits in "My Account" to include it in all future orders.

Servicemembers Civil Relief Act Centralized Verification Service

Roy L. Kaufmann
Managing Director
Servicemembers Civil Service Relief Act Verification Service Roy L. Kaufmann, Authorized Signatory
Date: 10/29/2021
For support: Support@ServicemembersCivilReliefAct.com or Support@SCRA.com

This report is based upon information that you have provided. Providing an erroneous name, social security number, date of birth or other information may cause an erroneous report to be provided. If you obtain further information about the person you may resubmit your request and we will provide new status report for that query. This response reflects status as of Active Duty Status Date only. For historical information, please resubmit your inquiry with a different Active Duty Status Date or contact the Individual Military Service SCRA points-of-contact https://www.ServicemembersCivilReliefAct.com/live/link/points-of-contact.php . If you have evidence that the individual is/was on active duty as of the Active Duty Status Date and you fail to obtain this additional information, punitive provisions of the SCRA may be invoked against you. E.g. USC Section 3951(c).

The Servicemembers Civil Relief Act Centralized Verification Service processes SCRA verifications through the Defense Manpower Data Center (DMDC) which is an organization of the United States Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database, updated once per month, which is the official source of data on eligibility for military care and other eligibility systems. The data base is updated monthly by the Department of Defense.

This response reflects the following information: (1) the individual's Active Duty status as of the Active Duty Status Date, (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date, and (3) Whether the individual or his/her unit received early notification to report for active duty on the Date of Interest. Records do not predate September 30, 1985.

More Information on Active Duty Status :

Active duty status as reported in this report is defined in accordance with 10 USC Section 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC Section 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrators (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S.Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

Coverage Coverage Under the SCRA is broader in Some Cases.

Coverage under SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this report.

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of SCRA extend beyond the last dates of active duty.

Those who could rely on this report are urged to seek qualified legal counsel to ensure that all rights guaranteed to Servicemembers under the SCRA are protected.

The information provided does not constitute a Consumer Report, as defined by the federal Fair Credit Reporting Act, 15 U.S.C. Section 1681 et seq, and may not be used to determine eligibility for credit, insurance, employment, or used for any other purpose governed by the FCRA

CAUSE NO. _____

| | | |
|---|---|---|
| Chany Development Inc. | § | IN THE JUSTICE COURT |
| PLAINTIFF | § | |
| | § | |
| v. | § | PRECINCT NO. 5 |
| | § | |
| Joseph K Yammine & Other Occupants | § | |
| DEFENDANT | § | TARRANT COUNTY, TEXAS |

## VERIFICATON OF COMPLIANCE WITH
## SECTION 4023 AND 4024 OF THE CARES ACT

My name is _____ J _____ Michael _____ Ferguson _____
             *First*       *Middle*       *Last*

I am (*check one*) ☐ the Plaintiff or ☒ an authorized agent of the Plaintiff in the eviction case described at the top of this page. I am capable of making this affidavit. The facts stated in the affidavit are within my personal knowledge and are true and correct.

1. **Verification:**

    a.  Plaintiff is seeking to recover possession of the following property:

| | | | |
|---|---|---|---|
| *Name of Apartment Complex (if any)* | | | |
| 1701 Grand Ave | Fort Worth | Tarrant | TX 76164 |
| *Street Address & Unit No. (if any)* | *City* | *County* | *State ZIP* |

I verify that the plaintiff has provided the defendant with 30 days' notice to vacate under Sections 4024(c) and 4023(e) of the CARES Act.

I verify that this property ☐ **IS** / ☐ **IS NOT** a "covered dwelling" as defined by Section 4024(a)(1) of the CARES Act and that this property ☐ **IS** / ☐ **IS NOT** a "multifamily borrower" under forbearance subject to Section 4023 of the CARES Act. The facts on which I base my conclusion are as follows. (PLEASE VISIT www.nlihc.org/federal-moratoriums AND/OR www.tdhca.state.tx.us/multifamily/housing- tax-credits-9pct TO VERIFY AND LIST BELOW)

*(Please identify which data base or the other information you have used to determine that the property does not have a federally backed mortgage loan or federally backed multifamily mortgage loan.)*

Not Applicable

Page 1 of 2

*(If the property does not have a federally backed mortgage loan or federally backed multifamily mortgage loan, please state whether (1) the property is a Low Income Housing Tax Credit (LIHTC) property, (2) the property is federally subsidized under any HUD or USDA program, or (3) the property leases to persons with Section 8 vouchers.)*

Not Applicable

2. **Declaration or Notary:** Complete only one of the two following sections:

   a. <u>Declaration</u>: I declare under penalty of perjury that everything in this verification is true and correct.

My name is:      J         Michael       Ferguson
                 *First*             *Middle*          *Last*

My birthdate is:   4 / 25 / 63
                 *Month*   *Day*   *Year*

My address is:

           62 Main st       Colleyville      Tarrant     TX     76034
*Street Address & Unit No. (if any)*        *City*        *County*     *State*    *ZIP*

Signed on _____ / _____ / _____ in   Tarrant    County, Texas.
          *Month*    *Day*    *Year*

                                       **Your Signature**

**OR**

   b. <u>Notary</u>: I declare under penalty of perjury that everything in this verification is true and correct.

J. Michael Ferguson

Your Printed Name                  Your Signature *(sign only before a notary)*

Sworn to and subscribed before me this _____ day of January, 20 22

CLERK OF THE COURT OR NOTARY

YVETTE BRISENO
Notary Public, State of Texas
Comm. Expires 05-04-2022
Notary ID 13166481-6

YVETTE BRISENO
Notary Public, State of Texas
Comm. Expires 05-04-2022
Notary ID 13166481-6

*Case Number* _____

| Chany Development, Inc | )( | *IN THE JUSTICE COURT OF* |
|---|---|---|
| *VS* | )( | *TARRANT COUNTY, TEXAS* |
| Joseph K. Yammine & Other Occupants | )( | *PRECINCT* 5 |

### CERTIFICATE OF LAST KNOWN ADDRESS

*IN STRICT COMPLIANCE WITH RULE 503.1(d), TEXAS RULES OF CIVIL*

*PROCEDURE, IT IS HEREBY CERTIFIED THAT THE LAST KNOWN MAILING*

*ADDRESS OF DEFENDANT IS AS FOLLOWS:*

_____

_____

_____

*DATE* 1-14-2022     _____

*PLAINTIFF OR ATTORNEY FOR PLAINTIFF*

CARES Act
Public Law 116-136

**Sec. 4024 TEMPORARY MORATORIUM ON EVICTION FILINGS.**

(a) DEFINITIONS.—In this section:

  (1) COVERED DWELLING.—The term "covered dwelling" means a dwelling that—

    (A) is occupied by a tenant—

      (i) pursuant to a residential lease; or

      (ii) without a lease or with a lease terminable under State law; and

    (B) is on or in a covered property.

  (2) COVERED PROPERTY.—The term "covered property" means any property that—

    (A) participates in—

      (i) a covered housing program (as defined in section 41411(a) of the Violence Against Women Act of 1994 (34 U.S.C. 12491(a)));

      or

      (ii) the rural housing voucher program under section 542 of the Housing Act of 1949 (42 U.S.C. 1490r); or

    (B) has a—

      (i) Federally backed mortgage loan; or

      (ii) Federally backed multifamily mortgage loan.

  (3) DWELLING.—The term "dwelling"—

    (A) has the meaning given the term in section 802 of the Fair Housing Act (42 U.S.C. 3602); and

    (B) includes houses and dwellings described in section 803(b) of such Act (42 U.S.C. 3603(b)).

  (4) FEDERALLY BACKED MORTGAGE LOAN.—The term "Federally backed mortgage loan" includes any loan (other than temporary financing such as a construction loan) that—

    (A) is secured by a first or subordinate lien on residential real property (including individual units of condominiums and cooperatives) designed principally for the occupancy of from 1 to 4 families, including any such secured loan, the proceeds of which are used to prepay or pay off an existing loan secured by the same property; and

    (B) is made in whole or in part, or insured, guaranteed, supplemented, or assisted in any way by any officer or agency of the Federal Government or under or in connection with a housing or urban development program administered by the Secretary of Housing and Urban Development or a housing or related program administered by any other such officer or agency, or is purchased or securitized by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association.

  (5) FEDERALLY BACKED MULTIFAMILY MORTGAGE LOAN.—The term "Federally backed multifamily mortgage loan" includes any loan (other than temporary financing such as a construction loan) that—

    (A) is secured by a first or subordinate lien on residential multifamily real property designed principally for the occupancy of 5 or more families, including any such secured loan, the proceeds of which are used to prepay or pay off an existing loan secured by the same property; and

    (B) is made in whole or in part, or insured, guaranteed, supplemented, or assisted in any way, by any officer or agency of the Federal Government or under or in connection with a housing or urban development program administered by the Secretary of Housing and Urban Development or a housing or related program administered by any other such officer or agency, or is purchased or securitized by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association.

(b) MORATORIUM.—During the 120-day period beginning on the date of enactment of this Act, the lessor of a covered dwelling may not—

  (1) make, or cause to be made, any filing with the court of jurisdiction to initiate a legal action to recover possession of the covered dwelling from the tenant for nonpayment of rent or other fees or charges; or

  (2) charge fees, penalties, or other charges to the tenant related to such nonpayment of rent.

(c) NOTICE.—The lessor of a covered dwelling unit—

  (1) may not require the tenant to vacate the covered dwelling unit before the date that is 30 days after the date on which the lessor provides the tenant with a notice to vacate; and

  (2) may not issue a notice to vacate under paragraph (1) until after the expiration of the period described in subsection (b).

D221098529

Unless you dispute the validity of the debt, or any portion thereof, within thirty days from after receipt of this notice, the debt will be assumed to be valid by the undersigned. If you notify the undersigned in writing within thirty days from the receipt of this letter that the debt or any portion thereof is disputed, I will obtain verification of the debt and I will mail a copy of the verification to you. Upon your written request, within the thirty (30) day period for the verification, I will provide you with the name and address of the original creditor. These thirty (30) day periods do not alter, waive, or affect the time for payment set forth above. You shall have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense you might have to acceleration and foreclosure.

> **"Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately."**

*This firm is a debt collector attempting to collect the debt. You are notified that any information you give me will be used in the collection of the debt owed.*

You may contact me at the firm's address for further information concerning the exact amount due and owed on the note and for arranging the payment of your indebtedness.

Demand is hereby made that this indebtedness be paid.

Thank you for your time, consideration and cooperation in this matter. If you have any questions, please feel free to contact me by phone or by email at legal@fnalegal.com.

Sincerely,

J. Michael Ferguson

D221098629

## Notice of Trustee's Sale

Date: 1/11/2021

Original Lender:    S & F Funding, LLC

Current Holder:    S & F Funding, LLC

JAN 12 2021

COUNTY CLERK, TARRANT CO., TEXAS
BY_____DEPUTY

Mortgage Servicer: AFI Loan Servicing, LLC, NMLS No. 1577685

Mortgage Servicer's Address: 62 Main Street, Suite 300, Colleyville, Texas 76034

Note and Security Agreement: A Promissory Note dated 05/23/2014 and being secured by a Deed of Trust in the original amount of $122,150.54 executed by Joseph Yammine in favor of S & F Funding, LLC and being filed of record under Instrument Number D214117543, Real Property Records of Tarrant County, Texas.

Property: Lot 1 and Lot 2, Block 130, of Belmont Terrace Addition, an Addition to the City of Fort Worth, Tarrant County, Texas, according to the Map or Plat thereof recorded in/under Volume 204, Page 9, of the Plat Records, of Tarrant County, Texas. (more commonly known as "1701 Grand Ave., Fort Worth, TX 76164")

County: Tarrant

Date of Sale (first Tuesday of month):    2/2/2021

Time of Sale:    10:00:00 AM or within 3 hours of this time.

Place of Sale: East Steps of the Courthouse or at place designated by the county commissioners.

**ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.**

J. Michael Ferguson is Trustee under the Deed of Trust. Mortgage Servicer has appointed J. Michael Ferguson or Yvette Briseno as Trustees under the Deed of Trust. Mortgage Servicer has instructed Trustee to offer the Property for sale toward the satisfaction of the Note. This foreclosure is being administered by Mortgage Servicer. Mortgage Servicer is representing Mortgagee under a servicing agreement.

**THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED**

D221098529

**IN THIS NOTICE OF SALE. THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.**

Notice is given that on the Date of Sale, Trustees will offer the Property for sale at public auction at the Place of Sale, to the highest bidder for cash, "AS IS." The sale will begin at the Time of Sale or not later than three hours thereafter. This sale will be conducted subject to the right of rescission contained in section 51.016 of the Texas Property Code.

J. Michael Ferguson or
Yvette Briseno
62 Main Street, Suite 310
Colleyville, Texas 76034
Phone (817) 267-1008
Email: legal@fnalegal.com
Trustee/Substitute Trustee

**Certificate of Posting**

My name is _Ruby Rios_ and my address is c/o Ferguson & Associates, LLC, 62 Main Street, Suite 310, Colleyville, Texas 76034. I declare under penalty of perjury that on _1/12/2021_ I filed a Notice of Foreclosure with the office of the Tarrant County Clerk and caused to be posted at the place designated for Foreclosure Sale Notices at the Tarrant County Courthouse.

Dated: _1/12/2021_

Declarant's Signature: _____

Declarant's Name: _Ruby Rios_

FILED

JAN 12 2021

COUNTY CLERK, TARRANT CO., TEXAS
BY_____ DEPUTY

 **Ferguson & Associates, LLC**
ATTORNEY AT LAW
62 Main St., Suite 310
Colleyville, TX 76034

J.Michael Ferguson
legl4@fnalegal.com

Phone(817) 267-1008
Fax(817) 485-1117

## Notice to Vacate

April 22, 2021

Joseph Imad Yammine
AND ALL OCCUPANTS
1701 Grand Ave
Fort Worth, TX 76164

**CERTIFIED MAIL, RETURN RECEIPT
REQUESTED AND BY REGULAR MAIL
7017-1070- 000-7847-0403**

Re: Notice of foreclosure and change in ownership; three-day notice to vacate and demand for possession.

Property:   1701 Grand Ave, Fort Worth, TX 76164

To Joseph Imad Yammine and All Occupants:

NOTICE IS HEREBY GIVEN THAT S&F Funding, LLC acquired title to the above-referenced Property as a result of a foreclosure sale. Pursuant to the terms of the foreclosed-upon deed of trust, you are now a tenant at sufferance.

Pursuant to sections 24.002(b) and 24.005 of the Texas Property Code, S&F Funding, LLC hereby terminates your tenancy at sufferance. This letter constitutes formal and final demand that you vacate the Property no later than three days following the delivery of this letter. In the event you fail to comply with this demand, this firm has been authorized to immediately file suit against you seeking possession of the Property.

### NOTICE TO TENANT(S)

Pursuant to Texas state law, if you are a tenant in the Property and have paid rent to your landlord for the month of the foreclosure sale and prior to receiving notice of the foreclosure referred to above, you must vacate the Property within thirty days from the date this notice is delivered. If this paragraph is applicable, you must provide our office with a copy of your lease agreement and proof of your last lease payment.

### NOTICE TO SERVICEMEMBERS AND THEIR DEPENDENTS

The Servicemembers' Civil Relief Act (SCRA, 50 U.S.C. App. §§ 3901–4043), as amended, grants active service members of the United States Armed Forces or a dependent of such an active service member certain rights, which include the temporary suspension of judicial and administrative proceedings

---

against active service members and their dependents, and which rights can extend for up to one year after any active duty period concludes. Please note that you may wish to consult an attorney, or your local military legal liaison, to help you determine what rights you may have, if any, under the SCRA.

The seriousness of the actions suggested in this letter warrant your immediate attention. If you believe any of the referenced protections may apply to you or if you have any other questions or concerns, please contact our office.

Sincerely,

Ferguson Associates, LLC



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)         $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Postmark
Here

Sent To Joseph Yammine
Street and Apt. No., or PO Box No.
701 Grand Ave
City, State, ZIP+4°
Fort Worth TX 76104

7017 1070 0000 7847 4D03

7017 1070 0000 7847 4D03



CERTIFIED MAIL®

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7017 1070 0000 7847 4D03

1/13/22, 1:24 PM

USPS.com® - USPS Tracking® Results

# USPS Tracking®

FAQs >

Track Another Package +

Remove ✕

**Tracking Number:** 70171070000078470403

## Status Not Available

The tracking number may be incorrect or the status update is not yet available. Please verify your tracking number and try again later.

Feedback

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

## Automated Certificate of eService
This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Joel Garcia on behalf of J. Michael Ferguson
Bar No. 24000644
joel@fnalegal.com
Envelope ID: 60889403
Status as of 1/18/2022 10:17 AM CST

Associated Case Party: Chany Development Inc

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| J. Michael Ferguson | | legal@fnalegal.com | 1/18/2022 9:59:55 AM | SENT |

FILED
1/18/2022 10:14 AM
Justice of the Peace, Precinct 5
Tarrant County

## JUSTICE COURT CIVIL CASE INFORMATION SHEET (4/13)

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____

STYLED __Chany Development, Inc V Joseph K. Yammine & Other Occupants__
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition is filed to initiate a new suit. The information should be the best available at the time of filing. This sheet, required by Rule of Civil Procedure 502, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | | 2. Names of parties in case: |
|---|---|---|
| Name:<br>J.Michael Ferguson | Telephone:<br>817-267-1008 | Plaintiff(s):<br>Chany Development, Inc. |
| Address:<br>62 Main St.,Ste 310 | Fax:<br>817-485-1117 | |
| City/State/Zip:<br>Colleyville,Tx 76034 | State Bar No:<br>24000644 | Defendant(s):<br>Joseph K Yammine<br><br>And other occupants |
| Email:<br>legal@fnalegal.com | | |
| Signature: | | [Attach additional page as necessary to list all parties] |

**3. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| | |
|---|---|
| ☐ *Debt Claim:* A debt claim case is a lawsuit brought to recover a debt by an assignee of a claim, a debt collector or collection agency, a financial institution, or a person or entity primarily engaged in the business of lending money at interest. The claim can be for no more than $10,000, excluding statutory interest and court costs but including attorney fees, if any. | ☒ *Eviction:* An eviction case is a lawsuit brought to recover possession of real property, often by a landlord against a tenant. A claim for rent may be joined with an eviction case if the amount of rent due and unpaid is not more than $10,000, excluding statutory interest and court costs but including attorney fees, if any. |
| ☐ *Repair and Remedy:* A repair and remedy case is a lawsuit filed by a residential tenant under Chapter 92, Subchapter B of the Texas Property Code to enforce the landlord's duty to repair or remedy a condition materially affecting the physical health or safety of an ordinary tenant. The relief sought can be for no more than $10,000, excluding statutory interest and court costs but including attorney fees, if any. | ☐ *Small Claims:* A small claims case is a lawsuit brought for the recovery of money damages, civil penalties, personal property, or other relief allowed by law. The claim can be for no more than $10,000, excluding statutory interest and court costs but including attorney fees, if any. |

# EXHIBIT "Q"

<u>SWORN COMPLAINT FOR EVICTION</u>

CASE NO._____    ☐ **With suit for Rent**    COURT DATE: _____

PLAINTIFF: Chany Development Inc.    In the Justice Court, Precinct 5 ___ Tarrant County, Texas
_____
(Landlord/Owner Name)    Rental Subsidy (if any)    $_____
VS.    Tenant's Portion    $_____
DEFENDANT(S): Joseph K Yammine & All Ocupants    TOTAL MONTHLY RENT    $_____
    The amt. of the rent per day is    $_____

COMPLAINT: Plaintiff (Landlord) hereby complains of the defendant(s) named above for eviction of plaintiff's premises (including storerooms and parking areas) located in the above precinct. Address of the property is:

2621 Prospect Ave _____ Fort Worth _____ TX ___ 76164
Street Address    Unit No. (If any)    City    State    Zip

1. **SERVICE OF CITATION:** Service is requested on defendants by personal service at home or work or by alternative service as allowed by the Texas Justice Court Rules of Court. Other service of papers address/addresses (if known) are: _____

2. ☐ **UNPAID RENT AS GROUNDS FOR EVICTION:** Defendant(s) failed to pay rent for the following time period(s): _____ TOTAL DELINQUENT RENT AS OF DATE OF FILING IS: $_____ Plaintiff reserves the right to orally amend the amount at trial to include rent due from the date of filing through the date of trial.

3. ☒ **OTHER GROUNDS FOR EVICTION/LEASE VIOLATIONS:** Lease Violations (if other than non-paid rent – list lease violations) Property sold at forclosure on March 2 2021

4. ☐ **HOLDOVER AS GROUNDS FOR EVICTION:** Defendant(s) are unlawfully holding over since they failed to vacate at the end of the rental term or renewal of extension period, which was the _____ day of _____, 20___.

5. **NOTICE TO VACATE:** Plaintiff has given defendant(s) a written notice to vacate (according to Chapter 24.005 of the Texas Property Code) and demand for possession. Such notice was delivered on the 22 day of April ___ and delivered by this method: Ceritifed and regular mail, USPS 7017-2680-0000-9372-0574

6. **ATTORNEY'S FEES:** Plaintiff will be ☐ or will NOT be ☒ seeking applicable attorney's fees. Attorney's name, address phone & fax numbers are _____

7. ☐ **BOND FOR POSSESSION:** If Plaintiff has filed a bond for possession, plaintiff requests (1) that the amount of plaintiff's bond and defendant's counter bond be set, (2) that plaintiff's bond be approved by the Court, and (3) that proper notices as required by the Texas Justice Court Rules are given to Defendant(s).

REQUEST FOR JUDGMENT: Plaintiff prays that defendant(s) be served with citation and that plaintiff have judgment against defendant(s) for: possession of premises, including removal of defendants and defendants' possessions from the premises, unpaid rent IF set forth above, attorney's fees, court costs, and interest on the above sums at the rate stated in the rental contract, or if not so stated, at the statutory rate for judgments under the Texas Finance Code Chapter 304.

☒ I give my consent for the answer and any other motions or pleadings to be sent to my email address which is: legal@fnalegal.com

Chany Development Inc. _____    J.Michael Ferguson
Petitioner's Printed Name    Signature of Plaintiff (Landlord/Property Owner) or Agent
    22 Main Street, Suite 310
DEFENDANT(S) INFORMATION (if known):    Address of Plaintiff (Landlord/Property Owner) or Agent
DATE OF BIRTH: _____    Colleyville _____ TX ___ 76034
*LAST 3 NUMBERS OF DRIVER LICENSE: _____    City    State    Zip
*LAST 3 NUMBERS OF SOCIAL SECURITY: _____    817-267-1008    817-485-1117
DEFENDANT'S PHONE NUMBER: _____    Phone & Fax No. of Plaintiff (Landlord/Property Owner) or agent

YVETTE BRISENO
Sworn to and subscribed before me this ____ day of January, 20 22
Notary Public, State
Comm. Expires 06-04-2022
Notary ID 13155481-5    _____
    CLERK OF THE JUSTICE COURT OR NOTARY

Rev. 1/2015

DOCKET NO. _____          DEFENDANT'S NAME: Joseph K. Yammine & Other Occupants

**AFFIDAVIT**
SERVICE MEMBERS CIVIL RELIEF ACT SEC. 201 (b)
*To <u>VERIFY</u> Military Status go to website: http://www.dmdc.osd.mil/appj/scra/scraHome.do

PLAINTIFF BEING DULY SWORN ON HIS OATH DEPOSES AND SAYS UNDER PENALTY OF PERJURY THAT
DEFENDANT: (Please select <u>ONE</u> for DEFENDANT)

_____ IS IN THE MILITARY SERVICE AND <u>ON</u> ACTIVE DUTY IN A FOREIGN COUNTRY

OR

_____ IS IN THE MILITARY SERVICE AND <u>NOT</u> ON ACTIVE DUTY IN A FOREIGN COUNTRY

OR

_____ <u>IS NOT</u> IN THE MILITARY SERVICE
*(In addition to this affidavit you MUST provide proof of military status before a default judgment can be rendered).

OR

_____ <u>HAS WAIVED</u> HIS RIGHTS UNDER THE SERVICE MEMBERS RELIEF ACT OF 2003

OR

_____ PLAINTIFF IS UNABLE TO DETERMINE WHETHER OR NOT DEFENDANT IS IN MILITARY SERVICE AT
THIS TIME
*(In addition to this affidavit you MUST provide proof of military status before a default judgment can be rendered).

*I am not providing proof of military status from the governmental website because:

_____

_____

_____

> **Sign Here** →          SIGNATURE OF PLAINTIFF/AGENT/ATTORNEY FOR PLAINTIFF

SUBSCRIBED AND SWORN TO BEFORE ME THIS ____ DAY OF January , 20 22

[Notary Stamp:]
YVETTE BRISENO
Notary Public, State of Texas
Comm. Expires 05-04-2022
Notary ID 13156481-5

CLERK OF THE JUSTICE COURT
NOTARY PUBLIC IN AND FOR STATE OF TEXAS (STRIKE ONE)

Penalty for making or using false affidavit – A person who makes or uses an affidavit knowing to be false, shall be fined as
provided in title 18 United States Code, or imprisoned for not more than one year, or both.

**CERTIFICATE OF LAST KNOWN ADDRESS**

In strict compliance with Rule 503.1(d), Texas Rules of Civil Procedure, it is hereby certified that the last known mailing
address of Defendant is as follows:

1301 Lagonda Ave                    Fort Worth, Tx 76164
**DEFENDANT'S ADDRESS                CITY, STATE, AND ZIP CODE

> **Sign Here** →          SIGNATURE OF PLAINTIFF/AGENT/ATTORNEY FOR PLAINTIFF

Rev. 01/30/2015

| Name | Customer # | Case # | Tracking Number |
|------|-----------|--------|-----------------|
| YAMMINE, JOSEPH K | | | 202110296563 |

Based upon name and social security number you have furnished, as of October 29, 2021 ("Active Duty Status Date"), there is no Information in the Department of Defense Manpower Data Center ("DMDC") that indicates that the Individual is in Active Duty Status. The Department of Defense reports that the information provided failed to match to a servicemember in its database.

Upon searching the data banks of the Department of Defense Manpower Data Center, based upon the information that you provided, the above is the status of the individual ("Subject") on the Active Duty Status Date, as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for active duty.

Affidavit: You opted not to purchase an affidavit. You may order one here. In the future, you can order an affidavit at the check-out screen or you can change the default settings for affidavits in "My Account" to include it in all future orders.

Servicemembers Civil Relief Act Centralized Verification Service

Roy L. Kaufmann
Managing Director
Servicemembers Civil Service Relief Act Verification Service Roy L. Kaufmann, Authorized Signatory
Date: 10/29/2021
For support: Support@ServicemembersCivilReliefAct.com or Support@SCRA.com

This report is based upon information that you have provided. Providing an erroneous name, social security number, date of birth or other information may cause an erroneous report to be provided. If you obtain further information about the person you may resubmit your request and we will provide new status report for that query. This response reflects status as of Active Duty Status Date only. For historical information, please resubmit your inquiry with a different Active Duty Status Date or contact the Individual Military Service SCRA points-of-contact:https://www.ServicemembersCivilReliefAct.com/live/link/points-of-contact.php . If you have evidence that the individual is/was on active duty as of the Active Duty Status Date and you fail to obtain this additional information, punitive provisions of the SCRA may be invoked against you. E.g. USC Section 3951(c).

The Servicemembers Civil Relief Act Centralized Verification Service processes SCRA verifications through the Defense Manpower Data Center (DMDC) which is an organization of the United States Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database, updated once per month, which is the official source of data on eligibility for military care and other eligibility systems. The data base is updated monthly by the Department of Defense.

This response reflects the following information: (1) the Active Duty status as of the Active Duty Status Date, (2) Whether the Individual left Active Duty status within 367 days preceding the Active Duty Status Date, and (3) Whether the Individual or his/her unit received early notification to report for active duty on the Date of Interest. Records do not predate September 30, 1985.

More Information on Active Duty Status :

Active duty status as reported in this report is defined in accordance with 10 USC Section 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC Section 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrators (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S.Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

Coverage Coverage Under the SCRA is broader in Some Cases.

Coverage under SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this report.

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of SCRA extend beyond the last dates of active duty.

Those who could rely on this report are urged to seek qualified legal counsel to ensure that all rights guaranteed to Servicemembers under the SCRA are protected.

The information provided does not constitute a Consumer Report, as defined by the federal Fair Credit Reporting Act, 15 U.S.C. Section 1681 et seq. and may not be used to determine eligibility for credit, insurance, employment, or used for any other purpose governed by the FCRA

CAUSE NO. _____

| | | |
|---|---|---|
| <u>Chany Development Inc.</u><br>PLAINTIFF | §<br>§<br>§ | IN THE JUSTICE COURT |
| v. | §<br>§<br>§ | PRECINCT NO. 5 |
| <u>Joseph K Yammine & Other Occupants</u><br>DEFENDANT | §<br>§<br>§ | TARRANT COUNTY, TEXAS |

## <u>VERIFICATON OF COMPLIANCE WITH</u><br><u>SECTION 4023 AND 4024 OF THE CARES ACT</u>

My name is _____ J _____ Michael _____ Ferguson _____
First      Middle      Last

I am (check one) ☐ <u>the Plaintiff</u> or ☒ <u>an authorized agent of the Plaintiff</u> in the eviction case described at the top of this page. I am capable of making this affidavit. The facts stated in the affidavit are within my personal knowledge and are true and correct.

1. Verification:

    a. Plaintiff is seeking to recover possession of the following property:

_____
*Name of Apartment Complex (if any)*

2621 Prospect Ave _____ Fort Worth  Tarrant _____ TX 76164
*Street Address & Unit No. (if any)*      *City*      *County*      *State ZIP*

I verify that the plaintiff has provided the defendant with 30 days' notice to vacate under Sections 4024(c) and 4023(e) of the CARES Act.

I verify that this property ☐ IS / ☐ IS NOT a "covered dwelling" as defined by Section 4024(a)(1) of the CARES Act and that this property ☐ IS / ☐ IS NOT a "multifamily borrower" under forbearance subject to Section 4023 of the CARES Act. The facts on which I base my conclusion are as follows. (PLEASE VISIT <u>www.nlihc.org/federal-moratoriums</u> AND/OR <u>www.tdhca.state.tx.us/multifamily/housing-tax-credits-9pct</u> TO VERIFY AND LIST BELOW)

*(Please identify which data base or the other information you have used to determine that the property does not have a federally backed mortgage loan or federally backed multifamily mortgage loan.)*

Not Applicable
_____
_____
_____

Page 1 of 2

*(If the property does not have a federally backed mortgage loan or federally backed multifamily mortgage loan, please state whether (1) the property is a Low Income Housing Tax Credit (LIHTC) property, (2) the property is federally subsidized under any HUD or USDA program, or (3) the property leases to persons with Section 8 vouchers.)*

Not Applicable
_____

_____

2. **Declaration or Notary:** Complete only one of the two following sections:

   a. **Declaration:** I declare under penalty of perjury that everything in this verification is true and correct.

   My name is: _____ J _____ Michael _____ Ferguson _____
            *First*       *Middle*      *Last*

   My birthdate is: __4__ / __25__ / __63__
            *Month*   *Day*   *Year*

   My address is: 62 Main st    Colleyville    Tarrant    TX    76034
   *Street Address & Unit No. (if any)*    *City*    *County*    *State*  *ZIP*

   Signed on _____ / _____ / _____ in _____ Tarrant _____ County, Texas.
           *Month*  *Day*  *Year*

   _____
   **Your Signature**

   **OR**

   b. **Notary:** I declare under penalty of perjury that everything in this verification is true and correct.

   J. Michael Ferguson
   _____
   Your Printed Name              **Your Signature** *(sign only before a notary)*

   Sworn to and subscribed before me this __17__ day of January, 20 22.

   _____
   CLERK OF THE COURT OR NOTARY

   YVETTE BRISENO
   Notary Public, State of Texas
   Comm. Expires 05-04-2022
   Notary ID 13155481-5

CARES Act
Public Law 116-136

**Sec. 4024 TEMPORARY MORATORIUM ON EVICTION FILINGS.**

(a) DEFINITIONS.—In this section:

(1) COVERED DWELLING.— The term "covered dwelling" means a dwelling that—

(A) is occupied by a tenant—

(i) pursuant to a residential lease; or

(ii) without a lease or with a lease terminable under State law; and

(B) is on or in a covered property.

(2) COVERED PROPERTY.—The term "covered property" means any property that—

(A) participates in—

(i) a covered housing program (as defined in section 41411(a) of the Violence Against Women Act of 1994 (34 U.S.C. 12491(a))); or

(ii) the rural housing voucher program under section 542 of the Housing Act of 1949 (42 U.S.C. 1490r); or

(B) has a—

(i) Federally backed mortgage loan; or

(ii) Federally backed multifamily mortgage loan.

(3) DWELLING.—The term "dwelling"—

(A) has the meaning given the term in section 802 of the Fair Housing Act (42 U.S.C. 3602); and

(B) includes houses and dwellings described in section 803(b) of such Act (42 U.S.C. 3603(b)).

(4) FEDERALLY BACKED MORTGAGE LOAN.—The term "Federally backed mortgage loan" includes any loan (other than temporary financing such as a construction loan) that—

(A) is secured by a first or subordinate lien on residential real property (including individual units of condominiums and cooperatives) designed principally for the occupancy of from 1 to 4 families, including any such secured loan, the proceeds of which are used to prepay or pay off an existing loan secured by the same property; and

(B) is made in whole or in part, or insured, guaranteed, supplemented, or assisted in any way by any officer or agency of the Federal Government or under or in connection with a housing or urban development program administered by the Secretary of Housing and Urban Development or a housing or related program administered by any other such officer or agency, or is purchased or securitized by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association.

(5) FEDERALLY BACKED MULTIFAMILY MORTGAGE LOAN.—The term "Federally backed multifamily mortgage loan" includes any loan (other than temporary financing such as a construction loan) that—

(A) is secured by a first or subordinate lien on residential multifamily real property designed principally for the occupancy of 5 or more families, including any such secured loan, the proceeds of which are used to prepay or pay off an existing loan secured by the same property; and

(B) is made in whole or in part, or insured, guaranteed, supplemented, or assisted in any way, by any officer or agency of the Federal Government or under or in connection with a housing or urban development program administered by the Secretary of Housing and Urban Development or a housing or related program administered by any other such officer or agency, or is purchased or securitized by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association.

(b) MORATORIUM.—During the 120-day period beginning on the date of enactment of this Act, the lessor of a covered dwelling may not—

(1) make, or cause to be made, any filing with the court of jurisdiction to initiate a legal action to recover possession of the covered dwelling from the tenant for nonpayment of rent or other fees or charges; or

(2) charge fees, penalties, or other charges to the tenant related to such nonpayment of rent.

(c) NOTICE.—The lessor of a covered dwelling unit—

(1) may not require the tenant to vacate the covered dwelling unit before the date that is 30 days after the date on which the lessor provides the tenant with a notice to vacate; and

(2) may not issue a notice to vacate under paragraph (1) until after the expiration of the period described in subsection (b).

*Case Number* _____

| | | |
|---|---|---|
| Chany Development, Inc | )( | *IN THE JUSTICE COURT OF* |
| *VS* | )( | *TARRANT COUNTY, TEXAS* |
| Joseph K. Yammine & Other Occupants | )( | *PRECINCT* 5 _____ |

*CERTIFICATE OF LAST KNOWN ADDRESS*

*IN STRICT COMPLIANCE WITH RULE 503.1(d), TEXAS RULES OF CIVIL*

*PROCEDURE, IT IS HEREBY CERTIFIED THAT THE LAST KNOWN MAILING*

*ADDRESS OF DEFENDANT IS AS FOLLOWS:*

_____

_____

_____

*DATE* 1-14-2022                    _____

                                   *PLAINTIFF OR ATTORNEY FOR PLAINTIFF*

D221008533    04/09/2021 03:59 PM    Page: 1 of 12    Fee: $63.00    Submitter: J. Michael Ferguson, P.C.
Electronically Recorded by Tarrant County Clerk in Official Public Records    *Mary Louise Nicholson*
MARY LOUISE NICHOLSON
COUNTY CLERK

## Trustee's Deed

**Notice of confidentiality rights: If you are a natural person, you may remove or strike any or all of the following information from any instrument that transfers an interest in real property before it is filed for record in the public records: your Social Security number or your driver's license number.**

Date:  03/02/2021

Trustee: J. Michael Ferguson

Deed of Trust

      Date:           09/21/2010

      Grantor:     JW Construction

      Mortgagee:  Anson Financial, Inc

      Recording information: The Deed of Trust dated 09/21/2010 is filed of record under Instrument Number D210273210, Real Property Records, Tarrant County, Texas.

      **Property: See Exhibit "A"**

Note

      Date:   The Deed of Trust dated 09/21/2010 is filed of record under Instrument Number D210273210 in the Real Property Records of Tarrant County, Texas.

      Principal amount:    $150,000.00

      Borrower:    JW Construction

      Mortgagee:  Anson Financial, Inc

Date of Sale (first Tuesday of month): 03/02/2021

Time of Sale: 12:56:00 PM

Place of Sale: East Steps of the Courthouse or at place designated by the county commissioners.

Buyer:                    Chany Development, Inc.

Buyer's Mailing Address:   62 Main Street, Suite 300
                          Colleyville, TX 76034

Amount of Sale:    $105,928.11

A default existed under the Deed of Trust and Mortgagee or its agent directed Trustee to enforce the trust.

Notices stating the time, place, and terms of sale of the Property were posted and filed and as shown by the Notice of Trustee's Sale attached with a Certificate of Posting to this deed and incorporated in it by this reference. Mortgagee either personally or by agent served notice of the sale to each debtor, as required by section 51.002 of the Texas Property Code. In accordance with that statute and the Deed of Trust, Trustee sold the Property to Buyer, who was the highest bidder at the public auction for **$105,928.11**. The sale was made on **3/2/2021**, began at **10:00:00 AM** and was concluded by 12:56 P.M.

Trustee, subject to any prior liens, the right of rescission contained in section 51.016 of the Texas Property Code, and other exceptions to conveyance and warranty in the Deed of Trust and for the **$105,928.11** paid by Trustee's sale as consideration, grants, sells, and conveys the Property to Buyer, "AS IS," together with all and singular the rights and appurtenances thereto in any way belonging, to have and to hold it to Buyer and Buyer's heirs, successors, and assigns forever. Trustee binds Grantor and Grantor's heirs and successors to warrant and forever defend all and singular the Property to Buyer and Buyer's heirs, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the prior liens and other exceptions to conveyance and warranty in the Deed of Trust.

TRUSTEE HAS NOT MADE, AND DOES NOT MAKE, ANY REPRESENTATION, EXPRESS OR IMPLIED, WITH RESPECT TO THE PERSONAL PROPERTY, AND THE PERSONAL PROPERTY IS SOLD TO BUYER "AS IS, WHERE IS, AND WITH ALL FAULTS." THERE IS NO WARRANTY RELATING TO TITLE, POSSESSION, QUIET ENJOYMENT, OR THE LIKE IN THIS DISPOSITION OF PERSONAL PROPERTY.

J. Michael Ferguson

D221098533

STATE OF TEXAS           §
COUNTY OF TARRANT        §

This Instrument was acknowledged before me on 4/9/2021 by J. Michael Ferguson.

Notary Public, State of Texas

YVETTE BRISENO
Notary Public, State of Texas
Comm. Expires 06-04-2022
Notary ID 13165481-5

D221098533

Exhibit "A"

Lots 2 and 3, Block 47, of Pruitt Subdivision of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 106, Page 90, of the Plat Records of Tarrant County, Texas; Commonly known as 2621 and 2625 Prospect Avenue.

Lot 14, Block 43, of Rosen Heights, First Filing, an addition to the City of Fort Worth, Tarrant County, Texas according not the Map or Plat thereof recorded in/under Volume 106, Page 56, of the Plat Records of Tarrant County, Texas; Commonly known as 2704 Hanna Avenue.

Being the West ½ of Lot 6, Block 46, of M. G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 18, and Volume 308-D, Page 19, of the Plat Records of Tarrant County, Texas; Commonly known as 2704 Holland Street.

Lot 1, Block 70, of North Fort Worth Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 149, of the Plat Records of Tarrant County, Texas; Commonly known as 1301 Lagonda Avenue.

D221098533                                                                    Page 5 of 12

## Foreclosure Affidavit

Date: 3/2/2021

Affiant:       J. Michael Ferguson

Deed of Trust

Date:         09/21/2010

Grantor:      JW Construction

Mortgagee:    Anson Financial, Inc

Recording information: The Deed of Trust dated 09/21/2010 is filed of record under
                        Instrument Number D210273210, Real Property Records, Tarrant
                        County, Texas.

Property: See Exhibit "A"

Affiant on oath swears that the following statements are true and are within the personal
knowledge of Affiant:

1.      This affidavit is made with respect to the foreclosure of the Deed of Trust that
occurred on 3/2/2021.

2.      Attached to this affidavit is a copy of the Notice of Trustee's Sale, file-stamped by
the county clerk's office.

3.      The trustee's sale took place on 3/2/2021 at approximately 12:56:00 PM at the place
at the courthouse designated in the or the area designated by the county commissioner's court for
foreclosure sales.

4.      Attached to this affidavit is a copy of the letter sent to each debtor obligated to pay
the debt at the address required under the Texas Property Code.

4.      At least twenty-one days before the trustee's sale, Affiant, either personally or by
agent, served notice of the sale on each debtor, at the address for that debtor as shown by
Mortgagee's records, who is: JW Construction. The notice was served on 02/09/2021 by certified
mail, postage prepaid, properly addressed to each debtor listed above at the address(es) stated.

5.      To the best of Affiant's knowledge, the debtor[s] was/were alive on the date of the trustee's sale.

6.      No debtor is a servicemember in military service, as those terms are defined in 50 U.S.C. § 3911, nor at any time within ninety days preceding the date of the trustee's sale.

_____
J. Michael Ferguson

STATE OF TEXAS          §
COUNTY OF TARRANT       §

This Instrument was acknowledged before me on 4/9/2021 by J. Michael Ferguson.

_____
Notary Public, State of Texas

YVETTE BRISEÑO
Notary Public, State of Texas
Comm. Expires 06-04-2022
Notary ID 13165481-6

D221098533

Unless you dispute the validity of the debt, or any portion thereof, within thirty days from after receipt of this notice, the debt will be assumed to be valid by the undersigned. If you notify the undersigned in writing within thirty days from the receipt of this letter that the debt or any portion thereof is disputed, I will obtain verification of the debt and I will mail a copy of the verification to you. Upon your written request, within the thirty (30) day period for the verification, I will provide you with the name and address of the original creditor. These thirty (30) day periods do not alter, waive, or affect the time for payment set forth above. You shall have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense you might have to acceleration and foreclosure.

**"Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately."**

*This firm is a debt collector attempting to collect the debt. You are notified that any information you give me will be used in the collection of the debt owed.*

You may contact me at the firm's address for further information concerning the exact amount due and owed on the note and for arranging the payment of your indebtedness.

Demand is hereby made that this indebtedness be paid.

Thank you for your time, consideration and cooperation in this matter. If you have any questions, please feel free to contact me by phone or by email at legal@fnalegal.com.

Sincerely,

J. Michael Ferguson

## Notice of Trustee's Sale

Date: 1/11/2021

Original Lender:    R.W Weaver, Inc

Current Holder:    Anson Financial, Inc.

Mortgage Servicer: AFI Loan Servicing, LLC, NMLS No. 1577685

Mortgage Servicer's Address: 62 Main Street, Suite 300, Colleyville, Texas 76034

Note and Security Agreement: A Promissory Note dated 09/21/2010 and being secured by a Deed of Trust in the original amount of $150,000 executed by JW Construction in favor of Original Lender and being filed of record under Instrument Number D210273210, Real Property Records of Tarrant County, Texas.

Property: See Exhibits "A"

County: Tarrant

Date of Sale (first Tuesday of month):        2/2/2021

JAN 12 2021

COUNTY CLERK, TARRANT CO, TEXAS
BY_____DEPUTY

Time of Sale:        10:00:00 AM or within 3 hours of this time.

Place of Sale: East Steps of the Courthouse or at place designated by the county commissioners.

ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.

Glenn Weaver is Trustee under the Deed of Trust. Mortgage Servicer has appointed J. Michael Ferguson or Yvette Briseno as Trustees under the Deed of Trust. Mortgage Servicer has instructed Trustee to offer the Property for sale toward the satisfaction of the Note. This foreclosure is being administered by Mortgage Servicer. Mortgage Servicer is representing Mortgagee under a servicing agreement.

THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE. THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.

D221098533

Notice is given that on the Date of Sale, Trustees will offer the Property for sale at public auction at the Place of Sale, to the highest bidder for cash, "AS IS." The sale will begin at the Time of Sale or not later than three hours thereafter. This sale will be conducted subject to the right of rescission contained in section 51.016 of the Texas Property Code.

J. Michael Ferguson or
Yvette Briseno
62 Main Street, Suite 310
Colleyville, Texas 76034
Phone (817) 267-1008
Email: legal@fnalegal.com
Trustee/Substitute Trustee

## Certificate of Posting

My name is _Ruby Rios_ and my address is c/o Ferguson & Associates, LLC, 62 Main Street, Suite 310, Colleyville, Texas 76034. I declare under penalty of perjury that on _1/12/2021_ I filed a Notice of Foreclosure with the office of the Tarrant County Clerk and caused to be posted at the place designated for Foreclosure Sale Notices at the Tarrant County Courthouse.

Dated: _1/12/2021_

Declarant's Signature: _____

Declarant's Name: _Ruby Rios_

FILED

JAN 12 2021

COUNTY CLERK, TARRANT CO., TEXAS
BY_____DEPUTY

D221098533

### Exhibit "A"

Lots 2 and 3, Block 47, of Pruitt Subdivision of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 106, Page 90, of the Plat Records of Tarrant County, Texas; Commonly known as 2621 and 2625 Prospect Avenue.

Lot 14, Block 43, of Rosen Heights, First Filing, an addition to the City of Fort Worth, Tarrant County, Texas according not the Map or Plat thereof recorded in/under Volume 106, Page 56, of the Plat Records of Tarrant County, Texas; Commonly known as 2704 Hanna Avenue.

Being the West ½ of Lot 6, Block 46, of M. G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 18, and Volume 308-D, Page 19, of the Plat Records of Tarrant County, Texas; Commonly known as 2704 Holland Street.

Lot 1, Block 70, of North Fort Worth Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 149, of the Plat Records of Tarrant County, Texas; Commonly known as 1301 Lagonda Avenue.

FILED

JAN 12 2021

COUNTY CLERK, TARRANT CO., TEXAS
BY_____DEPUTY

 **Ferguson & Associates, LLC**
ATTORNEY AT LAW
62 Main St., Suite 310
Colleyville, TX 76034

J.Michael Ferguson                                     Phone(817) 267-1008
legal@fnalegal.com                                     Fax(817) 485-1117

## Notice to Vacate

April 22, 2021

Joseph Imad Yammine                    **CERTIFIED MAIL, RETURN RECEIPT**
AND ALL OCCUPANTS                      **REQUESTED AND BY REGULAR MAIL**
2621 Prospect Ave                      **7017-2680-0000-9372-0574**
Fort Worth, TX 76164

Re: Notice of foreclosure and change in ownership; three-day notice to vacate and demand for
    possession.

Property:    2621 Prospect Ave, Fort Worth, TX 76164

To Joseph Imad Yammine and All Occupants:

    NOTICE IS HEREBY GIVEN THAT Chany Development, Inc. acquired title to the above-
referenced Property as a result of a foreclosure sale. Pursuant to the terms of the foreclosed-upon deed of
trust, you are now a tenant at sufferance.
    Pursuant to sections 24.002(b) and 24.005 of the Texas Property Code, Chany Development, Inc.
hereby terminates your tenancy at sufferance. This letter constitutes formal and final demand that you
vacate the Property no later than three days following the delivery of this letter. In the event you fail to
comply with this demand, this firm has been authorized to immediately file suit against you seeking
possession of the Property.

### NOTICE TO TENANT(S)

    Pursuant to Texas state law, if you are a tenant in the Property and have paid rent to your landlord
for the month of the foreclosure sale and prior to receiving notice of the foreclosure referred to above, you
must vacate the Property within thirty days from the date this notice is delivered. If this paragraph is
applicable, you must provide our office with a copy of your lease agreement and proof of your last lease
payment.

### NOTICE TO SERVICEMEMBERS AND THEIR DEPENDENTS

    The Servicemembers' Civil Relief Act (SCRA, 50 U.S.C. App. §§ 3901-4043), as amended,
grants active service members of the United States Armed Forces or a dependent of such an active service
member certain rights, which include the temporary suspension of judicial and administrative proceedings

---

against active service members and their dependents, and which rights can extend for up to one year after any active duty period concludes. Please note that you may wish to consult an attorney, or your local military legal liaison, to help you determine what rights you may have, if any, under the SCRA.

The seriousness of the actions suggested in this letter warrant your immediate attention. If you believe any of the referenced protections may apply to you or if you have any other questions or concerns, please contact our office.

Sincerely,

Ferguson Associates, LLC



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

# CERTIFIED MAIL®

7017 2680 0000 9372 0574

7017 2680 0000 9372 0574

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee $

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postage $

Total Postage and Fees $

Sent To _Joseph Yamming_
Street and Apt. No., or PO Box No. _2021 Gospel Ave_
City, State, ZIP+4® _Fort Worth, Texas, 76104_

Postmark
Here

1/13/22, 1:25 PM                                    USPS.com® - USPS Tracking® Results

# USPS Tracking®

FAQs >

Track Another Package  +

Remove ✕

**Tracking Number:** 70172680000093720574

Your item has been delivered to the original sender at 5:36 pm on May 25, 2021 in COLLEYVILLE, TX 76034.

USPS Tracking Plus™ Available ∨

## ⊘ Delivered, To Original Sender

May 25, 2021 at 5:36 pm
COLLEYVILLE, TX 76034

Get Updates ∨

---

Text & Email Updates                                                    ∨

---

Tracking History                                                        ∨

---

USPS Tracking Plus™                                                     ∨

---

Product Information                                                     ∨

---

See Less ∧

1/13/22, 1:25 PM

USPS.com® - USPS Tracking® Results

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Joel  Garcia on behalf of J. Michael Ferguson
Bar No. 24000644
joel@fnalegal.com
Envelope ID: 60890611
Status as of 1/18/2022 3:12 PM CST

Associated Case Party: Chany Development

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| J. Michael Ferguson | | legal@fnalegal.com | 1/18/2022 10:14:54 AM | SENT |

FILED
1/18/2022 10:44 AM
Justice of the Peace, Precinct 5
Tarrant County

## JUSTICE COURT CIVIL CASE INFORMATION SHEET (4/13)

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____

STYLED  Chany Development, Inc V Joseph K. Yammine & Other Occupants
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition is filed to initiate a new suit. The information should be the best available at the time of filing. This sheet, required by Rule of Civil Procedure 502, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | | 2. Names of parties in case: |
|---|---|---|
| **Name:**<br>J.Michael Ferguson | **Telephone:**<br>817-267-1008 | **Plaintiff(s):**<br>Chany Development, Inc. |
| **Address:**<br>62 Main St., Ste 310 | **Fax:**<br>817-485-1117 | |
| **City/State/Zip:**<br>Colleyville,Tx 76034 | **State Bar No:**<br>24000644 | **Defendant(s):**<br>Joseph K Yammine<br><br>And other occupants |
| **Email:**<br>legal@fnalegal.com | | |
| **Signature:** | | [Attach additional page as necessary to list all parties] |

### 3. Indicate case type, or identify the most important issue in the case *(select only 1):*

☐ *Debt Claim:* A debt claim case is a lawsuit brought to recover a debt by an assignee of a claim, a debt collector or collection agency, a financial institution, or a person or entity primarily engaged in the business of lending money at interest. The claim can be for no more than $10,000, excluding statutory interest and court costs but including attorney fees, if any.

☒ *Eviction:* An eviction case is a lawsuit brought to recover possession of real property, often by a landlord against a tenant. A claim for rent may be joined with an eviction case if the amount of rent due and unpaid is not more than $10,000, excluding statutory interest and court costs but including attorney fees, if any.

☐ *Repair and Remedy:* A repair and remedy case is a lawsuit filed by a residential tenant under Chapter 92, Subchapter B of the Texas Property Code to enforce the landlord's duty to repair or remedy a condition materially affecting the physical health or safety of an ordinary tenant. The relief sought can be for no more than $10,000, excluding statutory interest and court costs but including attorney fees, if any.

☐ *Small Claims:* A small claims case is a lawsuit brought for the recovery of money damages, civil penalties, personal property, or other relief allowed by law. The claim can be for no more than $10,000, excluding statutory interest and court costs but including attorney fees, if any.

# EXHIBIT "R"

<u>SWORN COMPLAINT FOR EVICTION</u>

CASE NO._____    ☐ **With suit for Rent**    COURT DATE: _____

PLAINTIFF _Chany Development Inc._____
(Landlord/Owner Name)

In the Justice Court, Precinct _5_ Tarrant County, Texas

VS.
DEFENDANT(S): _Joseph K Yammine & All Ocupants_

| | |
|---|---|
| Rental Subsidy (if any) | $_____ |
| Tenant's Portion | $_____ |
| TOTAL MONTHLY RENT | $_____ |
| The amt. of the rent per day is | $_____ |

COMPLAINT: Plaintiff (Landlord) hereby complains of the defendant(s) named above for eviction of plaintiff's premises (including storerooms and parking areas) located in the above precinct. Address of the property is:

_2625 Prospect Ave_ _____  _Fort Worth_  _TX_  _76164_
Street Address      Unit No. (if any)    City      State    Zip

1. SERVICE OF CITATION: Service is requested on defendants by personal service at home or work or by alternative service as allowed by the Texas Justice Court Rules of Court. Other service of papers address/addresses (if known) are:
_____

2. ☐ UNPAID RENT AS GROUNDS FOR EVICTION: Defendant(s) failed to pay rent for the following time period(s):
_____ TOTAL DELINQUENT RENT AS OF DATE OF FILING IS: $_____
Plaintiff reserves the right to orally amend the amount at trial to include rent due from the date of filing through the date of trial.

3. ☒ OTHER GROUNDS FOR EVICTION/LEASE VIOLATIONS: Lease Violations (if other than non-paid rent – list lease violations) _Property sold at forclosure on March 2 2021_

4. ☐ HOLDOVER AS GROUNDS FOR EVICTION: Defendant(s) are unlawfully holding over since they failed to vacate at the end of the rental term or renewal of extension period, which was the _____ day of _____, 20_____.

5. NOTICE TO VACATE: Plaintiff has given defendant(s) a written notice to vacate (according to Chapter 24.005 of the Texas Property Code) and demand for possession. Such notice was delivered on the _22_ day of _April_ and delivered by this method: _Cerfitifed and regular mail, USPS 7017-1070-0000-7847-0410_

6. ATTORNEY'S FEES: Plaintiff will be ☐ or will NOT be ☒ seeking applicable attorney's fees. Attorney's name, address phone & fax numbers are _____

7. ☐ BOND FOR POSSESSION: If Plaintiff has filed a bond for possession, plaintiff requests (1) that the amount of plaintiff's bond and defendant's counter bond be set, (2) that plaintiff's bond be approved by the Court, and (3) that proper notices as required by the Texas Justice Court Rules are given to Defendant(s).

REQUEST FOR JUDGMENT: Plaintiff prays that defendant(s) be served with citation and that plaintiff have judgment against defendant(s) for: possession of premises, including removal of defendants and defendants' possessions from the premises, unpaid rent IF set forth above, attorney's fees, court costs, and interest on the above sums at the rate stated in the rental contract, or if not so stated, at the statutory rate for judgments under the Texas Finance Code Chapter 304.

☒ I give my consent for the answer and any other motions or pleadings to be sent to my email address which is:
_legal@fnalegal.com_

_Chany Development Inc._
Petitioner's Printed Name

_J.Michael Ferguson_
Signature of Plaintiff (Landlord/Property Owner) or Agent
_62 Main Street, Suite 310_
Address of Plaintiff (Landlord/Property Owner) or Agent

DEFENDANT(S) INFORMATION (if known):
DATE OF BIRTH: _____
*LAST 3 NUMBERS OF DRIVER LICENSE: _____
*LAST 3 NUMBERS OF SOCIAL SECURITY: _____
DEFENDANT'S PHONE NUMBER: _____

_Colleyville_  _TX_  _76034_
City      State    Zip
_817-267-1008_  _817-485-1117_
Phone & Fax No. of Plaintiff (Landlord/Property Owner) or agent

Sworn to and subscribed before me this _____ day of _January_ 20_22_

YVETTE BRISEÑO
Notary Public, State of Texas
Comm. Expires 06-04-2022
Notary ID 13156481-5

CLERK OF THE JUSTICE COURT OR NOTARY

Rev. 1/2015

DOCKET NO._____    DEFENDANT'S NAME: Joseph K. Yammine & Other Occupants

**AFFIDAVIT**
SERVICE MEMBERS CIVIL RELIEF ACT SEC. 201 (b)
*To **VERIFY** Military Status go to website: http://www.dmdc.osd.mil/appj/scra/scraHome.do

PLAINTIFF BEING DULY SWORN ON HIS OATH DEPOSES AND SAYS UNDER PENALTY OF PERJURY THAT
DEFENDANT: (Please select **ONE** for **DEFENDANT**)

____ IS IN THE MILITARY SERVICE AND <u>ON</u> ACTIVE DUTY IN A FOREIGN COUNTRY

OR

____ IS IN THE MILITARY SERVICE AND <u>NOT</u> ON ACTIVE DUTY IN A FOREIGN COUNTRY

OR

____ <u>IS NOT</u> IN THE MILITARY SERVICE
*(In addition to this affidavit you MUST provide proof of military status before a default judgment can be rendered).

OR

____ <u>HAS WAIVED</u> HIS RIGHTS UNDER THE SERVICE MEMBERS RELIEF ACT OF 2003

OR

____ PLAINTIFF IS UNABLE TO DETERMINE WHETHER OR NOT DEFENDANT IS IN MILITARY SERVICE AT
THIS TIME
*(In addition to this affidavit you MUST provide proof of military status before a default judgment can be rendered).

*I am not providing proof of military status from the governmental website because:

_____

_____

_____

**Sign Here** ➡    _____
SIGNATURE OF PLAINTIFF/AGENT/ATTORNEY FOR PLAINTIFF

SUBSCRIBED AND SWORN TO BEFORE ME THIS ____ DAY OF January , 20 22

YVETTE BRISENO
Notary Public, State of Texas
Comm. Expires 05-04-2022
Notary ID 131654481-5

CLERK OF THE JUSTICE COURT
NOTARY PUBLIC IN AND FOR STATE OF TEXAS (STRIKE ONE)

Penalty for making or using false affidavit – A person who makes or uses an affidavit knowing to be false, shall be fined as
provided in title 18 United States Code, or imprisoned for not more than one year, or both.

**\*\*CERTIFICATE OF LAST KNOWN ADDRESS\*\***

In strict compliance with Rule 503.1(d), Texas Rules of Civil Procedure, it is hereby certified that the last known mailing
address of Defendant is as follows:

2625 Prospect Ave                    Fort Worth, Tx 76164
_____
**\*\*DEFENDANT'S ADDRESS**           CITY, STATE, AND ZIP CODE

**Sign Here** ➡    _____
SIGNATURE OF PLAINTIFF/AGENT/ATTORNEY FOR PLAINTIFF

Rev. 01/30/2015

| Name | Customer # | Case # | Tracking Number |
|------|-----------|--------|-----------------|
| YAMMINE, JOSEPH K | | | 202110296563 |

Based upon name and social security number you have furnished, as of October 29, 2021 ("Active Duty Status Date"), there is no information in the Department of Defense Manpower Data Center ("DMDC") that indicates that the individual is in Active Duty Status. The Department of Defense reports that the information provided failed to match to a servicemember in its database.

Upon searching the data banks of the Department of Defense Manpower Data Center, based upon the information that you provided, the above is the status of the individual ("Subject") on the Active Duty Status Date, as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for active duty.

Affidavit: You opted not to purchase an affidavit. You may order one here. In the future, you can order an affidavit at the check-out screen or you can change the default settings for affidavits in "My Account" to include it in all future orders.

Servicemembers Civil Relief Act Centralized Verification Service

Roy L. Kaufmann
Managing Director
Servicemembers Civil Service Relief Act Verification Service Roy L. Kaufmann, Authorized Signatory
Date: 10/29/2021
For support: Support@ServicemembersCivilReliefAct.com or Support@SCRA.com

This report is based upon information that you have provided. Providing an erroneous name, social security number, date of birth or other information may cause an erroneous report to be provided. If you obtain further information about the person you may resubmit your request and we will provide new status report for that query. This response reflects status as of Active Duty Status Date only. For historical information, please resubmit your inquiry with a different Active Duty Status Date or contact the individual Military Service SCRA points-of-contact https://www.ServicemembersCivilReliefAct.com/sites/default/points-of-contact.php . If you have evidence that the individual is/was on active duty as of the Active Duty Status Date and you fail to obtain this additional information, punitive provisions of the SCRA may be invoked against you. E.g. USC Section 3951(c).

The Servicemembers Civil Relief Act Centralized Verification Service processes SCRA verifications through the Defense Manpower Data Center (DMDC) which is an organization of the United States Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database, updated once per month, which is the official source of on eligibility for military care and other eligibility systems. The data base is updated monthly by the Department of Defense.

This response reflects the following information: (1) the Active Duty status as of the Active Duty Status Date, (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date, and (3) Whether the individual or his/her unit received early notification to report for active duty on the Date of Interest. Records do not predate September 30, 1985.

More Information on Active Duty Status :

Active duty status as reported in this report is defined in accordance with 10 USC Section 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC Section 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrators (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S.Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

Coverage Coverage Under the SCRA is broader in Some Cases.

Coverage under SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this report.

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of SCRA extend beyond the last dates of active duty.

Those who could rely on this report are urged to seek qualified legal counsel to ensure that all rights guaranteed to Servicemembers under the SCRA are protected.

The information provided does not constitute a Consumer Report, as defined by the federal Fair Credit Reporting Act, 16 U.S.C. Section 1681 et seq. and may not be used to determine eligibility for credit, insurance, employment, or used for any other purpose governed by the FCRA.

CAUSE NO. _____

| | | |
|---|---|---|
| Chany Development Inc. | § | IN THE JUSTICE COURT |
| PLAINTIFF | § | |
| | § | |
| v. | § | PRECINCT NO. 5 |
| | § | |
| Joseph K Yammine & Other Occupants | § | |
| DEFENDANT | § | TARRANT COUNTY, TEXAS |

## VERIFICATON OF COMPLIANCE WITH
## SECTION 4023 AND 4024 OF THE CARES ACT

My name is _____ J _____ Michael _____ Ferguson _____ .

     *First*               *Middle*             *Last*

I am (*check one*) ☐ **the Plaintiff** or ☒ **an authorized agent of the Plaintiff** in the eviction case described at the top of this page. I am capable of making this affidavit. The facts stated in the affidavit are within my personal knowledge and are true and correct.

1. **Verification:**

    a.  Plaintiff is seeking to recover possession of the following property:

| | | | |
|---|---|---|---|
| *Name of Apartment Complex (if any)* | | | |
| 2625 Prospect Ave | Fort Worth | Tarrant | TX 76164 |
| *Street Address & Unit No. (if any)* | *City* | *County* | *State ZIP* |

I verify that the plaintiff has provided the defendant with 30 days' notice to vacate under Sections 4024(c) and 4023(e) of the CARES Act.

I verify that this property ☐ **IS** / ☐ **IS NOT** a "covered dwelling" as defined by Section 4024(a)(1) of the CARES Act and that this property ☐ **IS** / ☐ **IS NOT** a "multifamily borrower" under forbearance subject to Section 4023 of the CARES Act. The facts on which I base my conclusion are as follows. (PLEASE VISIT www.nlihc.org/federal-moratoriums AND/OR www.tdhca.state.tx.us/multifamily/housing- tax-credits-9pct TO VERIFY AND LIST BELOW)

*(Please identify which data base or the other information you have used to determine that the property does not have a federally backed mortgage loan or federally backed multifamily mortgage loan.)*

    Not Applicable

_____

_____

_____

*(If the property does not have a federally backed mortgage loan or federally backed multifamily mortgage loan, please state whether (1) the property is a Low Income Housing Tax Credit (LIHTC) property, (2) the property is federally subsidized under any HUD or USDA program, or (3) the property leases to persons with Section 8 vouchers.)*

Not Applicable

2. **Declaration or Notary:** Complete only one of the two following sections:

   a. <u>Declaration</u>: I declare under penalty of perjury that everything in this verification is true and correct.

   My name is: __J__ ___Michael___ ___Ferguson___
                   *First*        *Middle*        *Last*

   My birthdate is: __4__ / __25__ / __63__
                *Month*  *Day*  *Year*

   My address is: __62 Main st__ ___Colleyville___ ___Tarrant___ __TX__ __76034__
   *Street Address & Unit No. (if any)*   *City*   *County*   *State*  *ZIP*

   Signed on _____ / _____ / 2021 in __Tarrant__ County, Texas.
           *Month*  *Day*  *Year*

   **Your Signature**

OR

   b. <u>Notary</u>: I declare under penalty of perjury that everything in this verification is true and correct.

   __J. Michael Ferguson__

   Your Printed Name         Your Signature *(sign only before a notary)*

   Sworn to and subscribed before me this __17__ day of __January__, 20 __22__

   CLERK OF THE COURT OR NOTARY

   YVETTE BRISEÑO
   Notary Public, State of Texas
   Comm. Expires 06-04-2022
   Notary ID 13155481-5

CARES Act
Public Law 116-136

**Sec. 4024 TEMPORARY MORATORIUM ON EVICTION FILINGS.**

(a) DEFINITIONS.—In this section:

(1) COVERED DWELLING.—The term "covered dwelling" means a dwelling that—

(A) is occupied by a tenant—

(i) pursuant to a residential lease; or

(ii) without a lease or with a lease terminable under State law; and

(B) is on or in a covered property.

(2) COVERED PROPERTY.—The term "covered property" means any property that—

(A) participates in—

(i) a covered housing program (as defined in section 41411(a) of the Violence Against Women Act of 1994 (34 U.S.C.12491(a))); or

(ii) the rural housing voucher program under section 542 of the Housing Act of 1949 (42 U.S.C.1490r); or

(B) has a—

(i) Federally backed mortgage loan; or

(ii) Federally backed multifamily mortgage loan.

(3) DWELLING.—The term "dwelling"—

(A) has the meaning given the term in section 802 of the Fair Housing Act (42 U.S.C. 3602); and

(B) includes houses and dwellings described in section 803(b) of such Act (42 U.S.C. 3603(b)).

(4) FEDERALLY BACKED MORTGAGE LOAN.—The term "Federally backed mortgage loan" includes any loan (other than temporary financing such as a construction loan) that—

(A) is secured by a first or subordinate lien on residential real property (including individual units of condominiums and cooperatives) designed principally for the occupancy of from 1 to 4 families, including any such secured loan, the proceeds of which are used to prepay or pay off an existing loan secured by the same property; and

(B) is made in whole or in part, or insured, guaranteed, supplemented, or assisted in any way by any officer or agency of the Federal Government or under or in connection with a housing or urban development program administered by the Secretary of Housing and Urban Development or a housing or related program administered by any other such officer or agency, or is purchased or securitized by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association.

(5) FEDERALLY BACKED MULTIFAMILY MORTGAGE LOAN.—The term "Federally backed multifamily mortgage loan" includes any loan (other than temporary financing such as a construction loan) that—

(A) is secured by a first or subordinate lien on residential multifamily real property designed principally for the occupancy of 5 or more families, including any such secured loan, the proceeds of which are used to prepay or pay off an existing loan secured by the same property; and

(B) is made in whole or in part, or insured, guaranteed, supplemented, or assisted in any way, by any officer or agency of the Federal Government or under or in connection with a housing or urban development program administered by the Secretary of Housing and Urban Development or a housing or related program administered by any other such officer or agency, or is purchased or securitized by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association.

(b) MORATORIUM.—During the 120-day period beginning on the date of enactment of this Act, the lessor of a covered dwelling may not—

(1) make, or cause to be made, any filing with the court of jurisdiction to initiate a legal action to recover possession of the covered dwelling from the tenant for nonpayment of rent or other fees or charges; or

(2) charge fees, penalties, or other charges to the tenant related to such nonpayment of rent.

(c) NOTICE.—The lessor of a covered dwelling unit—

(1) may not require the tenant to vacate the covered dwelling unit before the date that is 30 days after the date on which the lessor provides the tenant with a notice to vacate; and

(2) may not issue a notice to vacate under paragraph (1) until after the expiration of the period described in subsection (b).

*Case Number* _____

Chany Development, Inc
_____

*VS*

Joseph K. Yammine & Other Occupants
_____

)(     *IN THE JUSTICE COURT OF*

)(     *TARRANT COUNTY, TEXAS*

)(     *PRECINCT* _5_____

*CERTIFICATE OF LAST KNOWN ADDRESS*

*IN STRICT COMPLIANCE WITH RULE 503.1(d), TEXAS RULES OF CIVIL PROCEDURE, IT IS HEREBY CERTIFIED THAT THE LAST KNOWN MAILING ADDRESS OF DEFENDANT IS AS FOLLOWS:*

_____

_____

_____

*DATE* _1-14-2022___          _____
                              *PLAINTIFF OR ATTORNEY FOR PLAINTIFF*

D221098533    04/09/2021 03:59 PM    Page: 1 of 12    Fee: $63.00    Submitter: J. Michael Ferguson, P.C.
Electronically Recorded by Tarrant County Clerk in Official Public Records    ~Mary Louise Nicholson~
MARY LOUISE NICHOLSON
COUNTY CLERK

### Trustee's Deed

**Notice of confidentiality rights: If you are a natural person, you may remove or strike any or all of the following information from any instrument that transfers an interest in real property before it is filed for record in the public records: your Social Security number or your driver's license number.**

Date:  03/02/2021

Trustee: J. Michael Ferguson

Deed of Trust

     Date:        09/21/2010

     Grantor:     JW Construction

     Mortgagee:    Anson Financial, Inc

     Recording information: The Deed of Trust dated 09/21/2010 is filed of record under Instrument Number D210273210, Real Property Records, Tarrant County, Texas.

     Property: **See Exhibit "A"**

    Note

     Date:   The Deed of Trust dated 09/21/2010 is filed of record under Instrument Number D210273210 in the Real Property Records of Tarrant County, Texas.

     Principal amount:    $150,000.00

     Borrower:    JW Construction

     Mortgagee:   Anson Financial, Inc

Date of Sale (first Tuesday of month): 03/02/2021

Time of Sale: 12:56:00 PM

Place of Sale: East Steps of the Courthouse or at place designated by the county commissioners.

D221098533

| | |
|---|---|
| Buyer: | Chany Development, Inc. |
| Buyer's Mailing Address: | 62 Main Street, Suite 300<br>Colleyville, TX 76034 |

Amount of Sale:     $105,928.11

A default existed under the Deed of Trust and Mortgagee or its agent directed Trustee to enforce the trust.

Notices stating the time, place, and terms of sale of the Property were posted and filed and as shown by the Notice of Trustee's Sale attached with a Certificate of Posting to this deed and incorporated in it by this reference. Mortgagee either personally or by agent served notice of the sale to each debtor, as required by section 51.002 of the Texas Property Code. In accordance with that statute and the Deed of Trust, Trustee sold the Property to Buyer, who was the highest bidder at the public auction for **$105,928.11**. The sale was made on **3/2/2021**, began at **10:00:00 AM** and was concluded by 12:56 P.M.

Trustee, subject to any prior liens, the right of rescission contained in section 51.016 of the Texas Property Code, and other exceptions to conveyance and warranty in the Deed of Trust and for the **$105,928.11** paid by Buyer as consideration, grants, sells, and conveys the Property to Buyer, "AS IS," together with all and singular the rights and appurtenances thereto in any way belonging, to have and to hold it to Buyer and Buyer's heirs, successors, and assigns forever. Trustee binds Grantor and Grantor's heirs and successors to warrant and forever defend all and singular the Property to Buyer and Buyer's heirs, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the prior liens and other exceptions to conveyance and warranty in the Deed of Trust.

TRUSTEE HAS NOT MADE, AND DOES NOT MAKE, ANY REPRESENTATION, EXPRESS OR IMPLIED, WITH RESPECT TO THE PERSONAL PROPERTY, AND THE PERSONAL PROPERTY IS SOLD TO BUYER "AS IS, WHERE IS, AND WITH ALL FAULTS." THERE IS NO WARRANTY RELATING TO TITLE, POSSESSION, QUIET ENJOYMENT, OR THE LIKE IN THIS DISPOSITION OF PERSONAL PROPERTY.

_____
J. Michael Ferguson

D221098533

STATE OF TEXAS                §
COUNTY OF TARRANT          §

This Instrument was acknowledged before me on 4/9/2021 by J. Michael Ferguson.

_____
Notary Public, State of Texas

YVETTE BRISENO
Notary Public, State of Texas
Comm. Expires 06-04-2022
Notary ID 13156481-5

D221098533

## Exhibit "A"

Lots 2 and 3, Block 47, of Pruitt Subdivision of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded In/under Volume 106, Page 90, of the Plat Records of Tarrant County, Texas; Commonly known as 2621 and 2625 Prospect Avenue.

Lot 14, Block 43, of Rosen Heights, First Filing, an addition to the City of Fort Worth, Tarrant County, Texas according not the Map or Plat thereof recorded In/under Volume 106, Page 56, of the Plat Records of Tarrant County, Texas; Commonly known as 2704 Hanna Avenue.

Being the West ½ of Lot 6, Block 46, of M. G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded In/under Volume 63, Page 18, and Volume 308-D, Page 19, of the Plat Records of Tarrant County, Texas; Commonly known as 2704 Holland Street.

Lot 1, Block 70, of North Fort Worth Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded In/under Volume 63, Page 149, of the Plat Records of Tarrant County, Texas; Commonly known as 1301 Lagonda Avenue.

## Foreclosure Affidavit

Date: 3/2/2021

Affiant:      J. Michael Ferguson

Deed of Trust

    Date:         09/21/2010

    Grantor:      JW Construction

    Mortgagee:    Anson Financial, Inc

    Recording information: The Deed of Trust dated 09/21/2010 is filed of record under Instrument Number D210273210, Real Property Records, Tarrant County, Texas.

    Property: See Exhibit "A"

Affiant on oath swears that the following statements are true and are within the personal knowledge of Affiant:

1.      This affidavit is made with respect to the foreclosure of the Deed of Trust that occurred on 3/2/2021.

2.      Attached to this affidavit is a copy of the Notice of Trustee's Sale, file-stamped by the county clerk's office.

3.      The trustee's sale took place on 3/2/2021 at approximately 12:56:00 PM at the place at the courthouse designated in the or area designated by the county commissioner's court for foreclosure sales.

4.      Attached to this affidavit is a copy of the letter sent to each debtor obligated to pay the debt at the address required under the Texas Property Code.

4.      At least twenty-one days before the trustee's sale, Affiant, either personally or by agent, served notice of the sale on each debtor, at the address for that debtor as shown by Mortgagee's records, who is: JW Construction. The notice was served on 02/09/2021 by certified mail, postage prepaid, properly addressed to each debtor listed above at the address(es) stated.

5.     To the best of Affiant's knowledge, the debtor[s] was/were alive on the date of the trustee's sale.

6.     No debtor is a servicemember in military service, as those terms are defined in 50 U.S.C. § 3911, nor at any time within ninety days preceding the date of the trustee's sale.

J. Michael Ferguson

STATE OF TEXAS           §
COUNTY OF TARRANT        §

This Instrument was acknowledged before me on 4/9/2021 by J. Michael Ferguson.

Notary Public, State of Texas

YVETTE BRISEÑO
Notary Public, State of Texas
Comm. Expires 06-04-2022
Notary ID 13166481-6

### Exhibit "A"

Lots 2 and 3, Block 47, of Pruitt Subdivision of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 106, Page 90, of the Plat Records of Tarrant County, Texas; Commonly known as 2621 and 2625 Prospect Avenue.

Lot 14, Block 43, of Rosen Heights, First Filing, an addition to the City of Fort Worth, Tarrant County, Texas according not the Map or Plat thereof recorded in/under Volume 106, Page 56, of the Plat Records of Tarrant County, Texas; Commonly known as 2704 Hanna Avenue.

Being the West ½ of Lot 6, Block 46, of M. G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 18, and Volume 308-D, Page 19, of the Plat Records of Tarrant County, Texas; Commonly known as 2704 Holland Street.

Lot 1, Block 70, of North Fort Worth Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 149, of the Plat Records of Tarrant County, Texas; Commonly known as 1301 Lagonda Avenue.

D221098533



**Ferguson & Associates, LLC**
ATTORNEYS AT LAW
62 Main St., Suite 310
Colleyville, TX 76034

Phone (817) 267-1008
Fax (817)485-1117
Email: legal@fnalegal.com

J. Michael Ferguson
Board Certified
Residential Real Estate

January 11, 2021

## NOTICE OF ACCELERATION

Joseph K. Yammine
P.O. Box 11781
Fort Worth, TX 76110

**CERTIFIED MAIL RETURN RECEIPT
REQUESTED AND BY REGULAR MAIL**
7017-2680-0000-9372-0499

Re:    Notice of acceleration of Deed of Trust dated 09/21/2010 in the original principal amount of $150,000, executed by JW Construction and being payable to the order of AFI Mortgage.

Dear Debtor(s):

This letter is being sent to you as a debtor on the indebtedness evidenced by the note described above. You were notified in a letter dated September 6, 2018 that default had occurred in the payment of the note and that the Mortgage Servicer or the Holder of the Note, would accelerate the maturity of the note 20 days from the date of the aforementioned letter unless the default were cured before that time. Because of your failure to cure the default in payment of the note, the maturity date of the note remains accelerated by the Holder. Therefore, all unpaid principal and accrued interest on the note are due and payable at this time. A payoff is attached.

The payoff amount as shown on the attached payoff must be received in certified funds or by wire no later than 10:00:00 AM on February 2, 2021.

The note will continue to accrue interest at the rate set forth in the note until paid. Additionally, the note and the deed of trust securing the note provide for reimbursement of reasonable attorney's fees incurred by the holder and beneficiary of these instruments in the collection of the indebtedness owed on the note.

If the amount due is not paid, the lender intends to foreclose the lien under the loan documents in accordance with the enclosed notice of sale. All the obligors of the Debt have the right to reinstate the loan as provided in the Deed of Trust and as provided by applicable Texas Law. All of the obligors have the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and foreclosure which they may have.

---

D221098533

Unless you dispute the validity of the debt, or any portion thereof, within thirty days from after receipt of this notice, the debt will be assumed to be valid by the undersigned. If you notify the undersigned in writing within thirty days from the receipt of this letter that the debt or any portion thereof is disputed, I will obtain verification of the debt and I will mail a copy of the verification to you. Upon your written request, within the thirty (30) day period for the verification, I will provide you with the name and address of the original creditor. These thirty (30) day periods do not alter, waive, or affect the time for payment set forth above. You shall have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense you might have to acceleration and foreclosure.

**"Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately."**

*This firm is a debt collector attempting to collect the debt. You are notified that any information you give me will be used in the collection of the debt owed.*

You may contact me at the firm's address for further information concerning the exact amount due and owed on the note and for arranging the payment of your indebtedness.

Demand is hereby made that this indebtedness be paid.

Thank you for your time, consideration and cooperation in this matter. If you have any questions, please feel free to contact me by phone or by email at legal@fnalegal.com.

Sincerely,

J. Michael Ferguson

Notice of Trustee's Sale

Date: 1/11/2021

Original Lender:     R.W Weaver, Inc

Current Holder:     Anson Financial, Inc.

Mortgage Servicer: AFI Loan Servicing, LLC, NMLS No. 1577685

Mortgage Servicer's Address: 62 Main Street, Suite 300, Colleyville, Texas 76034

Note and Security Agreement: A Promissory Note dated 09/21/2010 and being secured by a Deed of Trust in the original amount of $150,000 executed by JW Construction in favor of Original Lender and being filed of record under Instrument Number D210273210, Real Property Records of Tarrant County, Texas.

Property: See Exhibits "A"

County: Tarrant

Date of Sale (first Tuesday of month):     2/2/2021

JAN 12 2021

COUNTY CLERK, TARRANT CO., TEXAS
BY_____DEPUTY

Time of Sale:     10:00:00 AM or within 3 hours of this time.

Place of Sale: East Steps of the Courthouse or at place designated by the county commissioners.

**ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.**

Glenn Weaver is Trustee under the Deed of Trust. Mortgage Servicer has appointed J. Michael Ferguson or Yvette Briseno as Trustees under the Deed of Trust. Mortgage Servicer has instructed Trustee to offer the Property for sale toward the satisfaction of the Note. This foreclosure is being administered by Mortgage Servicer. Mortgage Servicer is representing Mortgagee under a servicing agreement.

**THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE. THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.**

Page 1 of 2

D221098533

Notice is given that on the Date of Sale, Trustees will offer the Property for sale at public auction at the Place of Sale, to the highest bidder for cash, "AS IS." The sale will begin at the Time of Sale or not later than three hours thereafter. This sale will be conducted subject to the right of rescission contained in section 51.016 of the Texas Property Code.

J. Michael Ferguson or
Yvette Briseno
62 Main Street, Suite 310
Colleyville, Texas 76034
Phone (817) 267-1008
Email: legal@fnalegal.com
Trustee/Substitute Trustee

## Certificate of Posting

My name is _Ruby Rios_ and my address is c/o Ferguson & Associates, LLC, 62 Main Street, Suite 310, Colleyville, Texas 76034. I declare under penalty of perjury that on _1/12/2021_ I filed a Notice of Foreclosure with the office of the Tarrant County Clerk and caused to be posted at the place designated for Foreclosure Sale Notices at the Tarrant County Courthouse.

Dated: _1/12/2021_

Declarant's Signature: _____

Declarant's Name: _Ruby Rios_

FILED

JAN 12 2021

COUNTY CLERK, TARRANT CO., TEXAS
BY_____ DEPUTY

## Exhibit "A"

Lots 2 and 3, Block 47, of Pruitt Subdivision of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 106, Page 90, of the Plat Records of Tarrant County, Texas; Commonly known as 2621 and 2625 Prospect Avenue.

Lot 14, Block 43, of Rosen Heights, First Filing, an addition to the City of Fort Worth, Tarrant County, Texas according not the Map or Plat thereof recorded in/under Volume 106, Page 56, of the Plat Records of Tarrant County, Texas; Commonly known as 2704 Hanna Avenue.

Being the West ½ of Lot 6, Block 46, of M. G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 18, and Volume 308-D, Page 19, of the Plat Records of Tarrant County, Texas; Commonly known as 2704 Holland Street.

Lot 1, Block 70, of North Fort Worth Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 149, of the Plat Records of Tarrant County, Texas; Commonly known as 1301 Lagonda Avenue.

FILED

JAN 12 2021

COUNTY CLERK, TARRANT CO., TEXAS
BY_____DEPUTY



Ferguson & Associates, LLC
ATTORNEY AT LAW
62 Main St., Suite 310
Colleyville, TX 76034

---

J.Michael Ferguson                                    Phone(817) 267-1008
legal@fnalegal.com                                    Fax(817) 485-1117

# Notice to Vacate

April 22, 2021

Joseph Imad Yammine                     **CERTIFIED MAIL, RETURN RECEIPT**
AND ALL OCCUPANTS                       **REQUESTED AND BY REGULAR MAIL**
2625 Prospect Ave                       **7017-1070-0000-7847-0410**
Fort Worth, TX 76164

Re: Notice of foreclosure and change in ownership; three-day notice to vacate and demand for
    possession.

Property:    2625 Prospect Ave, Fort Worth, TX 76164

To Joseph Imad Yammine and All Occupants:

NOTICE IS HEREBY GIVEN THAT Chany Development, Inc. acquired title to the above-referenced Property as a result of a foreclosure sale. Pursuant to the terms of the foreclosed-upon deed of trust, you are now a tenant at sufferance.

Pursuant to sections 24.002(b) and 24.005 of the Texas Property Code, Chany Development, Inc. hereby terminates your tenancy at sufferance. This letter constitutes formal and final demand that you vacate the Property no later than three days following the delivery of this letter. In the event you fail to comply with this demand, this firm has been authorized to immediately file suit against you seeking possession of the Property.

## NOTICE TO TENANT(S)

Pursuant to Texas state law, if you are a tenant in the Property and have paid rent to your landlord for the month of the foreclosure sale and prior to receiving notice of the foreclosure referred to above, you must vacate the Property within thirty days from the date this notice is delivered. If this paragraph is applicable, you must provide our office with a copy of your lease agreement and proof of your last lease payment.

## NOTICE TO SERVICEMEMBERS AND THEIR DEPENDENTS

The Servicemembers' Civil Relief Act (SCRA, 50 U.S.C. App. §§ 3901–4043), as amended, grants active service members of the United States Armed Forces or a dependent of such an active service member certain rights, which include the temporary suspension of judicial and administrative proceedings

---

against active service members and their dependents, and which rights can extend for up to one year after any active duty period concludes. Please note that you may wish to consult an attorney, or your local military legal liaison, to help you determine what rights you may have, if any, under the SCRA.

The seriousness of the actions suggested in this letter warrant your immediate attention. If you believe any of the referenced protections may apply to you or if you have any other questions or concerns, please contact our office.

Sincerely,

Ferguson Associates, LLC





7017 2680 0000 9372 0611

7017 2680 0000 9372 0611

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)         $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To  Joseph Varma, LC.

Street and Apt. No., or PO Box No.  6605 Hogan tarre

City, State, ZIP+4®  Fort Worth Texas 76180

Postmark
Here

1/13/22, 1:26 PM                                  USPS.com® - USPS Tracking® Results

# USPS Tracking®

FAQs >

## Track Another Package  +

Remove ✕

**Tracking Number:** 70172680000093720611

Your item has been delivered to the original sender at 1:46 pm on May 3, 2021 in COLLEYVILLE, TX 76034.

USPS Tracking Plus™ Available ∨

## ✅ Delivered, To Original Sender

May 3, 2021 at 1:46 pm
COLLEYVILLE, TX 76034

Get Updates ∨

| | |
|---|---|
| **Text & Email Updates** | ∨ |
| **Tracking History** | ∨ |
| **USPS Tracking Plus™** | ∨ |
| **Product Information** | ∨ |

## See Less ∧

1/13/22, 1:26 PM
USPS.com® - USPS Tracking® Results

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Joel Garcia on behalf of J. Michael Ferguson
Bar No. 24000644
joel@fnalegal.com
Envelope ID: 60892986
Status as of 1/18/2022 3:12 PM CST

Associated Case Party: Chany Development Inc

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| J. Michael Ferguson | | legal@fnalegal.com | 1/18/2022 10:44:45 AM | SENT |

1/18/2022 11:00 AM
Justice of the Peace, Precinct 5
Tarrant County

JUSTICE COURT CIVIL CASE INFORMATION SHEET (4/13)

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____

STYLED Chany Development, Inc V Joseph K. Yammine & Other Occupants
_____
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition is filed to initiate a new suit. The information should be the best available at the time of filing. This sheet, required by Rule of Civil Procedure 502, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | | 2. Names of parties in case: |
|---|---|---|
| Name:<br>J.Michael Ferguson | Telephone:<br>817-267-1008 | Plaintiff(s):<br>Chany Development, Inc. |
| Address:<br>62 Main St.,Ste 310 | Fax:<br>817-485-1117 | |
| City/State/Zip:<br>Colleyville,Tx 76034 | State Bar No:<br>24000644 | Defendant(s):<br>Joseph K Yammine<br><br>And other occupants |
| Email:<br>legal@fnalegal.com | | |
| Signature: | | [Attach additional page as necessary to list all parties] |

**3. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

☐ *Debt Claim*: A debt claim case is a lawsuit brought to recover a debt by an assignee of a claim, a debt collector or collection agency, a financial institution, or a person or entity primarily engaged in the business of lending money at interest. The claim can be for no more than $10,000, excluding statutory interest and court costs but including attorney fees, if any.

☒ *Eviction*: An eviction case is a lawsuit brought to recover possession of real property, often by a landlord against a tenant. A claim for rent may be joined with an eviction case if the amount of rent due and unpaid is not more than $10,000, excluding statutory interest and court costs but including attorney fees, if any.

☐ *Repair and Remedy*: A repair and remedy case is a lawsuit filed by a residential tenant under Chapter 92, Subchapter B of the Texas Property Code to enforce the landlord's duty to repair or remedy a condition materially affecting the physical health or safety of an ordinary tenant. The relief sought can be for no more than $10,000, excluding statutory interest and court costs but including attorney fees, if any.

☐ *Small Claims:* A small claims case is a lawsuit brought for the recovery of money damages, civil penalties, personal property, or other relief allowed by law. The claim can be for no more than $10,000, excluding statutory interest and court costs but including attorney fees, if any.

# EXHIBIT "S"

## SWORN COMPLAINT FOR EVICTION

CASE NO. _____    ☐ With suit for Rent    COURT DATE: _____

PLAINTIFF _Chany Development Inc._____    In the Justice Court, Precinct _5_____ Tarrant County, Texas
(Landlord/Owner Name)

VS.
DEFENDANT(S): _Joseph K Yammine & All Ocupants_

Rental Subsidy (if any)    $_____
Tenant's Portion    $_____
TOTAL MONTHLY RENT    $_____
The amt. of the rent per day is    $_____

**COMPLAINT:** Plaintiff (Landlord) hereby complains of the defendant(s) named above for eviction of plaintiff's premises (including storerooms and parking areas) located in the above precinct. Address of the property is:

_2704 Hanna Ave_____ _Fort Worth_    _TX_    _76164_
Street Address              Unit No. (if any)         City         State         Zip

1. **SERVICE OF CITATION:** Service is requested on defendants by personal service at home or work or by alternative service as allowed by the Texas Justice Court Rules of Court. Other service of papers address/addresses (if known) are: _____

2. ☐ **UNPAID RENT AS GROUNDS FOR EVICTION:** Defendant(s) failed to pay rent for the following time period(s): _____ **TOTAL DELINQUENT RENT AS OF DATE OF FILING IS:** $_____
Plaintiff reserves the right to orally amend the amount at trial to include rent due from the date of filing through the date of trial.

3. ☒ **OTHER GROUNDS FOR EVICTION/LEASE VIOLATIONS:** Lease Violations (if other than non-paid rent – list lease violations) _Property sold at forclosure on March, 2, 2021_____

4. ☐ **HOLDOVER AS GROUNDS FOR EVICTION:** Defendant(s) are unlawfully holding over since they failed to vacate at the end of the rental term or renewal of extension period, which was the _____ day of _____, 20____.

5. **NOTICE TO VACATE:** Plaintiff has given defendant(s) a written notice to vacate (according to Chapter 24.005 of the Texas Property Code) and demand for possession. Such notice was delivered on the _22_ day of _April_____ and delivered by this method: _Ceritifed and regular mail, USPS 7017-2680-0000-9372-0581_____

6. **ATTORNEY'S FEES:** Plaintiff will be ☐ or will NOT be ☒ seeking applicable attorney's fees. Attorney's name, address phone & fax numbers are _____

7. ☐ **BOND FOR POSSESSION:** If Plaintiff has filed a bond for possession, plaintiff requests (1) that the amount of plaintiff's bond and defendant's counter bond be set, (2) that plaintiff's bond be approved by the Court, and (3) that proper notices as required by the Texas Justice Court Rules are given to Defendant(s).

**REQUEST FOR JUDGMENT:** Plaintiff prays that defendant(s) be served with citation and that plaintiff have judgment against defendant(s) for: possession of premises, including removal of defendants and defendants' possessions from the premises, unpaid rent IF set forth above, attorney's fees, court costs, and interest on the above sums at the rate stated in the rental contract, or if not so stated, at the statutory rate for judgments under the Texas Finance Code Chapter 304.

☒ I give my consent for the answer and any other motions or pleadings to be sent to my email address which is: _legal@fnalegal.com_____.

_Chany Development Inc._____          _J.Michael Ferguson_
Petitioner's Printed Name                        Signature of Plaintiff (Landlord/Property Owner) or Agent

                                                 _62 Main Street,Suite 310_
**DEFENDANT(S) INFORMATION** (if known):         Address of Plaintiff (Landlord/Property Owner) or Agent
DATE OF BIRTH: _____          _Colleyville_    _TX_    _76034_
*LAST 3 NUMBERS OF DRIVER LICENSE: _____       City         State         Zip
*LAST 3 NUMBERS OF SOCIAL SECURITY: _____      _817-267-1008    817-485-1117_
DEFENDANT'S PHONE NUMBER: _____                Phone & Fax No. of Plaintiff (Landlord/Property Owner)or agent

Sworn and subscribed before me this _____ day of _January_____ 20_22_

Notary Public, State of Texas
Comm. Expires 05-04-2022
Notary ID 13155481-5

Rev. 1/2015                                      CLERK OF THE JUSTICE COURT OR NOTARY

DOCKET NO._____    DEFENDANT'S NAME: Joseph K. Yammine & Other Occupants

**AFFIDAVIT**
SERVICE MEMBERS CIVIL RELIEF ACT SEC. 201 (b)
*To <u>VERIFY</u> Military Status go to website: http://www.dmdc.osd.mil/appj/scra/scraHome.do

PLAINTIFF BEING DULY SWORN ON HIS OATH DEPOSES AND SAYS UNDER PENALTY OF PERJURY THAT
DEFENDANT: (Please select <u>ONE</u> for DEFENDANT)

_____    IS IN THE MILITARY SERVICE AND <u>ON</u> ACTIVE DUTY IN A FOREIGN COUNTRY

OR

_____    IS IN THE MILITARY SERVICE AND <u>NOT</u> ON ACTIVE DUTY IN A FOREIGN COUNTRY

OR

_____    IS NOT IN THE MILITARY SERVICE
*(In addition to this affidavit you MUST provide proof of military status before a default judgment can be rendered).

OR

_____    HAS WAIVED HIS RIGHTS UNDER THE SERVICE MEMBERS RELIEF ACT OF 2003

OR

_____    PLAINTIFF IS UNABLE TO DETERMINE WHETHER OR NOT DEFENDANT IS IN MILITARY SERVICE AT
THIS TIME
*(In addition to this affidavit you MUST provide proof of military status before a default judgment can be rendered).

*I am not providing proof of military status from the governmental website because:

_____

_____

_____

[Sign Here] ➡    SIGNATURE OF PLAINTIFF/AGENT/ATTORNEY FOR PLAINTIFF

SUBSCRIBED AND SWORN TO BEFORE ME THIS 17 DAY OF January, 2022

YVETTE BRISENO
Notary Public, State of Texas
Comm. Expires 05-04-2022
Notary ID 131554815

CLERK OF THE JUSTICE COURT
NOTARY PUBLIC IN AND FOR STATE OF TEXAS (STRIKE ONE)

Penalty for making or using false affidavit -- A person who makes or uses an affidavit knowing to be false, shall be fined as
provided in title 18 United States Code, or imprisoned for not more than one year, or both.

**\*\*CERTIFICATE OF LAST KNOWN ADDRESS\*\***

In strict compliance with Rule 503.1(d), Texas Rules of Civil Procedure, it is hereby certified that the last known mailing
address of Defendant is as follows:

1301 Lagonda Ave                        Fort Worth, Tx 76164
**\*\*DEFENDANT'S ADDRESS**              CITY, STATE, AND ZIP CODE

[Sign Here] ➡    SIGNATURE OF PLAINTIFF/AGENT/ATTORNEY FOR PLAINTIFF

Rev. 01/30/2015

| Name | Customer # | Case # | Tracking Number |
|------|-----------|--------|-----------------|
| YAMMINE, JOSEPH K | | | 2021110296563 |

Based upon name and social security number you have furnished, as of October 29, 2021 ("Active Duty Status Date"), there is no information in the Department of Defense Manpower Data Center ("DMDC") that indicates that the individual is in Active Duty Status. The Department of Defense reports that the information provided failed to match to a servicemember in its database.

Upon searching the data banks of the Department of Defense Manpower Data Center, based upon the information that you provided, the above is the status of the individual ("Subject") on the Active Duty Status Date, as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for active duty.

Affidavit: You opted not to purchase an affidavit. You may order one here. In the future, you can order an affidavit at the check-out screen or you can change the default settings for affidavits in "My Account" to include it in all future orders.

Servicemembers Civil Relief Act Centralized Verification Service

Roy L. Kaufmann
Managing Director
Servicemembers Civil Service Relief Act Verification Service Roy L. Kaufmann, Authorized Signatory
Date: 10/29/2021
For support: Support@ServicemembersCivilReliefAct.com or Support@SCRA.com

This report is based upon information that you have provided. Providing an erroneous name, social security number, date of birth or other information may cause an erroneous report to be provided. If you obtain further information about the person you may resubmit your request and we will provide new status report for that query. This response reflects status as of Active Duty Status Date only. For historical information, please resubmit your inquiry with a different Active Duty Status Date or contact the individual Military Service SCRA points-of-contact.https://www.ServicemembersCivilReliefAct.com/live/link/points-of-contact.php . If you have evidence that the individual is/was on active duty as of the Active Duty Status Date and you fail to obtain this additional information, punitive provisions of the SCRA may be invoked against you. E.g. USC Section 3951(c).

The Servicemembers Civil Relief Act Centralized Verification Service processes SCRA verifications through the Defense Manpower Data Center (DMDC) which is an organization of the United States Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database, updated once per month, which is the official source of data on eligibility for military care and other eligibility systems. The data base is updated monthly by the Department of Defense.

This response reflects the following information: (1) the Active Duty status as of the Active Duty Status Date, (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date, and (3) Whether the individual or his/her unit received early notification to report for active duty on the Date of Interest. Records do not predate September 30, 1985.

More Information on Active Duty Status :

Active duty status as reported in this report is defined in accordance with 10 USC Section 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC Section 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrators (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S.Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

Coverage Coverage Under the SCRA is broader in Some Cases.

Coverage under SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this report.



Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of SCRA extend beyond the last dates of active duty.

Those who could rely on this report are urged to seek qualified legal counsel to ensure that all rights guaranteed to Servicemembers under the SCRA are protected.

The information provided does not constitute a Consumer Report, as defined by the federal Fair Credit Reporting Act, 15 U.S.C, Section 1681 et seq. and may not be used to determine eligibility for credit, insurance, employment, or used for any other purpose governed by the FCRA

CAUSE NO. _____

| | | |
|---|---|---|
| Chany Development Inc. | § | IN THE JUSTICE COURT |
| PLAINTIFF | § | |
| | § | |
| v. | § | PRECINCT NO. 5 |
| | § | |
| Joseph K Yammine & Other Occupants | § | |
| DEFENDANT | § | TARRANT COUNTY, TEXAS |

## VERIFICATON OF COMPLIANCE WITH
## SECTION 4023 AND 4024 OF THE CARES ACT

My name is _____  J  _____  Michael  _____  Ferguson  _____.
                        *First*                  *Middle*              *Last*

I am (*check one*) ☐ **the Plaintiff** or ☒ **an authorized agent of the Plaintiff** in the eviction case described at the top of this page. I am capable of making this affidavit. The facts stated in the affidavit are within my personal knowledge and are true and correct.

1. **Verification:**

   a. Plaintiff is seeking to recover possession of the following property:

   _____
   *Name of Apartment Complex (if any)*

   2704 Hanna Ave                Fort Worth    Tarrant      TX 76164
   *Street Address & Unit No. (if any)*      *City*      *County*    *State ZIP*

   I verify that the plaintiff has provided the defendant with 30 days' notice to vacate under Sections 4024(c) and 4023(e) of the CARES Act.

   I verify that this property ☐ **IS** / ☐ **IS NOT** a "covered dwelling" as defined by Section 4024(a)(1) of the CARES Act and that this property ☐ **IS** / ☐ **IS NOT** a "multifamily borrower" under forbearance subject to Section 4023 of the CARES Act. The facts on which I base my conclusion are as follows. (PLEASE VISIT www.nlihc.org/federal-moratoriums AND/OR www.tdhca.state.tx.us/multifamily/housing-tax-credits-9pct TO VERIFY AND LIST BELOW)

   *(Please identify which data base or the other information you have used to determine that the property does not have a federally backed mortgage loan or federally backed multifamily mortgage loan.)*

   Not Applicable

   _____

   _____

   _____

*(If the property does not have a federally backed mortgage loan or federally backed multifamily mortgage loan, please state whether (1) the property is a Low Income Housing Tax Credit (LIHTC) property, (2) the property is federally subsidized under any HUD or USDA program, or (3) the property leases to persons with Section 8 vouchers.)*

Not Applicable

2. **Declaration or Notary:** Complete only one of the two following sections:

   a. <u>Declaration:</u> I declare under penalty of perjury that everything in this verification is true and correct.

   My name is: ___J___ ___Michael___ ___Ferguson___
                      *First*             *Middle*          *Last*

   My birthdate is: __4__ / __25__ / __63__
                  *Month*  *Day*  *Year*

   My address is:
   ___62 Main st___ ___Colleyville___ ___Tarrant___ ___TX___ ___76034___
   *Street Address & Unit No. (if any)*    *City*     *County*   *State*  *ZIP*

   Signed on _____ / _____ /2021 in ___Tarrant___ County, Texas.
             *Month*  *Day*  *Year*

   **Your Signature**

OR

   b. <u>Notary:</u> I declare under penalty of perjury that everything in this verification is true and correct.

   ___J. Michael Ferguson___

   Your Printed Name           Your Signature *(sign only before a notary)*

   Sworn to and subscribed before me this __17__ day of __January__, 20 __22__

   CLERK OF THE COURT OR NOTARY

   YVETTE BRISENO
   Notary Public, State of Texas
   Comm. Expires 05-04-2022
   Notary ID 13155481 5

CARES Act
Public Law 116-136

**Sec. 4024 TEMPORARY MORATORIUM ON EVICTION FILINGS.**

(a) DEFINITIONS.—In this section:

   (1) COVERED DWELLING.—The term "covered dwelling" means a dwelling that—

      (A) is occupied by a tenant—

         (i) pursuant to a residential lease; or

         (ii) without a lease or with a lease terminable under State law; and

      (B) is on or in a covered property.

   (2) COVERED PROPERTY.—The term "covered property" means any property that—

      (A) participates in—

         (i) a covered housing program (as defined in section 41411(a) of the Violence Against Women Act of 1994 (34 U.S.C. 12491(a))); or

         (ii) the rural housing voucher program under section 542 of the Housing Act of 1949 (42 U.S.C. 1490r); or

      (B) has a—

         (i) Federally backed mortgage loan; or

         (ii) Federally backed multifamily mortgage loan.

   (3) DWELLING.—The term "dwelling"—

      (A) has the meaning given the term in section 802 of the Fair Housing Act (42 U.S.C. 3602); and

      (B) includes houses and dwellings described in section 803(b) of such Act (42 U.S.C. 3603(b)).

   (4) FEDERALLY BACKED MORTGAGE LOAN.—The term "Federally backed mortgage loan" includes any loan (other than temporary financing such as a construction loan) that—

      (A) is secured by a first or subordinate lien on residential real property (including individual units of condominiums and cooperatives) designed principally for the occupancy of from 1 to 4 families, including any such secured loan, the proceeds of which are used to prepay or pay off an existing loan secured by the same property; and

      (B) is made in whole or in part, or insured, guaranteed, supplemented, or assisted in any way by any officer or agency of the Federal Government or under or in connection with a housing or urban development program administered by the Secretary of Housing and Urban Development or a housing or related program administered by any other such officer or agency, or is purchased or securitized by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association.

   (5) FEDERALLY BACKED MULTIFAMILY MORTGAGE LOAN.—The term "Federally backed multifamily mortgage loan" includes any loan (other than temporary financing such as a construction loan) that—

      (A) is secured by a first or subordinate lien on residential multifamily real property designed principally for the occupancy of 5 or more families, including any such secured loan, the proceeds of which are used to prepay or pay off an existing loan secured by the same property; and

      (B) is made in whole or in part, or insured, guaranteed, supplemented, or assisted in any way, by any officer or agency of the Federal Government or under or in connection with a housing or urban development program administered by the Secretary of Housing and Urban Development or a housing or related program administered by any other such officer or agency, or is purchased or securitized by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association.

(b) MORATORIUM.—During the 120-day period beginning on the date of enactment of this Act, the lessor of a covered dwelling may not—

   (1) make, or cause to be made, any filing with the court of jurisdiction to initiate a legal action to recover possession of the covered dwelling from the tenant for nonpayment of rent or other fees or charges; or

   (2) charge fees, penalties, or other charges to the tenant related to such nonpayment of rent.

(c) NOTICE.—The lessor of a covered dwelling unit—

   (1) may not require the tenant to vacate the covered dwelling unit before the date that is 30 days after the date on which the lessor provides the tenant with a notice to vacate; and

   (2) may not issue a notice to vacate under paragraph (1) until after the expiration of the period described in subsection (b).

*Case Number* _____

| Chany Development, Inc | )( | *IN THE JUSTICE COURT OF* |
| *VS* | )( | *TARRANT COUNTY, TEXAS* |
| Joseph K. Yammine & Other Occupants | )( | *PRECINCT* __5__ |

## CERTIFICATE OF LAST KNOWN ADDRESS

*IN STRICT COMPLIANCE WITH RULE 503.1(d), TEXAS RULES OF CIVIL*

*PROCEDURE, IT IS HEREBY CERTIFIED THAT THE LAST KNOWN MAILING*

*ADDRESS OF DEFENDANT IS AS FOLLOWS:*

_____

_____

_____

*DATE* __1-14-2022__ 

*PLAINTIFF OR ATTORNEY FOR PLAINTIFF*

D221098533      04/09/2021 03:59 PM      Page: 1 of 12      Fee: $63.00      Submitter: J. Michael Ferguson, P.C.
Electronically Recorded by Tarrant County Clerk in Official Public Records      *Mary Louise Nicholson*
                                                                                MARY LOUISE NICHOLSON
                                                                                COUNTY CLERK

### Trustee's Deed

**Notice of confidentiality rights: If you are a natural person, you may remove or strike any or all of the following information from any instrument that transfers an interest in real property before it is filed for record in the public records: your Social Security number or your driver's license number.**

Date:   03/02/2021

Trustee: J. Michael Ferguson

Deed of Trust

      Date:            09/21/2010

      Grantor:       JW Construction

      Mortgagee:   Anson Financial, Inc

      Recording information: The Deed of Trust dated 09/21/2010 is filed of record under Instrument Number D210273210, Real Property Records, Tarrant County, Texas.

      Property: **See Exhibit "A"**

Note

      Date:   The Deed of Trust dated 09/21/2010 is filed of record under Instrument Number D210273210 in the Real Property Records of Tarrant County, Texas.

      Principal amount:       $150,000.00

      Borrower:     JW Construction

      Mortgagee:   Anson Financial, Inc

Date of Sale (first Tuesday of month): 03/02/2021

Time of Sale: 12:56:00 PM

Place of Sale: East Steps of the Courthouse or at place designated by the county commissioners.

Buyer:                           Chany Development, Inc.

Buyer's Mailing Address:         62 Main Street, Suite 300
                                 Colleyville, TX 76034

Amount of Sale:      $105,928.11

A default existed under the Deed of Trust and Mortgagee or its agent directed Trustee to enforce the trust.

Notices stating the time, place, and terms of sale of the Property were posted and filed and as shown by the Notice of Trustee's Sale attached with a Certificate of Posting to this deed and incorporated in it by this reference. Mortgagee either personally or by agent served notice of the sale to each debtor, as required by section 51.002 of the Texas Property Code. In accordance with that statute and the Deed of Trust, Trustee sold the Property to Buyer, who was the highest bidder at the public auction for **$105,928.11**. The sale was made on **3/2/2021**, began at **10:00:00 AM** and was concluded by 12:56 P.M.

Trustee, subject to any prior liens, the right of rescission contained in section 51.016 of the Texas Property Code, and other exceptions to conveyance and warranty in the Deed of Trust and for the **$105,928.11** paid by Buyer as consideration, grants, sells, and conveys the Property to Buyer, "AS IS," together with all and singular the rights and appurtenances thereto in any way belonging, to have and to hold it to Buyer and Buyer's heirs, successors, and assigns forever. Trustee binds Grantor and Grantor's heirs and successors to warrant and forever defend all and singular the Property to Buyer and Buyer's heirs, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the prior liens and other exceptions to conveyance and warranty in the Deed of Trust.

TRUSTEE HAS NOT MADE, AND DOES NOT MAKE, ANY REPRESENTATION, EXPRESS OR IMPLIED, WITH RESPECT TO THE PERSONAL PROPERTY, AND THE PERSONAL PROPERTY IS SOLD TO BUYER "AS IS, WHERE IS, AND WITH ALL FAULTS." THERE IS NO WARRANTY RELATING TO TITLE, POSSESSION, QUIET ENJOYMENT, OR THE LIKE IN THIS DISPOSITION OF PERSONAL PROPERTY.

J. Michael Ferguson

STATE OF TEXAS                    §
COUNTY OF TARRANT                 §

This Instrument was acknowledged before me on 4/9/2021 by J. Michael Ferguson.

Notary Public, State of Texas

YVETTE BRISENO
Notary Public, State of Texas
Comm. Expires 06-04-2022
Notary ID 13156481-6

D221098533

## Exhibit "A"

Lots 2 and 3, Block 47, of Pruitt Subdivision of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 106, Page 90, of the Plat Records of Tarrant County, Texas; Commonly known as 2621 and 2625 Prospect Avenue.

Lot 14, Block 43, of Rosen Heights, First Filing, an addition to the City of Fort Worth, Tarrant County, Texas according not the Map or Plat thereof recorded in/under Volume 106, Page 56, of the Plat Records of Tarrant County, Texas; Commonly known as 2704 Hanna Avenue.

Being the West ½ of Lot 6, Block 46, of M. G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 18, and Volume 308-D, Page 19, of the Plat Records of Tarrant County, Texas; Commonly known as 2704 Holland Street.

Lot 1, Block 70, of North Fort Worth Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 149, of the Plat Records of Tarrant County, Texas; Commonly known as 1301 Lagonda Avenue.

D221098533

### Foreclosure Affidavit

Date: 3/2/2021

Affiant:    J. Michael Ferguson

Deed of Trust

Date:        09/21/2010

Grantor:    JW Construction

Mortgagee:   Anson Financial, Inc

Recording information: The Deed of Trust dated 09/21/2010 is filed of record under Instrument Number D210273210, Real Property Records, Tarrant County, Texas.

Property: See Exhibit "A"

Affiant on oath swears that the following statements are true and are within the personal knowledge of Affiant:

1.      This affidavit is made with respect to the foreclosure of the Deed of Trust that occurred on 3/2/2021.

2.      Attached to this affidavit is a copy of the Notice of Trustee's Sale, file-stamped by the county clerk's office.

3.      The trustee's sale took place on 3/2/2021 at approximately 12:56:00 PM at the place at the courthouse designated in the or the area designated by the county commissioner's court for foreclosure sales.

4.      Attached to this affidavit is a copy of the letter sent to each debtor obligated to pay the debt at the address required under the Texas Property Code.

4.      At least twenty-one days before the trustee's sale, Affiant, either personally or by agent, served notice of the sale on each debtor, at the address for that debtor as shown by Mortgagee's records, who is: JW Construction. The notice was served on 02/09/2021 by certified mail, postage prepaid, properly addressed to each debtor listed above at the address(es) stated.

D221098533

5.    To the best of Affiant's knowledge, the debtor[s] was/were alive on the date of the trustee's sale.

6.    No debtor is a servicemember in military service, as those terms are defined in 50 U.S.C. § 3911, nor at any time within ninety days preceding the date of the trustee's sale.

_____
J. Michael Ferguson

STATE OF TEXAS        §
COUNTY OF TARRANT     §

This Instrument was acknowledged before me on 4/9/2021 by J. Michael Ferguson.

_____
Notary Public, State of Texas

YVETTE BRISENO
Notary Public, State of Texas
Comm. Expires 05-04-2022
Notary ID 13155481-5

## Exhibit "A"

Lots 2 and 3, Block 47, of Pruitt Subdivision of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 106, Page 90, of the Plat Records of Tarrant County, Texas; Commonly known as 2621 and 2625 Prospect Avenue.

Lot 14, Block 43, of Rosen Heights, First Filing, an addition to the City of Fort Worth, Tarrant County, Texas according not the Map or Plat thereof recorded in/under Volume 106, Page 56, of the Plat Records of Tarrant County, Texas; Commonly known as 2704 Hanna Avenue.

Being the West ½ of Lot 6, Block 46, of M. G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 18, and Volume 308-D, Page 19, of the Plat Records of Tarrant County, Texas; Commonly known as 2704 Holland Street.

Lot 1, Block 70, of North Fort Worth Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 149, of the Plat Records of Tarrant County, Texas; Commonly known as 1301 Lagonda Avenue.

D221098533                                                                    P



**Ferguson & Associates, LLC**
ATTORNEYS AT LAW
62 Main St., Suite 310
Colleyville, TX 76034

J. Michael Ferguson
Board Certified
Residential Real Estate

Phone (817) 267-1008
Fax (817)485-1117
Email: legal@fnalegal.com

January 11, 2021

<div align="center">

# NOTICE OF ACCELERATION

</div>

Joseph K. Yammine
P.O. Box 11781
Fort Worth, TX 76110

**CERTIFIED MAIL RETURN RECEIPT
REQUESTED AND BY REGULAR MAIL**
7017-2680-0000-9372-0499

Re:   Notice of acceleration of Deed of Trust dated 09/21/2010 in the original principal amount of
      $150,000, executed by J W Construction and being payable to the order of AFI Mortgage.

Dear Debtor(s):

This letter is being sent to you as a debtor on the indebtedness evidenced by the note described above. You were notified in a letter dated September 6, 2018 that default had occurred in the payment of the note and that the Mortgage Servicer or the Holder of the Note, would accelerate the maturity of the note 20 days from the date of the aforementioned letter unless the default were cured before that time. Because of your failure to cure the default in payment of the note, the maturity date of the note remains accelerated by the Holder. Therefore, all unpaid principal and accrued interest on the note are due and payable at this time. A payoff is attached.

> **The payoff amount as shown on the attached payoff must be
> received in certified funds or by wire no later than 10:00:00 AM on
> February 2, 2021.**

The note will continue to accrue interest at the rate set forth in the note until paid. Additionally, the note and the deed of trust securing the note provide for reimbursement of reasonable attorney's fees incurred by the holder and beneficiary of these instruments in the collection of the indebtedness owed on the note.

If the amount due is not paid, the lender intends to foreclose the lien under the loan documents in accordance with the enclosed notice of sale. All the obligors of the Debt have the right to reinstate the loan as provided in the Deed of Trust and as provided by applicable Texas Law. All of the obligors have the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and foreclosure which they may have.

Unless you dispute the validity of the debt, or any portion thereof, within thirty days from after receipt of this notice, the debt will be assumed to be valid by the undersigned. If you notify the undersigned in writing within thirty days from the receipt of this letter that the debt or any portion thereof is disputed, I will obtain verification of the debt and I will mail a copy of the verification to you. Upon your written request, within the thirty (30) day period for the verification, I will provide you with the name and address of the original creditor. These thirty (30) day periods do not alter, waive, or affect the time for payment set forth above. You shall have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense you might have to acceleration and foreclosure.

**"Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately."**

*This firm is a debt collector attempting to collect the debt. You are notified that any information you give me will be used in the collection of the debt owed.*

You may contact me at the firm's address for further information concerning the exact amount due and owed on the note and for arranging the payment of your indebtedness.

Demand is hereby made that this indebtedness be paid.

Thank you for your time, consideration and cooperation in this matter. If you have any questions, please feel free to contact me by phone or by email at legal@fnalegal.com.

Sincerely,

J. Michael Ferguson

D221098533

## Notice of Trustee's Sale

**Date:** 1/11/2021

**Original Lender:**    R.W Weaver, Inc

**Current Holder:**    Anson Financial, Inc.

**Mortgage Servicer:** AFI Loan Servicing, LLC, NMLS No. 1577685

**Mortgage Servicer's Address:** 62 Main Street, Suite 300, Colleyville, Texas 76034

**Note and Security Agreement:** A Promissory Note dated 09/21/2010 and being secured by a Deed of Trust in the original amount of $150,000 executed by JW Construction in favor of Original Lender and being filed of record under Instrument Number D210273210, Real Property Records of Tarrant County, Texas.

**Property:** See Exhibits "A"

**County:** Tarrant

**Date of Sale (first Tuesday of month):**    2/2/2021

JAN 12 2021

COUNTY CLERK, TARRANT CO., TEXAS
BY_____DEPUTY

**Time of Sale:**    10:00:00 AM or within 3 hours of this time.

**Place of Sale:** East Steps of the Courthouse or at place designated by the county commissioners.

**ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.**

Glenn Weaver is Trustee under the Deed of Trust. Mortgage Servicer has appointed J. Michael Ferguson or Yvette Briseno as Trustees under the Deed of Trust. Mortgage Servicer has instructed Trustee to offer the Property for sale toward the satisfaction of the Note. This foreclosure is being administered by Mortgage Servicer. Mortgage Servicer is representing Mortgagee under a servicing agreement.

**THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE. THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.**

D221098533

Notice is given that on the Date of Sale, Trustees will offer the Property for sale at public auction at the Place of Sale, to the highest bidder for cash, "AS IS." The sale will begin at the Time of Sale or not later than three hours thereafter. This sale will be conducted subject to the right of rescission contained in section 51.016 of the Texas Property Code.

J. Michael Ferguson or
Yvette Briseno
62 Main Street, Suite 310
Colleyville, Texas 76034
Phone (817) 267-1008
Email: legal@fnalegal.com
Trustee/Substitute Trustee

**Certificate of Posting**

My name is _Ruby Rios_ and my address is c/o Ferguson & Associates, LLC, 62 Main Street, Suite 310, Colleyville, Texas 76034. I declare under penalty of perjury that on _1/12/2021_ I filed a Notice of Foreclosure with the office of the Tarrant County Clerk and caused to be posted at the place designated for Foreclosure Sale Notices at the Tarrant County Courthouse.

Dated: _1/12/2021_

Declarant's Signature: _____

Declarant's Name: _Ruby Rios_

FILED

JAN 12 2021

COUNTY CLERK, TARRANT CO., TEXAS
BY_____DEPUTY

D221098533

### Exhibit "A"

Lots 2 and 3, Block 47, of Pruitt Subdivision of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 106, Page 90, of the Plat Records of Tarrant County, Texas; Commonly known as 2621 and 2625 Prospect Avenue.

Lot 14, Block 43, of Rosen Heights, First Filing, an addition to the City of Fort Worth, Tarrant County, Texas according not the Map or Plat thereof recorded in/under Volume 106, Page 56, of the Plat Records of Tarrant County, Texas; Commonly known as 2704 Hanna Avenue.

Being the West ½ of Lot 6, Block 46, of M. G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 18, and Volume 308-D, Page 19, of the Plat Records of Tarrant County, Texas; Commonly known as 2704 Holland Street.

Lot 1, Block 70, of North Fort Worth Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 149, of the Plat Records of Tarrant County, Texas; Commonly known as 1301 Lagonda Avenue.

FILED

JAN 12 2021

COUNTY CLERK, TARRANT CO., TEXAS
BY_____DEPUTY



**Ferguson & Associates, LLC**
ATTORNEY AT LAW
62 Main St., Suite 310
Colleyville, TX 76034

J.Michael Ferguson                                        Phone(817) 267-1008
legal@fnalegal.com                                        Fax(817) 485-1117

---

## Notice to Vacate

April 22, 2021

Joseph Imad Yammine                    **CERTIFIED MAIL, RETURN RECEIPT**
AND ALL OCCUPANTS                      **REQUESTED AND BY REGULAR MAIL**
2704 Hanna Ave                         **7017-2680-0000-9372-0581**
Fort Worth, TX 76164

Re:  Notice of foreclosure and change in ownership; three-day notice to vacate and demand for
     possession.

Property:    2704 Hanna Ave, Fort Worth, TX 76164

To Joseph Imad Yammine and All Occupants:

   NOTICE IS HEREBY GIVEN THAT Chany Development, Inc. acquired title to the above-referenced Property as a result of a foreclosure sale. Pursuant to the terms of the foreclosed-upon deed of trust, you are now a tenant at sufferance.
   Pursuant to sections 24.002(b) and 24.005 of the Texas Property Code, Chany Development, Inc. hereby terminates your tenancy at sufferance. This letter constitutes formal and final demand that you vacate the Property no later than three days following the delivery of this letter. In the event you fail to comply with this demand, this firm has been authorized to immediately file suit against you seeking possession of the Property.

### NOTICE TO TENANT(S)

   Pursuant to Texas state law, if you are a tenant in the Property and have paid rent to your landlord for the month of the foreclosure sale and prior to receiving notice of the foreclosure referred to above, you must vacate the Property within thirty days from the date this notice is delivered. If this paragraph is applicable, you must provide our office with a copy of your lease agreement and proof of your last lease payment.

### NOTICE TO SERVICEMEMBERS AND THEIR DEPENDENTS

   The Servicemembers' Civil Relief Act (SCRA, 50 U.S.C. App. §§ 3901–4043), as amended, grants active service members of the United States Armed Forces or a dependent of such an active service member certain rights, which include the temporary suspension of judicial and administrative proceedings

---

62 Main St. | Suite 310 | Colleyville, TX 76034 | (817) 756-5910 | (817) 485-1117 fax

against active service members and their dependents, and which rights can extend for up to one year after any active duty period concludes. Please note that you may wish to consult an attorney, or your local military legal liaison, to help you determine what rights you may have, if any, under the SCRA.

The seriousness of the actions suggested in this letter warrant your immediate attention. If you believe any of the referenced protections may apply to you or if you have any other questions or concerns, please contact our office.

Sincerely,

Ferguson Associates, LLC



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To Joseph Yammine

Street and Apt. No., or PO Box No. 2704 Henna Ave

City, State, ZIP+4® Fort Worth, Tx, 76109

7017 2680 0000 9372 0581
7017 2680 0000 9372 0581



CERTIFIED MAIL®

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7017 2680 0000 9372 0581

1/13/22, 1:27 PM

USPS.com® - USPS Tracking® Results

# USPS Tracking®

FAQs >

Track Another Package  +

Remove ✕

**Tracking Number:** 70172680000093720581

Your item has been delivered to the original sender at 2:45 pm on May 24, 2021 in COLLEYVILLE, TX 76034.

USPS Tracking Plus™ Available ⌄

## ⓥ Delivered, To Original Sender

May 24, 2021 at 2:45 pm
COLLEYVILLE, TX 76034

Get Updates ⌄

| | |
|---|---|
| **Text & Email Updates** | ⌄ |
| **Tracking History** | ⌄ |
| **USPS Tracking Plus™** | ⌄ |
| **Product Information** | ⌄ |

See Less ⌃

https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&tLabels=70172680000093720581%2C

1/2

1/13/22, 1:27 PM                                    USPS.com® - USPS Tracking® Results

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

## FAQs

### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Joel Garcia on behalf of J. Michael Ferguson
Bar No. 24000644
joel@fnalegal.com
Envelope ID: 60894300
Status as of 1/18/2022 3:13 PM CST

Associated Case Party: Chany Development Inc

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| J. Michael Ferguson | | legal@fnalegal.com | 1/18/2022 11:00:49 AM | SENT |

FILED
1/18/2022 11:23 AM
Justice of the Peace, Precinct 5
Tarrant County

## JUSTICE COURT CIVIL CASE INFORMATION SHEET (4/13)

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____

STYLED  Chany Development, Inc V Joseph K. Yammine & Other Occupants
_____
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition is filed to initiate a new suit. The information should be the best available at the time of filing. This sheet, required by Rule of Civil Procedure 502, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

### 1. Contact information for person completing case information sheet:

| | | 2. Names of parties in case: |
|---|---|---|
| **Name:** J.Michael Ferguson | **Telephone:** 817-267-1008 | **Plaintiff(s):** Chany Development, Inc. |
| **Address:** 62 Main St.,Ste 310 | **Fax:** 817-485-1117 | |
| **City/State/Zip:** Colleyville,Tx 76034 | **State Bar No:** 24000644 | **Defendant(s):** Joseph K Yammine / And other occupants |
| **Email:** legal@fnalegal.com | | |
| **Signature:** | | [Attach additional page as necessary to list all parties] |

### 3. Indicate case type, or identify the most important issue in the case *(select only 1)*:

☐ *Debt Claim:* A debt claim case is a lawsuit brought to recover a debt by an assignee of a claim, a debt collector or collection agency, a financial institution, or a person or entity primarily engaged in the business of lending money at interest. The claim can be for no more than $10,000, excluding statutory interest and court costs but including attorney fees, if any.

☒ *Eviction:* An eviction case is a lawsuit brought to recover possession of real property, often by a landlord against a tenant. A claim for rent may be joined with an eviction case if the amount of rent due and unpaid is not more than $10,000, excluding statutory interest and court costs but including attorney fees, if any.

☐ *Repair and Remedy:* A repair and remedy case is a lawsuit filed by a residential tenant under Chapter 92, Subchapter B of the Texas Property Code to enforce the landlord's duty to repair or remedy a condition materially affecting the physical health or safety of an ordinary tenant. The relief sought can be for no more than $10,000, excluding statutory interest and court costs but including attorney fees, if any.

☐ *Small Claims:* A small claims case is a lawsuit brought for the recovery of money damages, civil penalties, personal property, or other relief allowed by law. The claim can be for no more than $10,000, excluding statutory interest and court costs but including attorney fees, if any.

# EXHIBIT "T"

<u>SWORN COMPLAINT FOR EVICTION</u>

CASE NO._____    ☐ **With suit for Rent**    COURT DATE:_____

PLAINTIFF __Chany Development Inc._____    In the Justice Court, Precinct _5___ Tarrant County, Texas
          (Landlord/Owner Name)

VS.                                             Rental Subsidy  (if any)    $_____
DEFENDANT(S):__Joseph K Yammine & All Ocupants__    Tenant's Portion    $_____
                                                TOTAL MONTHLY RENT    $_____
                                                The amt. of the rent per day is    $_____

**COMPLAINT:**  Plaintiff (Landlord) hereby complains of the defendant(s) named above for eviction of plaintiff's premises (including storerooms and parking areas) located in the above precinct. Address of the property is:

__2704 Holland_____    __Fort Worth____    __TX___    __76164___
Street Address                Unit No. (If any)        City        State        Zip

1.  **SERVICE OF CITATION:** Service is requested on defendants by personal service at home or work or by alternative service as allowed by the Texas Justice Court Rules of Court. Other service of papers address/addresses (if known) are:
_____

2.  ☐ **UNPAID RENT AS GROUNDS FOR EVICTION:** Defendant(s) failed to pay rent for the following time period(s):
_____ **TOTAL DELINQUENT RENT AS OF DATE OF FILING IS:  $**_____
    Plaintiff reserves the right to orally amend the amount at trial to include rent due from the date of filing through the date of trial.

3.  ☒ **OTHER GROUNDS FOR EVICTION/LEASE VIOLATIONS:** Lease Violations (if other than non-paid rent -- list lease violations) Property sold at forclosure on March 2 2021

4.  ☐ **HOLDOVER AS GROUNDS FOR EVICTION:** Defendant(s) are unlawfully holding over since they failed to vacate at the end of the rental term or renewal of extension period, which was the _____ day of _____, 20____.

5.  **NOTICE TO VACATE:** Plaintiff has given defendant(s) a written notice to vacate (according to Chapter 24.005 of the Texas Property Code) and demand for possession. Such notice was delivered on the __22__ day of __April__ and delivered by this method: Cerlilifed and regular mail, USPS 7017-2680-0000-9372-0598

6.  **ATTORNEY'S FEES:** Plaintiff will be ☐ or will NOT be ☒ seeking applicable attorney's fees. Attorney's name, address phone & fax numbers are _____

7.  **BOND FOR POSSESSION:** If Plaintiff has filed a bond for possession, plaintiff requests (1) that the amount of plaintiff's bond and defendant's counter bond be set, (2) that plaintiff's bond be approved by the Court, and (3) that proper notices as required by the Texas Justice Court Rules are given to Defendant(s).

**REQUEST FOR JUDGMENT:** Plaintiff prays that defendant(s) be served with citation and that plaintiff have judgment against defendant(s) for: possession of premises, including removal of defendants and defendants' possessions from the premises, unpaid rent IF set forth above, attorney's fees, court costs, and interest on the above sums at the rate stated in the rental contract, or if not stated, at the statutory rate for judgments under the Texas Finance Code Chapter 304.

☒ I give my consent for the answer and any other motions or pleadings to be sent to my email address which is: legal@fnalegal.com

Chany Development Inc.                            J.Michael Ferguson
Petitioner's Printed Name                Signature of Plaintiff (Landlord/Property Owner) or Agent
                                        62 Main Street,Suite 310
DEFENDANT(S) INFORMATION (if known):    Address of Plaintiff (Landlord/Property Owner) or Agent
DATE OF BIRTH: _____    Colleyville        TX        76034
*LAST 3 NUMBERS OF DRIVER LICENSE: _____    City        State        Zip
*LAST 3 NUMBERS OF SOCIAL SECURITY: _____    817-267-1008        817-485-1117
DEFENDANT'S PHONE NUMBER:_____    Phone & Fax No. of Plaintiff (Landlord/Property Owner)or agent

Sworn to and subscribed before me this _____ day of _January_____, 20_22_.

YVETTE BRISEÑO
Comm. Expires 05-04-2022
Notary ID 13155481-6

Rev. 1/2015                            CLERK OF THE JUSTICE COURT OR NOTARY

DOCKET NO._____     DEFENDANT'S NAME: Joseph K. Yammine & Other Occupants

**AFFIDAVIT**
SERVICE MEMBERS CIVIL RELIEF ACT SEC. 201 (b)
*To **VERIFY** Military Status go to website: http://www.dmdc.osd.mil/appj/scra/scraHome.do

PLAINTIFF BEING DULY SWORN ON HIS OATH DEPOSES AND SAYS UNDER PENALTY OF PERJURY THAT
DEFENDANT: (Please select **ONE** for **DEFENDANT**)

_____ IS IN THE MILITARY SERVICE AND ON ACTIVE DUTY IN A FOREIGN COUNTRY

OR

_____ IS IN THE MILITARY SERVICE AND NOT ON ACTIVE DUTY IN A FOREIGN COUNTRY

OR

_____ IS NOT IN THE MILITARY SERVICE
*(In addition to this affidavit you MUST provide proof of military status before a default judgment can be rendered).

OR

_____ HAS WAIVED HIS RIGHTS UNDER THE SERVICE MEMBERS RELIEF ACT OF 2003

OR

_____ PLAINTIFF IS UNABLE TO DETERMINE WHETHER OR NOT DEFENDANT IS IN MILITARY SERVICE AT
THIS TIME
*(In addition to this affidavit you MUST provide proof of military status before a default judgment can be rendered).

*I am not providing proof of military status from the governmental website because:

_____

_____

_____

➤ Sign Here    _____
SIGNATURE OF PLAINTIFF/AGENT/ATTORNEY FOR PLAINTIFF

SUBSCRIBED AND SWORN TO BEFORE ME THIS ___ DAY OF January_____, 20 22

YVETTE BRISENO
Notary Public, State of Texas
Comm. Expires 06-04-2022
Notary ID 13156481-6

CLERK OF THE JUSTICE COURT
NOTARY PUBLIC IN AND FOR STATE OF TEXAS (STRIKE ONE)

Penalty for making or using false affidavit -- A person who makes or uses an affidavit knowing to be false, shall be fined as
provided in title 18 United States Code, or imprisoned for not more than one year, or both.

**CERTIFICATE OF LAST KNOWN ADDRESS**

In strict compliance with Rule 503.1(d), Texas Rules of Civil Procedure, it is hereby certified that the last known mailing
address of Defendant is as follows:

2704 Holland Street                              Fort Worth, Tx 76164
_____          _____
**DEFENDANT'S ADDRESS                          CITY, STATE, AND ZIP CODE

➤ Sign Here    _____
SIGNATURE OF PLAINTIFF/AGENT/ATTORNEY FOR PLAINTIFF

Rev. 01/30/2015

| Name | Customer # | Case # | Tracking Number |
|---|---|---|---|
| YAMMINE, JOSEPH K | | | 2021 10296563 |

Based upon name and social security number you have furnished, as of October 29, 2021 ("Active Duty Status Date"), there is no information in the Department of Defense Manpower Data Center ("DMDC") that indicates that the individual is in Active Duty Status. The Department of Defense reports that the information provided failed to match to a servicemember in its database.

Upon searching the data banks of the Department of Defense Manpower Data Center, based upon the information that you provided, the above is the status of the individual ("Subject") on the Active Duty Status Date, as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for active duty.

Affidavit: You opted not to purchase an affidavit. You may order one here. In the future, you can order an affidavit at the check-out screen or you can change the default settings for affidavits in "My Account" to include it in all future orders.

Servicemembers Civil Relief Act Centralized Verification Service

Roy L. Kaufmann
Managing Director
Servicemembers Civil Service Relief Act Verification Service Roy L. Kaufmann, Authorized Signatory
Date: 10/29/2021
For support: Support@ServicemembersCivilReliefAct.com or Support@SCRA.com

This report is based upon information that you have provided. Providing an erroneous name, social security number, date of birth or other information may cause an erroneous report to be filed. If you obtain further information about the person you may resubmit your request and we will provide new status report for that query. This response reflects status as of Active Duty Status Date only. For historical information, please resubmit your inquiry with a different Active Duty Status Date or contact the individual Military Service SCRA points-of-contact https://www.ServicemembersCivilReliefAct.com/live/link/points-of-contact.php . If you have evidence that the individual is/was on active duty as of the Active Duty Status Date and you fail to obtain this additional information, punitive provisions of the SCRA may be invoked against you. E.g. USC Section 3951(c).

The Servicemembers Civil Relief Act Centralized Verification Service processes SCRA verifications through the Defense Manpower Data Center (DMDC) which is an organization of the United States Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database, updated once per month, which is the official source of data on eligibility for military care and other eligibility systems. This data base is updated monthly by the Department of Defense.

This response reflects the following information: (1) the Active Duty status as of the Active Duty Status Date, (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date, and (3) Whether the individual or his/her unit received early notification to report for active duty on the Date of Interest. Records do not predate September 30, 1985.

More Information on Active Duty Status :

Active duty status as reported in this report is defined in accordance with 10 USC Section 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC Section 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserve (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrators (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S.Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

Coverage Coverage Under the SCRA is broader in Some Cases.

Coverage under SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this report.

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of SCRA extend beyond the last dates of active duty.

Those who could rely on this report are urged to seek qualified legal counsel to ensure that all rights guaranteed to Servicemembers under the SCRA are protected.

The information provided does not constitute a Consumer Report, as defined by the federal Fair Credit Reporting Act, 15 U.S.C. Section 1681 et seq. and may not be used to determine eligibility for credit, insurance, employment, or used for any other purpose governed by the FCRA

CAUSE NO. _____

| | | |
|---|---|---|
| Chany Development Inc. | § | IN THE JUSTICE COURT |
| PLAINTIFF | § | |
| | § | |
| v. | § | PRECINCT NO. 5 |
| | § | |
| Joseph K Yammine & Other Occupants | § | |
| DEFENDANT | § | TARRANT COUNTY, TEXAS |

### VERIFICATON OF COMPLIANCE WITH SECTION 4023 AND 4024 OF THE CARES ACT

My name is _____ J _____ Michael _____ Ferguson _____

     *First*            *Middle*         *Last*

I am (*check one*) ☐ **the Plaintiff** or ☒ **an authorized agent of the Plaintiff** in the eviction case described at the top of this page. I am capable of making this affidavit. The facts stated in the affidavit are within my personal knowledge and are true and correct.

1. **Verification:**

    a. Plaintiff is seeking to recover possession of the following property:

*Name of Apartment Complex (if any)*

2704 Holland Street          Fort Worth    Tarrant    TX  76164

*Street Address & Unit No. (if any)*        *City*      *County*     *State ZIP*

I verify that the plaintiff has provided the defendant with 30 days' notice to vacate under Sections 4024(c) and 4023(e) of the CARES Act.

I verify that this property ☐ **IS** / ☐ **IS NOT** a "covered dwelling" as defined by Section 4024(a)(1) of the CARES Act and that this property ☐ **IS** / ☐ **IS NOT** a "multifamily borrower" under forbearance subject to Section 4023 of the CARES Act. The facts on which I base my conclusion are as follows. (PLEASE VISIT www.nlihc.org/federal-moratoriums AND/OR www.tdhca.state.tx.us/multifamily/housing-tax-credits-9pct TO VERIFY AND LIST BELOW)

*(Please identify which data base or the other information you have used to determine that the property does not have a federally backed mortgage loan or federally backed multifamily mortgage loan.)*

Not Applicable

_____

_____

_____

*(If the property does not have a federally backed mortgage loan or federally backed multifamily mortgage loan, please state whether (1) the property is a Low Income Housing Tax Credit (LIHTC) property, (2) the property is federally subsidized under any HUD or USDA program, or (3) the property leases to persons with Section 8 vouchers.)*

Not Applicable

_____

2. **Declaration or Notary:** Complete only one of the two following sections:

a. **Declaration:** I declare under penalty of perjury that everything in this verification is true and correct.

My name is: ___ J _____ Michael _____ Ferguson _____

First        Middle        Last

My birthdate is: __4__ / __25__ / __63__

Month  Day  Year

My address is: ___62 Main st_____ ___Colleyville___ ___Tarrant___ ___TX___ ___76034___

Street Address & Unit No. (if any)    City    County    State    ZIP

Signed on __0__ / __17__ / __22__ in __Tarrant_____ County, Texas.

Month  Day  Year

_____

**Your Signature**

**OR**

b. **Notary:** I declare under penalty of perjury that everything in this verification is true and correct.

___J. Michael Ferguson_____

Your Printed Name        Your Signature *(sign only before a notary)*

Sworn to and subscribed before me this __17__ day of __January__, 20__22__.

_____

CLERK OF THE COURT OR NOTARY

```
YVETTE BRISENO
Notary Public, State of Texas
Comm. Expires 05-04-2022
Notary ID 13155481-5
```

Page 2 of 2

CARES Act
Public Law 116-136

**Sec. 4024 TEMPORARY MORATORIUM ON EVICTION FILINGS.**

(a) DEFINITIONS.—In this section:

   (1) COVERED DWELLING.—The term "covered dwelling" means a dwelling that—

      (A) is occupied by a tenant—

         (i) pursuant to a residential lease; or

         (ii) without a lease or with a lease terminable under State law; and

      (B) is on or in a covered property.

   (2) COVERED PROPERTY.—The term "covered property" means any property that—

      (A) participates in—

         (i) a covered housing program (as defined in section 41411(a) of the Violence Against Women Act of 1994 (34 U.S.C. 12491(a))); or

         (ii) the rural housing voucher program under section 542 of the Housing Act of 1949 (42 U.S.C. 1490r); or

      (B) has a—

         (i) Federally backed mortgage loan; or

         (ii) Federally backed multifamily mortgage loan.

   (3) DWELLING.—The term "dwelling"—

      (A) has the meaning given the term in section 802 of the Fair Housing Act (42 U.S.C. 3602); and

      (B) includes houses and dwellings described in section 803(b) of such Act (42 U.S.C. 3603(b)).

   (4) FEDERALLY BACKED MORTGAGE LOAN.—The term "Federally backed mortgage loan" includes any loan (other than temporary financing such as a construction loan) that—

      (A) is secured by a first or subordinate lien on residential real property (including individual units of condominiums and cooperatives) designed principally for the occupancy of from 1 to 4 families, including any such secured loan, the proceeds of which are used to prepay or pay off an existing loan secured by the same property; and

      (B) is made in whole or in part, or insured, guaranteed, supplemented, or assisted in any way by any officer or agency of the Federal Government or under or in connection with a housing or urban development program administered by the Secretary of Housing and Urban Development or a housing or related program administered by any other such officer or agency, or is purchased or securitized by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association.

   (5) FEDERALLY BACKED MULTIFAMILY MORTGAGE LOAN.—The term "Federally backed multifamily mortgage loan" includes any loan (other than temporary financing such as a construction loan) that—

      (A) is secured by a first or subordinate lien on residential multifamily real property designed principally for the occupancy of 5 or more families, including any such secured loan, the proceeds of which are used to prepay or pay off an existing loan secured by the same property; and

      (B) is made in whole or in part, or insured, guaranteed, supplemented, or assisted in any way, by any officer or agency of the Federal Government or under or in connection with a housing or urban development program administered by the Secretary of Housing and Urban Development or a housing or related program administered by any other such officer or agency, or is purchased or securitized by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association.

(b) MORATORIUM.—During the 120-day period beginning on the date of enactment of this Act, the lessor of a covered dwelling may not—

   (1) make, or cause to be made, any filing with the court of jurisdiction to initiate a legal action to recover possession of the covered dwelling from the tenant for nonpayment of rent or other fees or charges; or

   (2) charge fees, penalties, or other charges to the tenant related to such nonpayment of rent.

(c) NOTICE.—The lessor of a covered dwelling unit—

   (1) may not require the tenant to vacate the covered dwelling unit before the date that is 30 days after the date on which the lessor provides the tenant with a notice to vacate; and

   (2) may not issue a notice to vacate under paragraph (1) until after the expiration of the period described in subsection (b).

*Case Number* _____

Chany Development, Inc
_____

)(    *IN THE JUSTICE COURT OF*

*VS*

)(    *TARRANT COUNTY, TEXAS*

Joseph K. Yammine & Other Occupants
_____

)(    *PRECINCT* _5_____

*CERTIFICATE OF LAST KNOWN ADDRESS*

*IN STRICT COMPLIANCE WITH RULE 503.1(d), TEXAS RULES OF CIVIL*

*PROCEDURE, IT IS HEREBY CERTIFIED THAT THE LAST KNOWN MAILING*

*ADDRESS OF DEFENDANT IS AS FOLLOWS:*

_____

_____

_____

*DATE* _1-14-2022_    _____
                       *PLAINTIFF OR ATTORNEY FOR PLAINTIFF*



Ferguson & Associates, LLC
ATTORNEY AT LAW
62 Main St., Suite 310
Colleyville, TX 76034

J.Michael Ferguson
legal@fnalegal.com

Phone(817) 267-1008
Fax(817) 485-1117

## Notice to Vacate

April 22, 2021

Joseph Imad Yammine
AND ALL OCCUPANTS
2704 Holland Street
Fort Worth, TX 76164

**CERTIFIED MAIL, RETURN RECEIPT
REQUESTED AND BY REGULAR MAIL
7017-2680-0000-9372-0598**

Re:  Notice of foreclosure and change in ownership; three-day notice to vacate and demand for
   possession.

Property:   2704 Holland Street, Fort Worth, TX 76164

To Joseph Imad Yammine and All Occupants:

   NOTICE IS HEREBY GIVEN THAT Chany Development, Inc. acquired title to the above-
referenced Property as a result of a foreclosure sale. Pursuant to the terms of the foreclosed-upon deed of
trust, you are now a tenant at sufferance.
   Pursuant to sections 24.002(b) and 24.005 of the Texas Property Code, Chany Development, Inc.
hereby terminates your tenancy at sufferance. This letter constitutes formal and final demand that you
vacate the Property no later than three days following the delivery of this letter. In the event you fail to
comply with this demand, this firm has been authorized to immediately file suit against you seeking
possession of the Property.

### NOTICE TO TENANT(S)

   Pursuant to Texas state law, if you are a tenant in the Property and have paid rent to your landlord
for the month of the foreclosure sale and prior to receiving notice of the foreclosure referred to above, you
must vacate the Property within thirty days from the date this notice is delivered. If this paragraph is
applicable, you must provide our office with a copy of your lease agreement and proof of your last lease
payment.

### NOTICE TO SERVICEMEMBERS AND THEIR DEPENDENTS

   The Servicemembers' Civil Relief Act (SCRA, 50 U.S.C. App. §§ 3901–4043), as amended,
grants active service members of the United States Armed Forces or a dependent of such an active service
member certain rights, which include the temporary suspension of judicial and administrative proceedings

against active service members and their dependents, and which rights can extend for up to one year after any active duty period concludes. Please note that you may wish to consult an attorney, or your local military legal liaison, to help you determine what rights you may have, if any, under the SCRA.

The seriousness of the actions suggested in this letter warrant your immediate attention. If you believe any of the referenced protections may apply to you or if you have any other questions or concerns, please contact our office.

Sincerely,

Ferguson Associates, LLC



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

7017 2680 0000 9372 0598

7017 2680 0000 9372 0598



U.S. Postal Service
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To  Joseph Yampine

Street and Apt. No., or PO Box No.  0794 Hollera

City, State, ZIP+4®  Fort Worth, Tx, 76164

2704 Hollene

Postmark
Here

4/22

1/13/22, 1:29 PM                              USPS.com® - USPS Tracking® Results

# USPS Tracking®

FAQs >

## Track Another Package +

Remove ✕

**Tracking Number:** 70172680000093720598

Your item has been delivered to the original sender at 2:45 pm on May 24, 2021 in COLLEYVILLE, TX 76034.

USPS Tracking Plus™ Available ⌄

## ⊘ Delivered, To Original Sender

May 24, 2021 at 2:45 pm
COLLEYVILLE, TX 76034

Get Updates ⌄

| | |
|---|---|
| Text & Email Updates | ⌄ |
| Tracking History | ⌄ |
| USPS Tracking Plus™ | ⌄ |
| Product Information | ⌄ |

See Less ⌃

USPS.com® - USPS Tracking® Results

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

D221098533    04/09/2021 03:59 PM    Page: 1 of 12    Fee: $63.00    Submitter: J. Michael Ferguson, P.C.
Electronically Recorded by Tarrant County Clerk in Official Public Records    Mary Louise Nicholson
                                                                              MARY LOUISE NICHOLSON
                                                                              COUNTY CLERK

### Trustee's Deed

**Notice of confidentiality rights: If you are a natural person, you may remove or strike any or all of the following information from any instrument that transfers an interest in real property before it is filed for record in the public records: your Social Security number or your driver's license number.**

Date: 03/02/2021

Trustee: J. Michael Ferguson

Deed of Trust

    Date:      09/21/2010

    Grantor:    JW Construction

    Mortgagee:  Anson Financial, Inc

    Recording information: The Deed of Trust dated 09/21/2010 is filed of record under Instrument Number D210273210, Real Property Records, Tarrant County, Texas.

    Property: See Exhibit "A"

Note

    Date:   The Deed of Trust dated 09/21/2010 is filed of record under Instrument Number D210273210 in the Real Property Records of Tarrant County, Texas.

    Principal amount:    $150,000.00

    Borrower:    JW Construction

    Mortgagee:   Anson Financial, Inc

Date of Sale (first Tuesday of month): 03/02/2021

Time of Sale: 12:56:00 PM

Place of Sale: East Steps of the Courthouse or at place designated by the county commissioners.

| Buyer: | Chany Development, Inc. |
|---|---|
| Buyer's Mailing Address: | 62 Main Street, Suite 300<br>Colleyville, TX 76034 |

Amount of Sale:    $105,928.11

A default existed under the Deed of Trust and Mortgagee or its agent directed Trustee to enforce the trust.

Notices stating the time, place, and terms of sale of the Property were posted and filed and as shown by the Notice of Trustee's Sale attached with a Certificate of Posting to this deed and incorporated in it by this reference. Mortgagee either personally or by agent served notice of the sale to each debtor, as required by section 51.002 of the Texas Property Code. In accordance with that statute and the Deed of Trust, Trustee sold the Property to Buyer, who was the highest bidder at the public auction for $105,928.11. The sale was made on 3/2/2021, began at 10:00:00 AM and was concluded by 12:56 P.M.

Trustee, subject to any prior liens, the right of rescission contained in section 51.016 of the Texas Property Code, and other exceptions to conveyance and warranty in the Deed of Trust and for the $105,928.11 paid by Buyer as consideration, grants, sells, and conveys the Property to Buyer, "AS IS," together with all and singular the rights and appurtenances thereto in any way belonging, to have and to hold it to Buyer and Buyer's heirs, successors, and assigns forever. Trustee binds Grantor and Grantor's heirs and successors to warrant and forever defend all and singular the Property to Buyer and Buyer's heirs, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the prior liens and other exceptions to conveyance and warranty in the Deed of Trust.

TRUSTEE HAS NOT MADE, AND DOES NOT MAKE, ANY REPRESENTATION, EXPRESS OR IMPLIED, WITH RESPECT TO THE PERSONAL PROPERTY, AND THE PERSONAL PROPERTY IS SOLD TO BUYER "AS IS, WHERE IS, AND WITH ALL FAULTS." THERE IS NO WARRANTY RELATING TO TITLE, POSSESSION, QUIET ENJOYMENT, OR THE LIKE IN THIS DISPOSITION OF PERSONAL PROPERTY.

J. Michael Ferguson

D221098533

STATE OF TEXAS          §
COUNTY OF TARRANT       §

This Instrument was acknowledged before me on 4/9/2021 by J. Michael Ferguson.

_____
Notary Public, State of Texas

YVETTE BRISENO
Notary Public, State of Texas
Comm. Expires 05-04-2022
Notary ID 13155481-6

## Exhibit "A"

Lots 2 and 3, Block 47, of Pruitt Subdivision of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 106, Page 90, of the Plat Records of Tarrant County, Texas; Commonly known as 2621 and 2625 Prospect Avenue.

Lot 14, Block 43, of Rosen Heights, First Filing, an addition to the City of Fort Worth, Tarrant County, Texas according not the Map or Plat thereof recorded in/under Volume 106, Page 56, of the Plat Records of Tarrant County, Texas; Commonly known as 2704 Hanna Avenue.

Being the West ½ of Lot 6, Block 46, of M. G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 18, and Volume 308-D, Page 19, of the Plat Records of Tarrant County, Texas; Commonly known as 2704 Holland Street.

Lot 1, Block 70, of North Fort Worth Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 149, of the Plat Records of Tarrant County, Texas; Commonly known as 1301 Lagonda Avenue.

D221098533

## Foreclosure Affidavit

Date: 3/2/2021

Affiant:      J. Michael Ferguson

Deed of Trust

> Date:         09/21/2010
>
> Grantor:      JW Construction
>
> Mortgagee:    Anson Financial, Inc
>
> Recording information: The Deed of Trust dated 09/21/2010 is filed of record under Instrument Number D210273210, Real Property Records, Tarrant County, Texas.

Property: See Exhibit "A"

Affiant on oath swears that the following statements are true and are within the personal knowledge of Affiant:

1.      This affidavit is made with respect to the foreclosure of the Deed of Trust that occurred on 3/2/2021.

2.      Attached to this affidavit is a copy of the Notice of Trustee's Sale, file-stamped by the county clerk's office.

3.      The trustee's sale took place on 3/2/2021 at approximately 12:56:00 PM at the place at the courthouse designated in the or the area designated by the county commissioner's court for foreclosure sales.

4.      Attached to this affidavit is a copy of the letter sent to each debtor obligated to pay the debt at the address required under the Texas Property Code.

4.      At least twenty-one days before the trustee's sale, Affiant, either personally or by agent, served notice of the sale on each debtor, at the address for that debtor as shown by Mortgagee's records, who is: JW Construction. The notice was served on 02/09/2021 by certified mail, postage prepaid, properly addressed to each debtor listed above at the address(es) stated.

D221098533

5.    To the best of Affiant's knowledge, the debtor[s] was/were alive on the date of the trustee's sale.

6.    No debtor is a servicemember in military service, as those terms are defined in 50 U.S.C. § 3911, nor at any time within ninety days preceding the date of the trustee's sale.

_____
J. Michael Ferguson

STATE OF TEXAS              §
COUNTY OF TARRANT          §

This Instrument was acknowledged before me on 4/9/2021 by J. Michael Ferguson.

YVETTE BRISENO
Notary Public, State of Texas
Comm. Expires 06-04-2022
Notary ID 13156481-6

_____
Notary Public, State of Texas

D221098533

Exhibit "A"

Lots 2 and 3, Block 47, of Pruitt Subdivision of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 106, Page 90, of the Plat Records of Tarrant County, Texas; Commonly known as 2621 and 2625 Prospect Avenue.

Lot 14, Block 43, of Rosen Heights, First Filing, an addition to the City of Fort Worth, Tarrant County, Texas according not the Map or Plat thereof recorded in/under Volume 106, Page 56, of the Plat Records of Tarrant County, Texas; Commonly known as 2704 Hanna Avenue.

Being the West ½ of Lot 6, Block 46, of M. G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 18, and Volume 308-D, Page 19, of the Plat Records of Tarrant County, Texas; Commonly known as 2704 Holland Street.

Lot 1, Block 70, of North Fort Worth Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 149, of the Plat Records of Tarrant County, Texas; Commonly known as 1301 Lagonda Avenue.



**Ferguson & Associates, LLC**
ATTORNEYS AT LAW
62 Main St., Suite 310
Colleyville, TX 76034

J. Michael Ferguson
Board Certified
Residential Real Estate

Phone (817) 267-1008
Fax (817) 485-1117
Email: legal@fmlegal.com

January 11, 2021

# NOTICE OF ACCELERATION

Joseph K. Yammine
P.O. Box 11781
Fort Worth, TX 76110

**CERTIFIED MAIL RETURN RECEIPT
REQUESTED AND BY REGULAR MAIL**
7017-2680-0000-9372-0499

Re:    Notice of acceleration of Deed of Trust dated 09/21/2010 in the original principal amount of $150,000, executed by J W Construction and being payable to the order of AFI Mortgage.

Dear Debtor(s):

This letter is being sent to you as a debtor on the indebtedness evidenced by the note described above. You were notified in a letter dated September 6, 2018 that default had occurred in the payment of the note and that the Mortgage Servicer or the Holder of the Note, would accelerate the maturity of the note 20 days from the date of the aforementioned letter unless the default were cured before that time. Because of your failure to cure the default in payment of the note, the maturity date of the note remains accelerated by the Holder. Therefore, all unpaid principal and accrued interest on the note are due and payable at this time. A payoff is attached.

**The payoff amount as shown on the attached payoff must be received in certified funds or by wire no later than 10:00:00 AM on February 2, 2021.**

The note will continue to accrue interest at the rate set forth in the note until paid. Additionally, the note and the deed of trust securing the note provide for reimbursement of reasonable attorney's fees incurred by the holder and beneficiary of these instruments in the collection of the indebtedness owed on the note.

If the amount due is not paid, the lender intends to foreclose the lien under the loan documents in accordance with the enclosed notice of sale. All the obligors of the Debt have the right to reinstate the loan as provided in the Deed of Trust and as provided by applicable Texas Law. All of the obligors have the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and foreclosure which they may have.

D221098533

Unless you dispute the validity of the debt, or any portion thereof, within thirty days from after receipt of this notice, the debt will be assumed to be valid by the undersigned. If you notify the undersigned in writing within thirty days from the receipt of this letter that the debt or any portion thereof is disputed, I will obtain verification of the debt and I will mail a copy of the verification to you. Upon your written request, within the thirty (30) day period for the verification, I will provide you with the name and address of the original creditor. These thirty (30) day periods do not alter, waive, or affect the time for payment set forth above. You shall have the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense you might have to acceleration and foreclosure.

**"Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately."**

*This firm is a debt collector attempting to collect the debt. You are notified that any information you give me will be used in the collection of the debt owed.*

You may contact me at the firm's address for further information concerning the exact amount due and owed on the note and for arranging the payment of your indebtedness.

Demand is hereby made that this indebtedness be paid.

Thank you for your time, consideration and cooperation in this matter. If you have any questions, please feel free to contact me by phone or by email at legal@fnalegal.com.

Sincerely,

J. Michael Ferguson

<div align="center">Notice of Trustee's Sale</div>

Date: 1/11/2021

Original Lender:     R.W Weaver, Inc

Current Holder:     Anson Financial, Inc.

Mortgage Servicer: AFI Loan Servicing, LLC, NMLS No. 1577685

Mortgage Servicer's Address: 62 Main Street, Suite 300, Colleyville, Texas 76034

Note and Security Agreement: A Promissory Note dated 09/21/2010 and being secured by a Deed of Trust in the original amount of $150,000 executed by JW Construction in favor of Original Lender and being filed of record under Instrument Number D210273210, Real Property Records of Tarrant County, Texas.

Property: See Exhibits "A"

County: Tarrant

JAN 12 2021

COUNTY CLERK, TARRANT CO., TEXAS
BY_____DEPUTY

Date of Sale (first Tuesday of month):     2/2/2021

Time of Sale:     10:00:00 AM or within 3 hours of this time.

Place of Sale: East Steps of the Courthouse or at place designated by the county commissioners.

**ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.**

Glenn Weaver is Trustee under the Deed of Trust. Mortgage Servicer has appointed J. Michael Ferguson or Yvette Briseno as Trustees under the Deed of Trust. Mortgage Servicer has instructed Trustee to offer the Property for sale toward the satisfaction of the Note. This foreclosure is being administered by Mortgage Servicer. Mortgage Servicer is representing Mortgagee under a servicing agreement.

**THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE. THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.**

D221098533

Notice is given that on the Date of Sale, Trustees will offer the Property for sale at public auction at the Place of Sale, to the highest bidder for cash, "AS IS." The sale will begin at the Time of Sale or not later than three hours thereafter. This sale will be conducted subject to the right of rescission contained in section 51.016 of the Texas Property Code.

J. Michael Ferguson or
Yvette Briseno
62 Main Street, Suite 310
Colleyville, Texas 76034
Phone (817) 267-1008
Email: legal@fnalegal.com
Trustee/Substitute Trustee

## Certificate of Posting

My name is _Ruby Rios_ and my address is c/o Ferguson & Associates, LLC, 62 Main Street, Suite 310, Colleyville, Texas 76034. I declare under penalty of perjury that on _1/12/2021_ I filed a Notice of Foreclosure with the office of the Tarrant County Clerk and caused to be posted at the place designated for Foreclosure Sale Notices at the Tarrant County Courthouse.

Dated: _1/12/2021_

Declarant's Signature: _____

Declarant's Name: _Ruby Rios_

FILED

JAN 12 2021

COUNTY CLERK, TARRANT CO., TEXAS
BY_____ DEPUTY

D221098533

## Exhibit "A"

Lots 2 and 3, Block 47, of Pruitt Subdivision of M.G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 106, Page 90, of the Plat Records of Tarrant County, Texas; Commonly known as 2621 and 2625 Prospect Avenue.

Lot 14, Block 43, of Rosen Heights, First Filing, an addition to the City of Fort Worth, Tarrant County, Texas according not the Map or Plat thereof recorded in/under Volume 106, Page 56, of the Plat Records of Tarrant County, Texas; Commonly known as 2704 Hanna Avenue.

Being the West ½ of Lot 6, Block 46, of M. G. Ellis Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 18, and Volume 308-D, Page 19, of the Plat Records of Tarrant County, Texas; Commonly known as 2704 Holland Street.

Lot 1, Block 70, of North Fort Worth Addition, an addition to the City of Fort Worth, Tarrant County, Texas according to the Map or Plat thereof recorded in/under Volume 63, Page 149, of the Plat Records of Tarrant County, Texas; Commonly known as 1301 Lagonda Avenue.

FILED

JAN 12 2021

COUNTY CLERK, TARRANT CO., TEXAS
BY_____DEPUTY

### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Joel Garcia on behalf of J. Michael Ferguson
Bar No. 24000644
joel@fnalegal.com
Envelope ID: 60896104
Status as of 1/18/2022 3:14 PM CST

Associated Case Party: Chany Development Inc

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| J. Michael Ferguson | | legal@fnalegal.com | 1/18/2022 11:23:48 AM | SENT |